1  Richard M. Pachulski (CA Bar No. 90073)
   John D. Fiero (CA Bar No. 136557)
2  John W. Lucas (CA Bar No. 271038)
   Pachulski Stang Ziehl & Jones LLP
3  150 California Street, 15th Floor
   San Francisco, California 94111-4500
4  Telephone: 415.263.7000
   Facsimile: 415.263.7010
5  Email:  rpachuslki@pszjlaw.com
           jfiero@pszjlaw.com
6          jlucas@pszjlaw.com

7  Proposed Attorneys for Sedgwick, LLP

8          **UNITED STATES BANKRUPTCY COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
9              **SAN FRANCISCO DIVISION**

10 In re:                          Case No.: _18-31087

11     **SEDGWICK, LLP,**          Chapter 11

12                  Debtor.        **MOTION PURSUANT TO SECTION**
                                   **365(A) OF THE BANKRUPTCY CODE**
13                                 **FOR AN ORDER (I) AUTHORIZING THE**
                                   **DEBTOR (A) TO REJECT UNEXPIRED**
14                                 **NON-RESIDENTIAL REAL PROPERTY**
                                   **LEASES AND (B) TO ABANDON ANY**
15                                 **PERSONAL PROPERTY LOCATED AT**
                                   **SUCH PREMISES, AND (II) FIXING A**
16                                 **BAR DATE FOR CLAIMS OF**
                                   **COUNTERPARTIES**
17

18

19         Sedgwick LLP, the debtor and debtor in possession in the above-captioned case (the

20 "Debtor") hereby submits this motion (the "Motion") for the entry of an order, pursuant to sections

21 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), (a) approving the

22 rejection of the unexpired leases (the "**Leases**") of non-residential real property (the "**Leased**

23 **Premises**") as specified on **Exhibit A** annexed hereto and the proposed order, (b) authorizing the

24 Debtor to abandon any personal property located at the Leased Premises, and (c) fixing a bar date to

25 file claims, if any, of the counterparty to the rejected Leases.  In support of this Motion, the Debtors

26 respectfully state as follows:

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# I.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for the relief requested herein are sections 105(a), 365, and 554(a) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

# II.

## BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. As of December 31, 2017, the Debtor discontinued providing legal services as a law firm and on January 1, 2018, the Debtor by way of its dissolution committee commenced winding down the firm. In that context, the Debtor continues to operate its business and manage properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this chapter 11 case, and no official committee has yet been appointed by the Office of the United States Trustee.

The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the commencement of its chapter 11 case, is set forth in detail in the *Declaration of Gregory C. Read in Support of First Day Motions* (the "**Read Declaration**") filed concurrently herewith and incorporated herein by reference.

# III.

## THE REJECTED LEASES

Because the Debtor discontinued providing legal services and commenced winding down the firm, the Debtor determined that it has no further use for the Leased Premises. In the Fall of 2017, the Debtor, through counsel, embarked on a process to terminate the Leases on terms that were mutually agreeable with respective landlords. In certain instances, the Debtor reached and entered

Case: 18-31087   Doc# 5   Filed: 10/02/18   Entered: 10/02/18 12:32:00   Page 2 of 13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

into termination agreements that were fully performed prior to the commencement of this case. In other instances, the Debtor either entered into lease termination agreements that were not fully performed or had not formally terminated the lease. The Debtor, however, turned over and removed any personal property of value from all of the Leased Premises well before the Petition Date. As of the Petition Date, the Debtor is no longer occupying any of the Leased Premises. However, certain subtenants might being using certain of the Leased Premises. For the avoidance of doubt, the Leases subject to this Motion include all of the subleases that the Debtor was party to as of the Petition Date. In the end, the Debtor is seeking to reject the Leases to ensure that no administrative claims accrue after the Petition Date.

