Richard M. Pachulski (CA Bar No. 90073)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: rpachuslki@pszjlaw.com
    jfiero@pszjlaw.com
    jlucas@pszjlaw.com

Attorneys for Sedgwick, LLP

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**SEDGWICK, LLP,**<br><br>Debtor. | Case No.: 18-31087 (HLB)<br><br>Chapter 11<br><br>**MOTION FOR ORDER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing Date:**<br>Date:     January 24, 2019<br>Time:    10:00 a.m.<br>Place:    United States Bankruptcy Court<br>            450 Golden Gate Avenue, 16th Floor<br>            Courtroom 19<br>            San Francisco, California 94102<br>Judge:   Honorable Hannah L. Blumenstiel |

**I.**

**BACKGROUND**

**A.    Jurisdiction and Venue**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for proceedings on this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## B. General Background

On October 2, 2018 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property and is managing its affairs and operating its business as debtor in possession. On October 14, 2018, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "***Committee***"). *See* [Docket No. 37].

## C. The Plan Filing and Solicitation Deadlines

Under section 1121 of the Bankruptcy Code, the Debtor has the exclusive right to file a plan for the 120 days after the Petition Date and the exclusive right to solicit acceptances thereto for the 180 days after the Petition Date.

## II.
## RELIEF REQUESTED

By this Motion, the Debtor, pursuant to section 1121(d) of the Bankruptcy Code, is seeking entry of an order (a) extending the exclusive periods to file and solicit a plan through and including March 30, 2019 and June 29, 2019, respectively, (b) preserving the right to seek further extensions upon cause, and (c) any other relief that is necessary and proper. This Motion is based upon this Motion and Memorandum of Points and Authorities, the Notice of Motion, and the Declaration of Gregory C. Read (the "***Read Declaration***"), attached hereto as **Exhibit A**, all pleadings and papers on file in this case, the oral argument of counsel, and any evidence submitted to the Court prior to or during the hearing on this Motion.

## III.
## ARGUMENT

Section 1121(d) of the Bankruptcy Code authorizes bankruptcy courts to extend the exclusive periods to file a plan and solicit votes (the **"Exclusive Periods"**) "for cause" after notice and a hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (*quoting* H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in*

1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility").

To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

Courts have relied on a variety of factors when determining whether cause exists for an extension of the Exclusive Periods, each of which may provide sufficient grounds for extending the Exclusive Periods. These factors include (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate and prepare adequate information, (c) the existence of good faith progress toward reorganization, (d) whether the debtor is paying its debts as they come due, (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (f) whether the debtor has made progress in negotiating with creditors, (g) the length of time the case has been pending, (h) whether the debtor is seeking the extension to pressure creditors, and (i) whether unresolved contingencies exist. *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997). In assessing a debtor in possession's first request for an extension of the Exclusive Periods under section 1121(d), "bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied." *In re Apex Pharmaceuticals, Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996).

Under these standards, cause has been found to extend the Exclusive Periods where the debtor has worked diligently to propose a plan, the case is large and complex and the extension was neither indefinite nor used to force a creditor to accept an undesirable plan. *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (affirming an extension for one and one half years where the debtor had not yet proposed a plan acceptable to creditors, but progress had been made); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (the pace of the turnaround effort had been reasonably rapid, even though the debtor had produced only losses and

the ultimate success of the turnaround efforts was as yet unknowable); *In re Texaco, Inc.*, 76 B.R. at 327 (where the extension was not for the purpose of allowing the debtor to prolong reorganization while pressuring a creditor to accept an undesirable plan); *In re Texaco, Inc.*, 81 B.R. 806, 812-13, (Bankr. S.D.N.Y. 1987) (granting subsequent extension where several constituencies supported debtor's plan, there was no evidence the debtor was using the extension to pressure acceptance of the plan, and there was no evidence the plan violated any requirements under section 1123 of the Bankruptcy Code).

Applying these standards, the Ninth Circuit Bankruptcy Appellate Panel affirmed the extension of exclusivity where the bankruptcy court "saw the situation as: (a) a first extension; (b) in a complicated case; (c) that had not been pending for a long time, relative to its size and complexity; (d) in which the debtor did not appear to be proceeding in bad faith; (e) had improved operating revenues so that it was paying current expenses; (f) had shown a reasonable prospect for filing a viable plan; (g) was making satisfactory progress negotiating with key creditors; (h) did not appear to be seeking an extension of exclusivity to pressure creditors; and (i) was not depriving the Committee of material or relevant information." *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. BAP 2002). The panel further noted: "We also agree with the *Dow Corning* court that a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *Id.* (citing *In re Dow Corning*, 208 B.R. at 670).

