Stephen D. Finestone (125675)
Jennifer C. Hayes, (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel. (415) 616-0466
Fax (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Douglas E. Wance

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>**SEDGWICK, LLP,**<br><br>Debtor. | CASE NO. 18-31087 (HLB)<br><br>Chapter 11<br><br>**DOUGLAS E. WANCE'S MOTION FOR ORDER GRANTING CLAIM NUMBER 77 AS DEEMED TIMELY FILED; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Filed Concurrently with Declaration of Sandor T. Boxer<br><br>Date:   March 21, 2019<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>          450 Golden Gate Avenue<br>          Courtroom 19<br>          San Francisco, California 94102<br><br>Judge:   Hon. Hannah L. Blumenstiel |

3551171.1

DOUGLAS E. WANCE'S MOTION FOR ORDER GRANTING CLAIM NUMBER 77 AS DEEMED TIMELY FILED; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 18-31087    Doc# 157    Filed: 02/21/19    Entered: 02/21/19 09:35:40    Page 1 of 6

# I.

# SUMMARY OF RELIEF SOUGHT

Douglas E. Wance ("Mr. Wance" or "Creditor") requests that the Court enter an order deeming as timely filed his proof of claim (Claim No. 77), which was filed nine days after the bar date due to the excusable neglect of his bankruptcy counsel, Sandor T. Boxer ("Mr. Boxer"), who failed to properly calendar the deadline. As set forth below, Mr. Wance meets the standard for excusable neglect. Allowing the late-filed claim will not cause prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings was de minimis, the reason for the delay was the miscalendaring of Mr. Wance's counsel, and the conduct that led to the late filing of the claim was due to an innocent mistake, and not bad faith.

# II.

# FACTS

Mr. Wance was formerly employed by the Debtor, Sedgwick, LLP, as an attorney. Following his departure from the Debtor in late 2011, he became affiliated with the Buchalter law firm in Orange County. In 2013, Mr. Wance and the Debtor (among others) were sued in the Los Angeles County Superior Court for services, rendered in part, while Mr. Wance was employed by the Debtor. *See* First Amended Complaint attached as Exhibit A, and the concurrently filed Declaration of Sandor T. Boxer ("Boxer Declaration"). Trial is currently set for May 2019. To the extent that the actions of Mr. Wance were within the course and scope of his employment with Debtor, California law provides him a right of indemnification both for any judgment rendered against him as well as his costs of defense. *See* Cal. Labor Code § 2802.

The Plaintiff asserts damages (jointly and severally) against Mr. Wance for his actions while employed by Debtor currently totaling $3,610,200.96, and Mr. Wance estimates his claim for indemnification for the costs of defense at $625,000. (Boxer Declaration, Exhibit 1, Claim No. 77, Attachment Page 1).

The deadline established for the filing of proofs of claim in this bankruptcy case was January 22, 2019. Mr. Wance's bankruptcy counsel, Mr. Boxer, failed to properly calendar the deadline due to inadvertence and did not realize his error until January 28, 2019. After

3551171.1

DOUGLAS E. WANCE'S MOTION FOR ORDER GRANTING CLAIM NUMBER 77 AS DEEMED TIMELY
FILED; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 18-31087    Doc# 157    Filed: 02/21/19    Entered: 02/21/19 09:37:40    Page 2 of 6

consultations with Mr. Wance and state court counsel for Mr. Wance, Mr. Wance's proof of claim was filed on January 31, 2019 as Claim Number 77, nine days after the January 22, 2019 proof of claim deadline.

## III.

## ARGUMENT

**A. Upon a showing of excusable neglect, Mr. Wance is entitled to relief from the late filing of his proof of claim.**

The need for and time to file a proof of claim in a Chapter 11 case is set by Bankruptcy Rule 3003 and Bankruptcy Local Rule 3003-1. The proof of claim filing deadline in this case was January 22, 2019. The Supreme Court has held that, because the deadline for the timely filing of a proof of claim in a Chapter 11 case is set by the Court and not by statute, if the failure to timely file the proof of claim was caused by excusable neglect, the claim can, upon a showing of cause, still be deemed timely. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U. S. 380 (1993).

In *Pioneer*, the creditor's attorney received a notice from the Court of a bar date of August 9, 1989, which was included in the original case commencement notice. The attorney, an experienced bankruptcy attorney, misapprehended the fact of the bar date having been set and failed to timely file his client's claims. On August 23, 1989 (two weeks late), the creditor filed the proofs of clams along with a motion for the Court to permit the late filing. In the motion, the attorney asserted that the late filing was caused by a disruption in his law practice arising from withdrawal from of his prior firm. *Id*. at 384-5.

Following two trips through the appellate process, the Supreme Court granted certiorari to resolve a conflict of the meaning of excusable neglect. *Id.* at 387.

Initially, the Supreme Court rejected any notion that the error to be excused need be the result of circumstances beyond the control of the moving party; concluding that "by empowering the courts to accept late filings

> where the failure to act was the result of excusable neglect, Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by

3551171.1

2

Case: 18-31087 Doc# 157 Filed: 02/21/19 Entered: 02/21/19 09:35:40 Page 3 of 6

DOUGLAS EDWARD WANCE'S MOTION FOR ORDER GRANTING CLAIM NUMBER 40 AS DEEMED TIMELY FILED; MEMORANDUM OF POINTS AND AUTHORITIES

> inadvertence, mistake or carelessness, as well by intervening circumstances beyond the party's control.

