the Arent Fox attorney investigator discussed the Arent Fox investigation, the Arent Fox February 24, 2014 Letter and their then forthcoming report. At that public meeting on March 24, 2014 in open session the Arent Fox attorney investigator fully disclosed in public the legal advice given to the Central Basin Board of Directors during the June 28, 2010 closed session board meeting regarding the creation of the slush fund. The Arent Fox attorney specifically stated that the board had been advised in closed session by Wance that it was legal and proper to keep secret (i.e. fail to publicly disclose in any way) the creation of the trust fund and to characterize it as ongoing litigation. During this open public meeting on March 24, 2014 the Arent Fox attorney also specifically stated that the Central Basin Board of Directors relied on Wance's legal advice given in closed session that it was legal and proper to keep the slush fund secret and fail to make the required public disclosures. As a result of Wance's legal advice the slush fund and payments made thereunder were never publicly disclosed. At the March 24, 2014 open and public board meeting every member of the Board of Directors acquiesced in and consented to the disclosures of the Wance legal advice from the June 28, 2010 closed session regarding keeping the slush fund secret. No Board member at the March 24, 2014 meeting objected to or in any way criticized or tried to prevent the public disclosures of Wance's legal advice given during the June 28, 2010 closed session. Throughout the March 24, 2014 board meeting, including during the disclosures made by the Arent Fox attorney investigator, the Central Basin General Manager and General Counsel were present. Neither the General Manager nor the General Counsel present at the March 24, 2014 meeting objected to or in any way criticized or tried to prevent the public disclosures of Wance's legal advice given during the June 28, 2010 closed session. In fact, the Board authorized the March 24, 2014 public meeting to be videotaped and posted on the Central Basin's internet Web site for the world to see and hear. At the present time, the disclosure of the Wance legal advice made at March 24, 2014 public meeting is still accessible to the public on the Central Basin's internet Web site.

E. At the March 24, 2014 public Board meeting, the Central Basin Board voted to release, and did release, to the media the Arent Fox Letter. The Board also made the Arent Fox Letter available to the public by posting it on the Central Basin's internet Web site.

F. Art Aguilar, former General Manager of Central Basin, was deposed in an unrelated Central Basin civil lawsuit in November, 2013. Mr. Aguilar served as General Manager for the Central Basin at the time of the creation of the slush fund in June 2010. During the deposition, with opposing counsel present, Mr Aguilar voluntarily disclosed Mr. Wance's specific legal advice given to the Central Basin Board at the June 28, 2010 board meeting that it was proper to keep the slush fund secret. Mr. Aguilar's specifically stated that Mr. Wance gave the advice in closed session and further advised the Board that it was legal and proper to keep secret all contracts relating to the trust fund. At the time of this testimony the Central Basin was represented by independent attorneys. There was no objection whatsoever made to this disclosure. There has been no subsequent effort to object to or prevent the disclosure of Mr. Aguilar's testimony. The Board was aware of this testimony and did not object to it nor did it take any other steps to prevent it from being disclosed. This testimony is currently available to the public on the You Tube internet Web site.

41. As a direct and proximate result of the actions and omissions of the Defendants as alleged herein the Plaintiff is entitled to damages in the amount of no less than $1.75 million. Additionally, Plaintiff is entitled to treble damages pursuant to Government Code §12651(a). Costs and expenses of this action, a civil penalty of not less than five thousand five hundred dollars ($5,500) and not more than eleven thousand dollars ($11,000) for each violation of the California False Claims Act.

42. As a direct and proximate result of the actions and omissions of the Defendants as alleged herein the Qui Tam Plaintiff Vasquez is entitled to a percentage of the damages as provided by law.

43. Plaintiff is also entitled to reasonable and necessary attorney's fees incurred in initiating and prosecuting this action.

WHEREFORE plaintiff prays for judgment against defendants as follows:

DEFENDANTS SEDGWICK, WANCE, AGUILAR and DOES 1 to 20:

1. Damages in the amount of no less than $1 million;
2. Treble damages pursuant to Government Code §12651(a);

3. Costs and expenses of this action;

4. A civil penalty of not less than five thousand five hundred dollars ($5,500) and not more than eleven thousand dollars ($11,000) for each violation of the California False Claims Act;

5. Percentage damages for Qui Tam Plaintiff Vasquez as provided by law (Government Code §12652(g)(2), (3) and (4);

6. Reasonable and necessary attorney's fees incurred in initiating and prosecuting this action; and

7. Such other and further relief as the court deems appropriate.

DEFENDANTS BUCHALTER NEMER, WANCE, AGUILAR AND DOES 31 TO 50

1. Damages in the amount of no less than $1.75 million;

2. Treble damages pursuant to Government Code §12651(a);

3. Costs and expenses of this action;

4. A civil penalty of not less than five thousand five hundred dollars ($5,500) and not more than eleven thousand dollars ($11,000) for each violation of the California False Claims Act;

5. Percentage damages for Qui Tam Plaintiff Vasquez as provided by law (Government Code §12652(g)(2), (3) and (4);

6. Reasonable and necessary attorney's fees incurred in initiating and prosecuting this action; and

7. Such other and further relief as the court deems appropriate.

DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS THAT THIS MATTER BE TRIED BY A JURY.

Dated: August 21, 2014

Law Offices of Jimmie Johnson
By: Jimmie Johnson
Attorney for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the City of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is: 3700 Wilshire Boulevard, Suite 900, Los Angeles, California 90010.

On <u>August 22, 2014</u> served a document described as: First Amended Complaint on the interested parties in this action, in the manner described below:

(**XXX**) (**BY MAIL**) I placed a copy of said document into sealed envelope addressed as follows:
    See attached service list

    I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California.

( ) (**BY FACSIMILE**) I caused such document to be sent via facsimile or machine to the

( ) (**BY PERSONAL SERVICE**) I caused such envelope to be personally delivered to the District Attorney's Office on in the Foltz Criminal Justice Center

(**XXX**) (**STATE**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( ) (**FEDERAL**) I declare that I am employed in the office a member of the bar of this court at whose direction the service was made.

    Executed this 22nd day of <u>August,</u> 2014 at Los Angeles, California.

<u>J. Johnson</u>
(Type or Print Name)

Bethany Kristovich, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
Email: Bethany.Kristovich@mto.com
(for Sedgwick, Detert + Curtis Parvin)

Paul S. Chan, Esq.
Bird, Marella, Boxer
1875 Century Park East
23rd Floor
Los Angeles, CA 90067-2561
Email: psc@birdmarella.com
(for Buchalter, Nemer + Douglas Wance)

Eric B. Strongin, Esq.
Smith & Hall, LLP
27345 Ortega Hwy
Suite 200
San Juan Capistrano, CA 92675
Email: estrongin@s-hlawyers.com
(for Art Aguilar)