

**Entered on Docket**
**June 25, 2019**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

1  John W. Lucas (CA Bar No. 271038)
   Jason H. Rosell (CA Bar No. 269126)
2  Pachulski Stang Ziehl & Jones LLP          Signed and Filed: June 25, 2019
   150 California Street, 15th Floor
3  San Francisco, California 94111-4500
   Telephone:    415.263.7000
4  Facsimile:    415.263.7010
   Email:        jlucas@pszjlaw.com
5                jrosell@pszjlaw.com          _____
                                              **HANNAH L. BLUMENSTIEL**
6  Attorneys for Debtor                       **U.S. Bankruptcy Judge**

7

8                     **UNITED STATES BANKRUPTCY COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
9                            **SAN FRANCISCO DIVISION**

10  In re:                                    Case No. 18-31087 (HLB)

11    SEDGWICK, LLP,                          Chapter 11

12             Debtor.                        **ORDER APPROVING THE COMPROMISE**
                                              **OF A CONTROVERSY AMONG THE**
13                                            **DEBTOR AND HAFIZAH SHAHRYAR**

14

15         This matter came before the Court on the *Motion for Order Approving the Compromise of a*

16  *Controversy Among the Debtor and Hafizah Shahryar* (the "Motion") filed by the above-captioned

17  debtor and debtor in possession (the "Debtor").[1] The Court having reviewed the Motion and the

18  declaration of Gregory C. Read filed in support thereof and finding that notice of the Motion was

19  reasonable and appropriate under the circumstances, that the relief requested in the Motion is in the

20  best interest of the Debtor's estate and its creditors; and the Court having determined that the legal

21  and factual bases set forth in the Motion establish just cause for the relief granted herein;

22         **IT IS HEREBY ORDERED THAT**:

23         1.    The Motion is **GRANTED**.

24         2.    The Debtor is authorized to compromise the Account Receivable on the terms and

25  conditions set forth in the Motion without further order of the Court.

26         3.    The Former Client shall pay the Settlement Amount (*i.e.*, $10,000) to the Debtor

27  within 14 calendar days of the entry of this Order.

28
---
[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

DOCS_SF:101366.1

4. The Debtor and Former Client are authorized to take any and all actions as may be necessary to implement the terms of the Settlement and this Order.

5. This Court shall retain jurisdiction over all matters arising from or related to the Settlement or the implementation of this Order.

**\*\*END OF ORDER\*\***

DOCS_SF:101366.1

**COURT SERVICE LIST**

DOCS_SF:101366.1