Therefore, the Debtor, in the exercise of its business judgment, has determined to reject the Leases for each of the Leased Premises as described in **Exhibit A** annexed hereto, effective as of the Petition Date, October 2, 2018 (the "**Rejection Effective Date**"):

**IV.**

**RELIEF REQUESTED**

By this Motion, the Debtor seeks the entry of an order (a) approving the rejection of the Rejected Leases, identified above and on **Exhibit A** annexed hereto, effective on the Rejection Effective Date, (b) authorizing the Debtor to abandon any personal property located at the Leased Premises on the Rejection Effective Date, and (c) fixing a bar date for claims arising from the rejection, if any, of the counterparties.

**V.**

**BASIS FOR RELIEF REQUESTED**

A.      **Rejected Leases**

Section 365(a) permits a debtor to assume or reject an executory contract or unexpired lease upon the authority of the Court after notice and a hearing.  The question of whether a contract or lease should be rejected, and, if not, on what terms it should be assumed, is one of business judgment. *See Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R. Co.,* 318 U.S. 523, 550 (1943), rehearing denied, *Group of Institutional Investors v. Abrams*, 318 U.S. 803 (1943).  Under the Bankruptcy Code, most courts have applied the business judgment test to the

decision to assume or reject a contract or lease. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *Richmond Leasing Co. v. Capital Bank N.A.*, 762 F.2d 1303 (5th Cir. 1985); *see also Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007); *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.),* 204 F.3d 1276, 1281 (9th Cir. 2000) ("a bankruptcy court applies the business judgment rule to evaluate a trustee's rejection decision"). The Ninth Circuit Bankruptcy Appellate Panel has stated the standard by which debtors should exercise their business judgment as follows: "What are the criteria which the court and the trustee [debtor in possession] should legitimately consider in exercising their 'business judgment?' The primary issue is whether [assumption or] rejection would benefit the general unsecured creditors." *Robertson v. Pierce (In re Chi-Feng Huang),* 23 B.R. 798, 801 (9th Cir. B.A.P. 1982).

It is settled in the Ninth Circuit that a bankruptcy court may approve retroactive rejection of executory contracts or unexpired leases.  In *In re At Home Corp.,* 392 F.3d 1064, 1065 (9th Cir. 2004), the Ninth Circuit held, in approving rejection of a nonresidential property lease, that retroactive rejection is within a bankruptcy court's equitable powers "when 'necessary or appropriate to carry out the provisions of' § 365(d)." *Id.* at 1071; *see also* 10 COLLIER ON BANKRUPTCY ¶ 6006.01[3] (16th ed. rev. 2011) (noting that the "new majority view" is to allow "retroactive application of an order of rejection, back to the date that the motion was filed, based on equitable considerations.").

The Debtor seeks to reject the Leases, in accordance with principles of sound business judgment, based on the belief that the Debtor no longer occupies any of the Leased Premises and could not provide any benefit to the Debtor or its estate. Thus, if the Leases were not terminated prior to the Petition Date, they would burden the Debtor and its estate if they would accrue unnecessary administrative expense claims without any corresponding benefit. As set forth above, the Debtor has no further use for the Leased Premises and the Leases no longer provide any economic benefit to the Debtor in connection with wind down of the firm, and the Debtor turned over possession of the Leased Premises well before the Petition Date.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 18-31087    Doc# 5    Filed: 10/02/18    Entered: 10/02/18 12:32:00    Page 4 of 13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Additionally, the Debtor has determined, in its reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Leases for more than one reasons: (a) the Debtor would have to pay rent while it marketed the sale and assignment of the Leases and (b) the Debtor is no longer in possession of any the Leased Premises so it would be impossible to assume and assign the Leases in exchange for any benefit. Plus, there is no guarantee the Debtor would find an acceptable assignee and the Debtor believes it is more prudent to reject the Leases immediately so that cash is not needlessly used for what could otherwise be used to fund this administration of this case and distributions to general unsecured creditors.[1]  As a result, the Debtor has determined that the cost of performing their obligations under the Rejected Lease and incurring unnecessary administrative expenses will exceed any realistic sales price.  Thus, the Debtor submits that rejection of the Leases is in the best interests of the Debtor's estate and creditors, and other parties in interest.