The Debtor believes that cause exists to grant the requested relief for the following reasons. <u>First</u>, the Debtor is engaged with the Committee. On October 10, 2018, the Office of the United States Trustee appointed the Committee. On October 19, 2018, the Committee retained counsel. Immediately after the Committee's selection of counsel, the Debtor and its advisors began communicating and exchanging information with the Committee and its advisors. In that regard, the Debtor shared drafts of accounts receivable procedures and client file disposition procedures with the Committee, who provided comments that the Debtor agreed to incorporate. In addition, the Debtor scheduled an in-person meeting with the Committee and its advisor for November 14, 2018 where the parties would discuss the Debtor's analysis of potential clawback claims against the

Debtor's former equity partners. At that time, the Committee elected to postpone the meeting and made an informal document request regarding the Debtor's financial affairs and distributions made to former equity partners. The Debtor produced information responsive to the Committee' document request. Subsequently, the parties met in-person on December 17, 2018, and produce additional information regarding distributions to former equity partners. At the time of filing this Motion, the Committee and its professionals are reviewing the information the Debtor provided. The Debtor expects that the Committee and its advisors will have follow up questions regarding the information produced. The Debtor believes that a resolution regarding the potential partner claw backs will form the basis of any plan of liquidation. The Debtor expects the Committee and its advisors to respond and/or schedule another in-person meeting so that the parties can advance the discussion regarding these claims.

Second, the Debtor has been actively engaged in administering its chapter 11 case in other ways too. For example, the Debtor obtained authority to implement collection procedures regarding its outstanding accounts receivable. The Debtor's schedules reflect that as of the Petition Date that approximately $1,000,000 accounts receivables will likely be collected. As of the filing of this Motion, the Debtor has collected nearly $300,000. Plus, the Debtor and its advisors have served approximately sixty demand letters on former clients to pay outstanding invoices, which have a face amount over $1.25 million. The Debtor also obtained authorization to implement disposition procedures regarding the files of former clients. The Debtor has approximately 170,000 client files in storage. The Debtor has been in the process of notifying former clients to retrieve their files or direct the Debtor how to dispose of them.

Third, the Debtor's case has not been pending for a very short period of time, less than 100 days.

Fourth, the Debtor is paying its debts as the come due and filing its monthly operating reports.

Fifth, this Motion constitutes the Debtor's first request to extend the plan exclusivity periods. The Debtor requests an extension of the exclusive periods to file a plan and solicit acceptances thereof through and including March 30, 2019 and June 29, 2019, respectively (*i.e.*, for ninety (90)

days). The relief requested is not a delay tactic or a means to pressure the Committee or creditors. In fact, the Debtor believes that additional time is necessary so that the Debtor and the Committee can attempt to resolve the potential partner claw back claims consensually and also negotiate the terms of plan.

Based on the foregoing, the Debtor submits that good cause exists for the relief requested herein and that such relief is in the best interest of the estate.

## IV.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, in the form annexed hereto as **Exhibit B**, (a) extending the Debtor's exclusive period to file a plan through and including March 30, 2019; (b) extending the Debtor's exclusive period to solicit acceptance of such plan through and including June 29, 2019; and (c) granting such other and further relief as the Court deems proper.

Dated: December 27, 2018     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ John W. Lucas*
John W. Lucas

Attorneys for Sedgwick, LLP

# EXHIBIT A

**(Read Declaration)**

Richard M. Pachulski (CA Bar No. 90073)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: rpachulski@pszjlaw.com
          jfiero@pszjlaw.com
          jlucas@pszjlaw.com

Proposed Attorneys for Sedgwick, LLP

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**SEDGWICK, LLP**,<br><br>Debtor. | Case No.: 18-31087 (HLB)<br><br>Chapter 11<br><br>**DECLARATION OF GREGORY C. READ IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT PROCEDURES FOR COMPROMISING ACCOUNTS RECEIVABLE**<br><br>Date: January 24, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>　　　 Courtroom 19<br>　　　 San Francisco, CA 94102<br>Judge: Honorable Hannah L. Blumenstiel |

I, Gregory C. Read, declare as follows:

I am a member of Sedgwick LLP's (the "*Debtor*") dissolution committee. Prior to my appointment to the dissolution committee, I was a non-equity partner. During my career, I had been a non-equity partner for approximately 10 years, an equity partner for 32 years, and an attorney at the Debtor. My background is further detailed in my declaration in support of first day motions [Docket No. 2], which is incorporated herein by reference. I make this declaration in support of the *Debtor's Motion for Order Extending the Time Periods During Which the Debtor Has the Exclusive*

*Right to File a Plan and to Solicit Acceptances Therof Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Motion**").[1]

If called as a witness, I could and would testify from my own personal knowledge with respect to the matters set forth in this Declaration, except as otherwise stated. Except as otherwise noted, this Declaration is based upon my personal knowledge of the operations and finances of the Debtor, information learned from my review of relevant documents and information supplied to me by the Debtor and Debtor's other advisors, information provided to me by other advisors of the Debtor, and records kept in the ordinary course of business by the Debtor.

On October 2, 2018 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of its property and is managing its affairs and operating its business as debtor in possession.