*Id.* at 388.

The Court concluded in discussing what "neglect" is "excusable" as follows:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395.

Ultimately, the majority found that the lack of any prejudice to the Debtor or to the judicial administration of the underlying case and the lack of any bad faith by the creditor overrode any conclusion that the neglect was other than excusable. *Id.* at 398-9.

Collier summarizes the holding in *Pioneer* as follows:

> [A]fter the passage of the bar date, an extension may be granted upon a showing of cause. Although Rule 3003(c)(3) specifies that the time for filing a proof of claim may be extended for cause, the Supreme Court has adopted the excusable neglect standard without considering whether Rule 3003(c)(3) provides for a test different from Rule 9006(b). However, as interpreted by the Court, application of the excusable neglect standard includes consideration of factors, such as prejudice to the debtor, which some courts had previously determined to be beyond the scope of the Rule 9006(b) analysis.

9 Collier on Bankruptcy, p. 3003.03 (2019).

The factors set forth in *Pioneer* are commonly stated as: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. 507 U.S. at 395." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004), *M.D. v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640 (9th Cir. 2016) (decided under Fed. R. Civ. P. 60(b)(1).) These factors support an order permitting Claim Number 77 to be timely filed.

**B.  There is no danger of prejudice to the non-moving party.**

This proceeding is a liquidating Chapter 11. There is currently nothing pending before the Court that appears to be dependent on whether Mr. Wance did or did not timely file a claim. To the contrary, in its latest Status Report the Debtor stated it "does not have a defined time line to file a plan." (Dkt. #151, p.2: 12, Second Status Conf. Report, filed February 6, 2019). While granting the present motion may ultimately lead to a greater amount of creditor claims, and thus a lesser recovery to other creditors, that possibility does not mitigate against lack of prejudice. ("Generally speaking, prejudice is not established just because a creditor's dividend will be reduced to the amount it would have received if a late action had been timely." *In re Any Mt., Inc.* (2007 Bankr. LEXIS 712, 2007 WL 622198 at *4, (N.D. Cal. 2007) citing *Arnold v. Gill*, 252 B. R. 778 (9th Cir. BAP 2000)).

**C.  The nine-day delay will have no impact on the judicial proceedings.**

The Creditor filed his claim nine days late. This is a liquidating Chapter 11 and the efforts of the parties have been generally aimed at the recovery of assets. Neither the Debtor nor the Creditors Committee appear to have yet turned their attention to the propriety of the claims that have been filed.

**D.  The late filing was caused by the error of Creditor's bankruptcy counsel, an error that was within the control of counsel and arose from an inadvertent calendaring mistake that thereafter precluded timely filing.**

The concurrently filed Boxer Declaration sets forth facts confirming that the late filing of Claim Number 77 was due to excusable neglect. The Declaration states, *inter alia*:

1.  Mr. Boxer's law office practice uses a rigorous computerized calendaring system to record deadlines and provide timely reminders of the deadlines, a system that he has successfully used and depended upon for decades.

2.  The system depended upon an initial input of the relevant data to bring the deadlines within the system and thereafter provide timely reminders of the deadlines.

3.  Due to an inadvertent calendaring mistake by Mr. Boxer, the relevant data regarding the deadline in the present case did not, in fact, get entered into the system.

4.  Mr. Boxer was unaware of the failure to enter the deadline into the calendaring

system until after the deadline had, in fact, passed.

5. Once the error of missing the deadline occurred, the Creditor moved promptly to file his claim, nine days after the bar date.

These facts clearly meet the showing of sufficient "cause" set forth by *Pioneer* and Rule 9006(b)(1). By way of comparison, counsel's calendaring error which led to missing the deadline to file an amended complaint by six days, was found to be the kind of error within Rule 9006(b)(1) for which relief should be granted. *They Might Be, Inc. v. Carter (In re Carter)*, 2015 Bankr. LEXIS 3725 (Bankr. M.D. Fla. 2015) (determining that the danger of prejudice was minimal, because the delay was brief; also, the delay was due to the innocent miscalendaring of counsel).

**E. The actions leading to the late filing of Claim No. 77 were in good faith.**

There can be no suggestion that the reason for the nine-day delay in the filing of the Proof of Claim was anything other than the result of an inadvertent calendaring error by counsel. Boxer Declaration, ¶¶ 1-13.

## II.
## CONCLUSION

For all the foregoing reasons, Mr. Wance requests that the Court grant his Motion for Order Granting Claim Number 77 as Deemed Timely Filed.

DATED: February 21, 2019      FINESTONE HAYES LLP

By: *Jennifer C. Hayes*
Jennifer C. Hayes
Attorneys for Douglas E. Wance

3551171.1

5

DOUGLAS E. WANCE'S MOTION FOR ORDER GRANTING CLAIM NUMBER 77 AS DEEMED TIMELY FILED; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 18-31087    Doc# 157    Filed: 02/21/19    Entered: 02/21/19 09:35:40    Page 6 of 6