Rejection of the Leases, as proposed herein, is well within the business judgment rule and will benefit the estate. The Leased Premises have been vacated and are of no further use to the Debtor. Rejection will benefit the estate because it frees it from burdensome obligations that do not promote a successful reorganization of the Debtor.  *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528, 104 S. Ct. 1188, 1997 (1984); *see also In re Rega Properties, Ltd.,* 894 F.2d 1136, 1140 (9th Cir. 1990).

The Debtor may have claims against the counterparties to the Leases arising under, or independently of, the Leases.  The Debtor does not waive such claims by the filing of this Motion or by the rejection of the Leases.

**B.** **Abandonment of Personal Property**

In addition, the Debtor seeks authority to abandon any owned personal property located at the Leased Premises on the Rejection Effective Date, as is, where is, in accordance with section 554(a) of the Bankruptcy Code.  Section 554(a) provides that "[a]fter notice and a hearing, the

---

[1]  The Debtors reserve all of their rights with respect to the determination of whether the Rejected Lease has been or will have been terminated or breached.  In either event, the Debtors do not believe that assumption of the Rejected Lease is in the best interests of their estates or their creditors and thus seek to reject the Rejected Lease pursuant to this Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

Prior to the Debtor's prepetition abandonment of the Leased Premises, the Debtor removed any personal property that had value (including all client files) and returned any leased equipment or property owned by third parties. The Debtor believes that the costs associated with liquidating any personal property assets remaining at the Leased Premises on the Rejection Effective Date will likely approach or exceed the value of such assets. Accordingly, the Debtor believes that the personal property at the Leased Premises, if any, has inconsequential value to the estate and should be abandoned as of the Rejection Effective Date.

## C. **Claims Bar Date**

As set forth above, the counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the Rejected Leases. The Debtor further request by this Motion that the Court fix a claims bar date with respect to the Rejected Leases the later of (a) twenty-eight (28) days after the entry of an order granting the relief requested in this Motion or (b) the deadline set by the Court to file claims against the Debtor's estate.

Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty-one (21) days notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

The Debtor requests that the Court, in accordance with Bankruptcy Rule 3003(c)(3), establish a bar date by which the counterparties to the Leases must file any claims the later of (a) twenty-eight (28) days after the entry of an order granting the relief requested in this Motion or (b) the deadline set by the Court to file claims against the Debtor's estate.

The Debtor will give notice of such bar date to the counterparties by service of any order approving this Motion and fixing such bar date. The Debtor will serve such order within three (3) business days of its entry, thereby satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Debtor reserves any and all rights to object to any rejection damage claims or any other claims filed by the Counterparty.

## VI.

## NOTICE

Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the Northern District of California (San Francisco Division), (b) creditors holding the twenty largest unsecured claims against the Debtor as identified in the Debtor's petition, or their legal counsel (if known); (c) the counterparties to the Leases, or their counsel if known; and (d) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## VII.

## NO PRIOR REQUEST

No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, (a) approving the rejection of the Leases, identified in **Exhibit A** annexed hereto and the proposed order, effective on the Rejection Effective Date, (b) authorizing the Debtors to abandon any personal property located at the Leased Premises on the Rejection Effective Date, (c) fixing a bar date for claims, if any, of the counterparty to the Leases the later of (a) twenty-eight (28) days after the entry of an order granting the relief requested in this Motion or (b) the deadline set by the Court to file claims against the Debtor's estate, and (d) granting such other and further relief as the Court deems appropriate.