By the Motion, the Debtor, pursuant to section 1121(d) of the Bankruptcy Code, is seeking entry of an order (a) extending the exclusive periods to file and solicit a plan through and including March 30, 2019 and June 29, 2019, respectively, (b) preserving the right to seek further extensions upon cause, and (c) any other relief that is necessary and proper.

I believe that cause exists to grant the requested relief for the following reasons. First, the Debtor is engaged with the Committee. On October 10, 2018, the Office of the United States Trustee appointed the Committee. On October 19, 2018, the Committee retained counsel. Immediately after the Committee's selection of counsel, the Debtor and its advisors began communicating and exchanging information with the Committee and its advisors. In that regard, the Debtor shared drafts of accounts receivable procedures and client file disposition procedures with the Committee, who provided comments that the Debtor agreed to incorporate. In addition, the Debtor scheduled an in-person meeting with the Committee and its advisor for November 14, 2018 where the parties would discuss the Debtor's analysis of potential clawback claims against the Debtor's former equity partners. At that time, the Committee elected to postpone the meeting and made an informal document request regarding the Debtor's financial affairs and distributions made to former equity

---

[1] Capitalized words not defined herein have the meanings used in the Motion.

DOCS_SF:98627.1 77998/002

2

partners. The Debtor produced information responsive to the Committee' document request. Subsequently, the parties met in-person on December 17, 2018 (including me and one other member of the dissolution committee), and produce additional information regarding distributions to former equity partners. At the time of filing this Motion, the Committee and its professionals are reviewing the information the Debtor provided. I expect that the Committee and its advisors will have follow up questions regarding the information produced. I believe that a resolution regarding the potential partner claw backs will form the basis of any plan of liquidation. I further expect the Committee and its advisors to respond and/or schedule another in-person meeting so that the parties can advance the discussion regarding these claims.

<u>Second</u>, the Debtor has been actively engaged in administering its chapter 11 case in other ways too. For example, the Debtor obtained authority to implement collection procedures regarding its outstanding accounts receivable. The Debtor's schedules reflect that as of the Petition Date that approximately $1,000,000 accounts receivables will likely be collected. As of the filing of this Motion, the Debtor has collected nearly $300,000. Plus, the Debtor and its advisors have served approximately sixty demand letters on former clients to pay outstanding invoices, which have a face amount over $1.25 million. The Debtor also obtained authorization to implement disposition procedures regarding the files of former clients. The Debtor has approximately 170,000 client files in storage. The Debtor has been in the process of notifying former clients to retrieve their files or direct the Debtor how to dispose of them.

<u>Third</u>, the Debtor's case has not been pending for a very short period of time, less than 100 days.

<u>Fourth</u>, the Debtor is paying its debts as the come due and filing its monthly operating reports.

<u>Fifth</u>, this Motion constitutes the Debtor's first request to extend the plan exclusivity periods. The Debtor requests an extension of the exclusive periods to file a plan and solicit acceptances thereof through and including March 30, 2019 and June 29, 2019, respectively (*i.e.*, for ninety (90) days). The relief requested is not a delay tactic or a means to pressure the Committee or creditors. In

fact, I believe that additional time is necessary so that the Debtor and the Committee can attempt to resolve the potential partner claw back claims consensually and also negotiate the terms of plan.

Based on the foregoing, I submit that good cause exists for the relief requested herein and that such relief is in the best interest of the estate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 27, 2018, in San Francisco, California.

_____
Gregory C. Read
Member of Dissolution Committee

# **EXHIBIT B**

# **(Proposed Order)**

DOCS_SF:98627.1 77998/002

Richard M. Pachulski (CA Bar No. 90073)
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: rpachulski@pszjlaw.com
jfiero@pszjlaw.com
jlucas@pszjlaw.com

Attorneys for Sedgwick, LLP

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**SEDGWICK, LLP,**<br><br>Debtor. | Case No.: 18-31087 (HLB)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**ORDER GRANTING MOTION EXTENDING THE TIME PERIODS DURING WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE** |

Upon the *Motion for Order Extending the Time Periods During Which the Debtor Has the Exclusive Right to File a Plan and to Solicit Acceptances Therof Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Motion**")[1] seeking an extension of the time to file and solicit acceptances of a plan, as set forth in greater detail in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and all other parties in interest; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having considered the Motion, all pleadings and papers filed in

---
[1] Capitalized terms not defined herein shall have the meanings used in the Motion.

connection with the Motion, and the arguments of counsel and evidence proffered at the hearing on the Motion; after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

    **1.**    The Motion is **GRANTED**.

    **2.**    The Debtor's exclusive right to file a plan is extended through and including March 30, 2019.

    **3.**    The Debtor's exclusive right to solicit acceptances from creditors for their plan is extended through and including June 29, 2019.

    **4.**    The relief granted herein shall not prejudice the Debtor from seeking further extensions upon a showing of cause or parties in interest from seeking to shorten or terminate the Debtor's exclusive rights to file and solicit acceptances of a plan upon a showing of cause.

    **5.**    The Court retains jurisdiction to interpret and enforce the terms of this Order.

# # #