Dated:  October 2, 2018          PACHULSKI STANG ZIEHL & JONES LLP


                                 By: */s/ John W. Lucas*
                                 _____
                                     John W. Lucas

                                 Proposed Attorneys for Sedgwick, LLP

# EXHIBIT A

(Rejected Leases)

DOCS_SF:96129.2 77998/001

| Leased Premises | Counter Party | Rejection Effective Date |
|---|---|---|
| 801 South Figueroa<br>17th, 18th, and 19th Floors<br>Los Angeles, CA 90017<br><br>**(Primary Lease)** | CPF 801 Tower, LLC<br>c/o Barings LLC<br>2321 Rosecrans Ave. Suite 4225<br>El Segundo, CA 90245<br><br>Sheppard Mullin Richter & Hampton LLP<br>Attn: Alan M. Feld<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071-1422<br>AFeld@sheppardmullin.com \| Bio<br><br>Jeff Hermann<br>Orrick, Herrington & Sutcliffe LLP<br>777 South Figueroa St., Ste. 3200<br>Los Angeles, CA 90017-5855<br>Fax: 213.612.2499<br>Email: jhermann@orrick.com | |
| 801 South Figueroa<br>Portion of 18th Floor, Ste. 1850<br>Los Angeles, CA 90017<br><br>**(Sublease)** | Kathy A. Dockery, Chapter 13 Trustee<br>801 South Figueroa Street, Suite 1850<br>Los Angeles, California 90071 | |
| North Tower<br>2900 K Street, N.W.<br>Suite 500<br>Washington D.C. 20007<br><br>**(Primary Lease)** | Lano/Armada Harbourside, L.L.C.<br>222 Central Park Avenue Suite 2100<br>Virginia Beach, VA 23462<br><br>John D. McIntyre<br>Wilson & McIntyre<br>101 West Main Street, Suite 920<br>Norfolk, VA 23510<br>Fax: 757.961.3966<br>Email: jmcintyre@wmlawgroup.com | |
| North Tower<br>2900 K Street, N.W.<br>Portion of 5th Floor<br>Washington D.C. 20007<br><br>**(Sublease)** | Cowen Group, Inc.<br>2900 K Street NW<br>Washington, D.C. 20007 | |

# **EXHIBIT B**

(Proposed Order)

DOCS_SF:96129.2 77998/001

Richard M. Pachulski (CA Bar No. 90073)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: rpachuslki@pszjlaw.com
        jfiero@pszjlaw.com
        jlucas@pszjlaw.com

Proposed Attorneys for Sedgwick, LLP

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 18-31087 |
| SEDGWICK, LLP, | Chapter 11 |
| Debtor. | **ORDER (I) AUTHORIZING THE DEBTORS (A) TO REJECT UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES AND (B) TO ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH PREMISES, AND (II) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES** |

Upon the *Motion Pursuant to Section 365(a) of the Bankruptcy Code for an Order (I) Authorizing the Debtors (a) to Reject Unexpired Non-Residential Real Property Leases and (b) to Abandon any Personal Property Located at Such Premises, and (II) Fixing a Bar Date for Claims of Counterparties* [Docket No.___](the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor"); and it appearing that the relief requested is in the best interests of the Debtor's estate and creditors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The Leases listed on **<u>Exhibit A</u>** attached hereto are rejected effective October 2, 2018.

3. The Debtor is authorized to abandon any personal property located in the Leased Premises underlying the Leases pursuant to section 554(a) of the Bankruptcy Code.

4. The Debtor shall serve this Order on the counterparties to the Leases within three (3) business days of the entry of this Order.

5. The later of (a) twenty-eight (28) days after the entry of an order granting the relief requested in this Motion or (b) the deadline set by the Court to file claims against the Debtor's estate is hereby fixed as the bar date by which the Counterparty must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such rejected Leases or the rejection, breach, or termination of such Leases, failing which such claim(s) shall be forever barred.

6. The Debtor reserves all rights to contest any rejection damages or any other claim(s) filed by the counterparties and to contest the characterization of the Leases as executory or not, and "true" contract or not, and to contest whether such Leases may have terminated prior to the Petition Date, or otherwise.

7. The Debtor does not waive any claims that they may have against the counterparties, whether or not such claims are related to the Leases.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**\*\*\* END OF ORDER \*\*\***

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# **EXHIBIT A**

(Rejected Leases)

DOCS_SF:96129.2 77998/001