John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone:    415.263.7000
Facsimile:    415.263.7010
Email:        jlucas@pszjlaw.com

Attorneys for Sedgwick, LLP

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
Alan M. Feld, Cal. Bar No. 155345
Michael M. Lauter, Cal. Bar No. 246048
Shadi Farzan, Cal. Bar No. 301610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        afeld@sheppardmullin.com
              mlauter@sheppardmullin.com
              sfarzan@sheppardmullin.com

Attorneys for the Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**SEDGWICK, LLP,**<br><br>Debtor. | Case No.: 18-31087 (HLB)<br><br>Chapter 11<br><br>**JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP**<br><br>**Confirmation Hearing**<br>Date: _____, 2019<br>Time: __:_0_.m. (Pacific Time)<br>Place: U.S. Bankruptcy Court<br>　　　　450 Golden Gate Avenue, Courtroom 19<br>　　　　San Francisco, CA<br>Judge: Hon. Hannah L. Blumenstiel |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARTICLE I DEFINITIONS .................................................................................................. 3

    **1.1** "**Accounts Receivable**" ............................................................................... 3
    **1.2** "**Administrative Claim**" ............................................................................. 3
    **1.3** "**Administrative Claims Bar Date**" ............................................................ 4
    **1.4** "**Allowed**" ...................................................................................................... 4
    **1.5** "**Allowed Unsecured Claim**" ...................................................................... 4
    **1.6** "**Available Cash**" .......................................................................................... 4
    **1.7** "**Avoidance Actions**" ................................................................................... 5
    **1.8** "**Ballot**" .......................................................................................................... 5
    **1.9** "**Bankruptcy Code**" ...................................................................................... 5
    **1.10** "**Bankruptcy Court**" or "**Court**" ................................................................ 5
    **1.11** "**Bankruptcy Rules**" ..................................................................................... 5
    **1.12** "**Bar Date**" ..................................................................................................... 5
    **1.13** "**Business Day**" .............................................................................................. 5
    **1.14** "**Cash**" ............................................................................................................ 5
    **1.15** "**Chapter 11 Case**" ......................................................................................... 5
    **1.16** "**Claim**" ........................................................................................................... 6
    **1.17** "**Claimant**" ..................................................................................................... 6
    **1.18** "**Claims Reserve Account**" ............................................................................ 6
    **1.19** "**Class**" ............................................................................................................ 6
    **1.20** "**Committee**" .................................................................................................. 6
    **1.21** "**Confirmation**" .............................................................................................. 6
    **1.22** "**Confirmation Date**" ..................................................................................... 6
    **1.23** "**Confirmation Hearing**" ............................................................................... 6
    **1.24** "**Confirmation Order**" ................................................................................... 6
    **1.25** "**Creditor**" ...................................................................................................... 6
    **1.26** "**Debt**" ............................................................................................................ 6
    **1.27** "**Debtor**" ......................................................................................................... 6
    **1.28** "**Disallowed Claim**" ....................................................................................... 7
    **1.29** "**Disclosure Statement**" ................................................................................. 7
    **1.30** "**Dissolution Committee**" .............................................................................. 7
    **1.31** "**Disputed Claim**" ........................................................................................... 7
    **1.32** "**Disputed Claims Amount**" ........................................................................... 7
    **1.33** "**Effective Date**" ............................................................................................. 8
    **1.34** "**Entity**" .......................................................................................................... 8
    **1.35** "**Estate**" .......................................................................................................... 8
    **1.36** "**Exculpated Parties**" ..................................................................................... 8
    **1.37** "**Executory Contracts**" .................................................................................. 8
    **1.38** "**Final Order**" ................................................................................................. 8
    **1.39** "**Former Partner Settlement**" ........................................................................ 8
    **1.40** "**Former Partner Settlement Agreement**" ..................................................... 8
    **1.41** "**Former Partner Settlement Payments**" ...................................................... 8
    **1.42** "**Former Partners**" ........................................................................................ 8
    **1.43** "**Insurance Deductible**" ................................................................................. 9
    **1.44** "**Insured Malpractice Claim**" ........................................................................ 9
    **1.45** "**Interest Holder**" .......................................................................................... 9
    **1.46** "**Interests**" ..................................................................................................... 9
    **1.47** "**Lien**" ............................................................................................................. 9
    **1.48** "**Liquidating Trust**" ...................................................................................... 9
    **1.49** "**Liquidating Trust Agreement**" ................................................................... 9
    **1.50** "**Liquidating Trust Assets**" .......................................................................... 9

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 2 of
139

| | | |
|---|---|---|
| **1.51** | "Liquidating Trustee" | 9 |
| **1.52** | "Malpractice Claim" | 10 |
| **1.53** | "Malpractice Policy" or "Malpractice Policies" | 10 |
| **1.54** | "Net Available Cash" | 10 |
| **1.55** | "Non-Settling Former Partners" | 10 |
| **1.56** | "Other Insurance Policies" | 10 |
| **1.57** | "Oversight Committee" | 11 |
| **1.58** | "Partnership Agreement" | 11 |
| **1.59** | "Person" | 11 |
| **1.60** | "Petition Date" | 11 |
| **1.61** | "Plan" | 11 |
| **1.62** | "Plan Expenses" | 11 |
| **1.63** | "Plan of Dissolution" | 11 |
| **1.64** | "Post-Confirmation Motion and Opportunity for Hearing" | 12 |
| **1.65** | "Post-Confirmation Service List" | 12 |
| **1.66** | "Priority Tax Claim" | 12 |
| **1.67** | "Professional Fees" | 12 |
| **1.68** | "Professionals" | 12 |
| **1.69** | "Proponents" | 12 |
| **1.70** | "Pro Rata" or "Pro Rata Share" | 12 |
| **1.71** | "Rejected Contract(s)" | 12 |
| **1.72** | "Rejection Claim" | 12 |
| **1.73** | "Rejection Claim Bar Date" | 13 |
| **1.74** | "Reserved Claims" | 13 |
| **1.75** | "Reserved Claims Pool" | 13 |
| **1.76** | "Reserved Claims Pool Account" | 13 |
| **1.77** | "Retained Claims and Defenses" | 13 |
| **1.78** | "Schedules" | 13 |
| **1.79** | "Secured Claim" | 14 |
| **1.80** | "Sedgwick Released Claims" | 14 |
| **1.81** | "Settling Former Partners" | 14 |
| **1.82** | "U.K. LLP" | 14 |
| **1.83** | "U.K. LLP Equity" | 14 |
| **1.84** | "Unliquidated Claim" | 14 |
| **1.85** | "Unsecured Claim" | 14 |
| | **ARTICLE II CLASSIFICATION OF CLAIMS AND INTERESTS** | 14 |
| **2.1** | Criterion of Class | 14 |
| **2.2** | Classes of Claims and Interests | 15 |
| | **2.2.1** Class 1 Claims. | 15 |
| | **2.2.2** Class 2 Claims. | 15 |
| | **2.2.3** Class 3 Interests. | 15 |
| | **ARTICLE III TREATMENT OF UNCLASSIFIED CLAIMS** | 15 |
| **3.1** | Administrative Claims | 15 |
| **3.2** | Administrative Claim Bar Date | 15 |
| **3.3** | Claims for Professional Fees | 16 |
| **3.4** | Priority Tax Claims | 16 |
| | **ARTICLE IV TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS** | 16 |
| **4.1** | Class 1 Claims (Insured Malpractice Claims) | 16 |
| **4.2** | Class 2 (General Unsecured Claims) | 17 |
| **4.3** | Class 3 (Interests) | 17 |

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 3 of 139

JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP

| | |
|---|---|
| 4.4 **Nonconsensual Confirmation.** | 18 |
|     4.4.1 **Classes 1 and 2 Cramdown.** | 18 |
|     4.4.2 **Class 3 Cramdown.** | 18 |

ARTICLE V SETTLEMENT WITH SETTLING FORMER PARTNERS ................... 18

ARTICLE VI MEANS FOR IMPLEMENTATION OF THE PLAN ........................... 19

| | |
|---|---|
| 6.1 **Effective Date Transactions.** | 19 |
| 6.2 **Settling Former Partner Compromise and Release.** | 20 |
| 6.3 **Dissolution of the Debtor.** | 20 |
| 6.4 **Resignation of Dissolution Committee.** | 20 |
| 6.5 **Formation of the Liquidating Trust.** | 21 |
|     6.5.1 **Execution of Liquidating Trust Agreement** | 21 |
|     6.5.2 **Purpose of Liquidating Trust** | 21 |
|     6.5.3 **Liquidating Trust Assets** | 21 |
|     6.5.4 **Duration of Liquidating Trust** | 22 |
| 6.6 **Management of Liquidating Trust by Liquidating Trustee.** | 23 |
|     6.6.1 **Appointment, Resignation and Removal** | 23 |
|     6.6.2 **Term** | 23 |
|     6.6.3 **Powers and Duties** | 24 |
|     6.6.4 **Fees and Expenses** | 26 |
|     6.6.5 **Retention of Professionals** | 27 |
|     6.6.6 **Investment** | 27 |
|     6.6.7 **No Recourse to Estate Representatives** | 28 |
|     6.6.8 **Reporting Requirements** | 28 |
| 6.7 **Retained Claims and Defenses.** | 28 |
|     6.7.1 **Bankruptcy Rule 2004.** | 29 |
|     6.7.2 **Standing.** | 29 |
| 6.8 **Avoidance Actions.** | 29 |
| 6.9 **Claims Reserve Account.** | 29 |
| 6.10 **Liquidating Trust Liquidation Budget.** | 30 |
| 6.11 **Limitation of Liability of Liquidating Trustee and the Oversight Committee.** | 30 |
| 6.12 **Dissolution of Committee.** | 31 |
| 6.13 **Powers of the Oversight Committee.** | 31 |
| 6.14 **Material Default Under the Plan.** | 32 |
| 6.15 **Payment of Plan Expenses.** | 32 |
| 6.16 **Distribution Procedures.** | 32 |
| 6.17 **Resolution of Disputed Claims.** | 33 |
| 6.18 **Reserve Provisions for Disputed Claims.** | 34 |
| 6.19 **Allocation of Distributions.** | 35 |
| 6.20 **Rounding.** | 35 |
| 6.21 **De Minimis Distributions.** | 36 |
| 6.22 **Disputed Payments.** | 36 |
| 6.23 **Unclaimed Property.** | 36 |
| 6.24 **Malpractice Policies Remain In Force.** | 37 |
| 6.25 **Other Insurance Policies Remain in Force.** | 38 |
| 6.26 **Setoffs.** | 39 |
| 6.27 **No Distributions on Late-Filed Claims.** | 39 |
| 6.28 **Withholding Taxes.** | 39 |
| 6.29 **Post-Effective Date Reports.** | 39 |
| 6.30 **Post-Effective Date Employment and Compensation of Professionals.** | 40 |
| 6.31 **Final Decree.** | 40 |
| 6.32 **Procedures for Post-Confirmation Motion and Opportunity for Hearing.** | 40 |

ARTICLE VII EXECUTORY CONTRACTS ................................................................ 41

Case No. 18-31087

JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 4 of 139

7.1  Executory Contracts. ................................................................................................. 41
    7.1.1  Assumption. ...................................................................................... 41
    7.1.2  Rejection. ......................................................................................... 41
7.2  Satisfaction of Cure Obligations. ............................................................................. 41
7.3  Post-Petition Executory Contracts and Unexpired Leases. ...................................... 42
7.4  Order Authorizing Assumption or Rejection. .......................................................... 42

ARTICLE VIII CONDITIONS PRECEDENT ..................................................................... 42

8.1  Conditions to Confirmation. ..................................................................................... 42
8.2  Conditions to Effective Date. ................................................................................... 43

ARTICLE IX EFFECTS OF CONFIRMATION ................................................................... 43

9.1  Binding Effect of Plan. ............................................................................................. 43
9.2  Transfer of Liquidating Trust Assets to Liquidating Trust. ..................................... 43
9.3  Implementation of Plan Provisions. ......................................................................... 44
9.4  Implementation of Former Partner Settlement Agreement. ..................................... 44
9.5  Limitation of Liability. ............................................................................................. 45

ARTICLE X RETENTION OF JURISDICTION .................................................................. 46

ARTICLE XI MISCELLANEOUS ....................................................................................... 47

11.1  Severability of Plan Provisions. ............................................................................. 47
11.2  Governing Law. ...................................................................................................... 48
11.3  Headings. ................................................................................................................ 48
11.4  Language Interpretation. ......................................................................................... 48
11.5  Exhibits. .................................................................................................................. 48
11.6  Exemption from Transfer Taxes: ........................................................................... 48
11.7  Notices. ................................................................................................................... 49
11.8  Computation of Time Periods. ............................................................................... 49
11.9  Defects, Omissions and Amendments. ................................................................... 50
11.10  Filing of Additional Documents. .......................................................................... 50
11.11  Successors and Assigns. ........................................................................................ 50
11.12  Implementation. ..................................................................................................... 50
11.13  Certain Actions. ..................................................................................................... 50

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 5 of 139

**Exhibits**

Exhibit A       Assumed Contracts

Exhibit B       Interest Holders (Former Partners who were Equity Partners)

Exhibit C       Settling Former Partners

Exhibit D       Malpractice Policies

Exhibit E       Non-Settling Former Equity Partners

Exhibit F       Liquidating Trustee Curriculum Vitae

Exhibit G       Former Partner Settlement Agreement

Exhibit H       Liquidating Trust Agreement

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 6 of 139

## PRELIMINARY STATEMENT

Sedgwick LLP, the above-referenced debtor and debtor in possession, together with the Committee,[1] hereby jointly propose this Plan. All Creditors should review the Disclosure Statement, and its accompanying exhibits and other information, before voting to accept or reject the Plan.

The Plan sets forth a proposal for the resolution of all Claims against and Interests in the Debtor. In sum, the Plan provides for the Debtor to continue its wind-down efforts after confirmation with its administration to be handled by the Liquidating Trustee replacing the Dissolution Committee as the responsible party. Confirmation of the Plan shall constitute and confirm the appointment of the Liquidating Trustee, including responsibility and authority to (a) exercise the rights, power, and authority of the Liquidating Trust, under the applicable provisions of the Plan and bankruptcy and non-bankruptcy law, and (b) retain post-confirmation professionals to represent the Liquidating Trust and assist the Liquidating Trustee in performing and implementing the Plan, including without limitation retaining professionals originally engaged by the Debtor and/or the Committee, and (c) otherwise implement the Plan, wind up the affairs of the Estate and close the Chapter 11 Case.

The Plan also embodies and seeks approval of the Former Partner Settlement, which is a settlement between the Debtor and its Estate and forty-seven Former Partners of the Debtor pursuant to which: (i) the Settling Former Partners will pay the Estate $1,921,000 within fourteen days after the Effective Date; (ii) Debtor's counsel will reduce its allowed fees on its final fee application by $10,500; (iii) the Debtor and its Estate will release all claims against the Settling Former Partners; (iv) the Settling Former Partners will release all claims against the other Settling Former Partners; and (v) the consideration paid by the Settling Former Partners is conditioned on Section 9.4 of the Plan. In addition to the forty-seven Settling Former Partners who are parties to the existing Former Partner Settlement, additional Former Partners may reach settlements with both the Proponents; however, any new settlement with a Former Partner is conditioned upon agreement with the Committee and Debtor. Any Non-Settling Partner who becomes a Settling Former Partner will

---

[1] The definitions of all capitalized terms are set forth in Article I of the Plan.

JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP
Case No. 18-31087

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 7 of 139

be entitled to the benefit of the same release and Section 9.4 of the Plan in a plan supplement filed jointly by the Proponents no later than 14 days prior to the Confirmation Hearing.

The Plan contemplates the liquidation of all of the Debtor's assets – which shall be transferred to the Liquidating Trust as Liquidating Trust Assets – for the benefit of the holders of Allowed Claims and Allowed Interests, if any. The resulting funds, after payment of Plan Expenses, will be made available for distribution to holders of Allowed Claims and Allowed Interests, if any, in accordance with the terms of the Plan. The Liquidating Trustee's operation of the Liquidating Trust will be for the purpose of liquidating and monetizing Liquidating Trust Assets, which consist primarily of the Accounts Receivables, Retained Claims, and Defenses.

From and after the Effective Date, the Liquidating Trust, acting through the Liquidating Trustee, shall expeditiously seek to collect, liquidate, sell and/or reduce to Cash all Liquidating Trust Assets, including, without limitation, through pursuit of the Accounts Receivables, Retained Claims, and Defenses, and use the proceeds thereof and the existing cash on hand to fund the Plan.

As set forth in the Disclosure Statement, the Debtor believes that the Plan will allow the holders of Unsecured Claims to receive a meaningful return on account of their Allowed Claims against the Debtor, which in part will depend upon the collection of outstanding Accounts Receivables, the outcome of litigation of Retained Claims, and the ultimate allowance of Claims.

With the Plan, Creditors entitled to vote will receive a Ballot for voting on the Plan, and a Disclosure Statement that provides information concerning the Debtor and the Plan. The Disclosure Statement includes a summary of the assets and liabilities of the Debtor, a summary of what Creditors and Interest Holders will receive under the Plan, a discussion of certain alternatives to the Plan, and a summary of the procedures and voting requirements necessary for confirmation of the Plan. You should thoroughly review both the Plan and Disclosure Statement before deciding whether you will accept or reject the Plan.

As more fully described in the Disclosure Statement, the Plan must be approved by the requisite number of Creditors and the Bankruptcy Court must find that it meets the applicable legal standards before the Plan can be confirmed. If the Plan is not confirmed, the Debtor or other parties

JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 8 of 139

in interest may propose a different plan or the Bankruptcy Court may order the case dismissed or converted to a case under chapter 7 of the Bankruptcy Code.

For the reasons set forth in the Disclosure Statement, the Debtor and the Committee believe the Plan provides the best mechanism available for maximizing returns to Creditors and urges Creditors to vote to accept the Plan.

## ARTICLE I

## DEFINITIONS

For purposes of this Plan, all capitalized terms used herein and not otherwise defined shall have the meanings set forth below. A term not defined in the Plan, but defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to it in the Bankruptcy Code or the Bankruptcy Rules, unless the context clearly requires otherwise. The rules of construction used in section 102 of the Bankruptcy Code shall apply to construction of this Plan. The phrase "as soon as practicable" shall mean within fourteen (14) days of the relevant date. Headings and captions are utilized in this Plan for convenient reference only, and shall not constitute a part of this Plan for any other purpose.

1.1 "**Accounts Receivable**" means the outstanding invoices, claims, and any receivable owed to the Debtor from a former client.

1.2 "**Administrative Claim**" shall mean a Claim for an expense of administration of the Debtor arising during the period commencing on the Petition Date and ending on the Effective Date under sections 503(b), 1114(e)(2) or 546(c)(2) of the Bankruptcy Code and entitled to priority under section 507(a)(1) of the Bankruptcy Code, including, but not limited to, (i) any actual and necessary cost or expense of preserving the Estate of the Debtor or conducting the business of the Debtor, (ii) administrative expenses previously allowed by the Bankruptcy Court, (iii) administrative claims that are timely filed prior to the applicable Administrative Claims Bar Date, (iv) any Tax Claims incurred by the Debtor after the Petition Date or relating to a tax year or period which occurs after the Petition Date, (v) Professional Fees, and (vi) all fees and charges assessed against the Debtor pursuant to 28 U.S.C. § 1930.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 9 of 139

**1.3** "**Administrative Claims Bar Date**" shall mean the first Business Day that is thirty-five (35) days after the Effective Date pursuant to which Claimants must file a request for payment of any Administrative Claim that arose between October 2, 2018 and the Effective Date, for which notice shall be provided in the Debtor's notice of the entry of the Confirmation Order.

**1.4** "**Allowed**" shall mean, with respect to any Claim (other than an Administrative Claim as set forth below):

    (i)    a Claim that appears in the Schedules, except a Claim that is listed as disputed, contingent or unliquidated, or for which a contrary proof of Claim has been filed;

    (ii)    a Claim for which a proof of Claim has been timely filed as of the Bar Date or Rejection Claim Bar Date, as applicable, and no objection thereto has been made on or before any applicable deadline; or

    (iii)    a Claim that has been allowed, but only to the extent allowed (i) by a Final Order, (ii) under this Plan, or (iii) under any agreements entered into prior to the Effective Date (and approved by the Bankruptcy Court) or in connection with this Plan (and approved in accordance with the terms of this Plan) establishing the amount and nature of any Claim; and

    With respect to an Administrative Claim, a request for payment that has been filed prior to the Administrative Claims Bar Date, and in accordance with either section 503(b) of the Bankruptcy Code or the procedures for filing requests for payment of an expense of administration set forth in the Administrative Claims Bar Date Order, and as to which either no objection has been made on or before any applicable deadline, or if an objection has been made, a claim has been allowed by Final Order.

**1.5** "**Allowed Unsecured Claim**" shall mean any Allowed Claim (including any Rejection Claim) that is not an Allowed Administrative Claim, an Allowed Professional Fee Claim, an Allowed Secured Claim, an Insured Malpractice Claim, an Allowed Priority Tax Claim or an Assumed Obligation.

**1.6** "**Available Cash**" shall mean, with respect to any distribution contemplated herein, the aggregate amount of all Cash held by the Liquidating Trust immediately prior to such distribution.

1.7 "**Avoidance Actions**" shall mean all claims or causes of action of the Debtor arising under sections 542, 543, 544, 545, 547, and 548 of the Bankruptcy Code.

1.8 "**Ballot**" shall mean the form for acceptance or rejection of the Plan distributed to those Creditors entitled to vote on the Plan, as such form may be approved by the Bankruptcy Court and which shall otherwise comply with the requirements of Bankruptcy Rule 3018(c).

1.9 "**Bankruptcy Code**" shall mean title 11 of the United States Code, §§ 101 *et seq.*, as in effect on the Petition Date, as the same thereafter has been and may be amended, provided such amendments are in effect.

1.10 "**Bankruptcy Court" or "Court**" shall mean the United States Bankruptcy Court for the Northern District of California (San Francisco Division), or such other court as may hereafter exercise jurisdiction over the Chapter 11 Case.

1.11 "**Bankruptcy Rules**" shall mean the Federal Rules of Bankruptcy Procedure, as in effect on the Filing Date, as the same thereafter has been and may be amended, and the Local Rules of the Bankruptcy Court to the extent applicable to the Chapter 11 Case.

1.12 "**Bar Date**" shall mean, as applicable, (i) January 22, 2019, which was the date set by the Bankruptcy Court as the last date for filing a proof of Claim for a Claim that arose before the Petition Date for non-Governmental Units, (ii) March 31, 2019 for Governmental Units; and (iii) any other date set by the Bankruptcy Court.

1.13 "**Business Day**" shall mean any day that is not a Saturday, a Sunday or other day on which banks are required or authorized by any federal, state or local law to be closed in the City of San Francisco, California.

1.14 "**Cash**" shall mean cash and cash equivalents including, but not limited to, cash on deposit in the bank accounts of the Debtor or the Liquidating Trust, as applicable, checks, wire transfers, money orders, certificates of deposit, money market or similar investments, and other similar readily marketable securities or instruments.

1.15 "**Chapter 11 Case**" shall mean the chapter 11 case commenced by the Debtor upon the filing with the Bankruptcy Court of a voluntary petition under chapter 11 of the Bankruptcy Code and having the Case No.: 18-31087 (HLB).

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 11 of 139

**1.16** "**Claim**" shall mean a claim against the Debtor within the meaning of section 101(5) of the Bankruptcy Code.

**1.17** "**Claimant**" shall mean the holder of a Claim.

**1.18** "**Claims Reserve Account**" shall mean an interest bearing bank account or money market account to be established and held in trust for the benefit of holders of Allowed Unsecured Claims by the Liquidating Trust on or after the Effective Date for the purpose of holding the funds to be distributed under the Plan to Unsecured Creditors and for Plan Expenses, and any interest, dividends or other income earned upon the investments in such account.

**1.19** "**Class**" shall mean a category or group of Creditors or Interest Holders that are substantially similar to the Claims or Interests of the other Creditors or Interests Holders in such Class, as designated by this Plan pursuant to sections 1122 and 1123 of the Bankruptcy Code.

**1.20** "**Committee**" shall mean the Official Committee of Unsecured Creditors appointed by the United States Trustee in the Debtor's Chapter 11 Case.

**1.21** "**Confirmation**" shall mean the approval of the Plan by and subject to the terms of the Confirmation Order.

**1.22** "**Confirmation Date**" shall mean the date of Confirmation.

**1.23** "**Confirmation Hearing**" shall mean the duly noticed hearing held by the Bankruptcy Court on confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code. The Confirmation Hearing may be adjourned by the Bankruptcy Court from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing.

**1.24** "**Confirmation Order**" shall mean the order of the Bankruptcy Court, confirming this Plan and providing for the effectuation of the transactions contemplated by this Plan in accordance with the terms and provisions hereof and thereof.

**1.25** "**Creditor**" shall mean any entity that holds a Claim.

**1.26** "**Debt**" shall mean liability on a Claim.

**1.27** "**Debtor**" shall mean Sedgwick, LLP, as debtor and debtor in possession in the Chapter 11 Case.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 12 of 139

**1.28** "**Disallowed Claim**" shall mean (i) a Claim or any portion thereof, that has been disallowed by a Final Order of the Bankruptcy Court; (ii) a Claim that has been listed in the Schedules at zero or as contingent, disputed, or unliquidated and as to which no proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any Final Order of the Court, or other applicable law; or (iii) a Claim that has not been listed in the Schedules and as to which no proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any Final Order of the Court, or other applicable law.

**1.29** "**Disclosure Statement**" shall mean the disclosure statement in support of the Plan, in the form approved by the Bankruptcy Court, disseminated by the Debtor to the holders of Claims against the Debtor to provide to such holders of Claims adequate information in accordance with section 1125 of the Bankruptcy Code, as such disclosure statement may be modified, amended, or supplemented from time to time.

**1.30** "**Dissolution Committee**" shall mean the committee formed under the Plan of Dissolution for the purpose of governing the affairs of the Debtor after December 31, 2017, whose members currently include Curtis D. Parvin, Bruce D. Celebrezze, and Gregory C. Read.

**1.31** "**Disputed Claim**" shall mean any Claim or portion of a Claim as to which an objection to the allowance thereof has been interposed (whether as a separate objection to claim or in connection with an adversary proceeding) as of the Effective Date or any later deadline fixed under the Plan or by order of the Bankruptcy Court, which objection has not been withdrawn or determined by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Disputed Claim only to the extent of the objection.

**1.32** "**Disputed Claims Amount**" shall mean the aggregate amount of Disputed Claims that are fixed, absolute – and neither contingent nor unliquidated. For purposes of calculating distributions of Cash under the Plan, the amount of each Disputed Claim shall be based upon the face amount of such Creditor's Disputed Claim (or the disputed portion thereof) as set forth in the Creditor's filed proof of Claim.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 13 of 139

**1.33** "**Effective Date**" shall mean the first Business Day on which each of the conditions specified in Article VIII of the Plan has been satisfied or duly waived.

**1.34** "**Entity**" shall have the meaning under the Bankruptcy Code.

**1.35** "**Estate**" shall mean the bankruptcy estate of the Debtor pursuant to section 541 of the Bankruptcy Code.

**1.36** "**Exculpated Parties**" shall have the meaning assigned to it in Section 9.5 of this Plan.

**1.37** "**Executory Contracts**" shall mean executory contracts and unexpired leases within the meaning of section 365 of the Bankruptcy Code.

**1.38** "**Final Order**" shall mean an order or judgment of the Bankruptcy Court or other court of competent jurisdiction (i) which has not been reversed, stayed, modified or amended, (ii) as to which the time to or the right to appeal or seek reconsideration, review, rehearing, or certiorari has expired or been waived (without regard to whether the time to seek relief from a judgment under Bankruptcy Rule 9024 has expired), and (iii) as to which no appeal or petition for reconsideration, review, rehearing, or certiorari is pending.

**1.39** "**Former Partner Settlement**" means that certain settlement agreement between the Settling Former Partners and the Debtor described in Article V of this Plan.

**1.40** "**Former Partner Settlement Agreement**" means the Settlement Agreement setting forth the terms and conditions of the Former Partner Settlement, attached to this Plan as **Exhibit G**.

**1.41** "**Former Partner Settlement Payments**" shall mean each payment in good funds made by a Settling Former Partner of an amount fixed either by (i) the Former Partner Settlement described in Article V of this Plan, as to any Settling Former Partners listed on **Exhibit C**, or (ii) the terms of a future settlement set forth in a plan supplement filed jointly by the Proponents at least 14 days prior to the Confirmation Hearing, as to additional Former Partners who become Settling Former Partners after the filing of this Plan.

**1.42** "**Former Partners**" shall mean each of the individuals set forth on **Exhibit B** of this Plan.

**1.43** "**Insurance Deductible**" shall mean the amount of a Malpractice Claim that, under the terms and provisions of the applicable Malpractice Policy, is to be reimbursed by the insured in any applicable Malpractice Policy.

**1.44** "**Insured Malpractice Claim**" shall mean the insured portion of any Malpractice Claim under the applicable Malpractice Policy.

**1.45** "**Interest Holder**" shall mean each of the individuals set forth on **Exhibit B** of this Plan.

**1.46** "**Interests**" shall mean any interests in the Debtor owned by, individually, each of the Former Partners set forth on **Exhibit B**, or his/her successors and assigns.

**1.47** "**Lien**" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

**1.48** "**Liquidating Trust**" means the trust established under this Plan with the power and authority set forth in this Plan and the Liquidating Trust Agreement.

**1.49** "**Liquidating Trust Agreement**" means the agreement to be executed establishing the Liquidating Trust pursuant to the Plan in substantially the form attached hereto as **Exhibit H**.

**1.50** "**Liquidating Trust Assets**" shall mean all property of the estate of the Debtor under section 541 of the Bankruptcy Code including, all property, assets, equitable or legal rights or interests, contract rights, benefits, causes of action, claims, or any other thing tangible or intangible, of any kind whatsoever, owned or held by or on behalf of the Debtor in which the Debtor has any right, title or interest to the full extent provided under section 541 of the Bankruptcy Code including, without limitation, Available Cash, any Retained Claims and Defenses, U.K. LLP Equity, and Avoidance Actions, which shall automatically vest in the Liquidating Trust on the Effective Date pursuant to the terms of the Plan.

**1.51** "**Liquidating Trustee**" shall mean James Gansman, whose curriculum vitae is set forth at **Exhibit F** hereto and who shall file a further statement setting forth his qualifications and affiliations, including a disclosure of any potential conflicts of interest, pursuant to Bankruptcy Code section 1129(a)(5)(A)(i) not less than fourteen (14) days prior than the last day to object to Confirmation.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 15 of 139

**1.52** **"Malpractice Claim"** shall mean any claim for legal errors and omissions, committed on or before December 31, 2017, by or on behalf of the Debtor or its predecessors or any partners, directors, officers, employees, agents or representatives of the Debtor or its predecessors, in each case, in their capacity as such.

**1.53** "**Malpractice Policy" or "Malpractice Policies**" shall mean any legal errors and omissions insurance policies issued to or providing coverage, whether before or after the Petition Date, for any of: (a) the Debtor or its predecessors; (b) any past, present, or future partners, directors, officers, employees, agents or representatives of the Debtor or its predecessors, in each case, in their capacity as such; or (c) other beneficiaries of coverage under the terms of such policies issued to or providing coverage to any Person or other Entity referred to in clauses (a) or (b), including any extended reporting, tail or run-off coverage and any agreements related to any such insurance policies set forth in **Exhibit D** and all agreements, documents, or instruments relating thereto.

**1.54** "**Net Available Cash**" shall mean the aggregate amount of all Available Cash held by the Liquidating Trusts after the payment of (or appropriate reserve for) Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Professional Fee Claims and net of amounts reserved for Disputed Claims, Professional Fees and Plan Expenses.

**1.55** "**Non-Settling Former Partners**" shall mean each of the individuals listed on **Exhibit E**.

**1.56** **"Other Insurance Policies"** shall mean all insurance policies, excluding the Malpractice Policies, that have been issued or provide coverage at any time to (a) the Debtor or any of its predecessors; (b) any past, present, or future partners, directors, officers, employees, agents or representatives of the Debtor or its predecessors, in each case, in their capacity as such; or (c) other beneficiaries of coverage under the terms of such policies issued to or providing coverage to any Person or other Entity referred to in clauses (a) or (b), including any extended reporting, tail or run-off coverage and any agreements related to any such insurance policies and all agreements, documents or instruments relating thereto.

1.57   "**Oversight Committee**" means the members selected by the Committee that will govern and direct the actions of the Liquidating Trustee pursuant to the terms of this Plan, which are: BMO Harris Bank, CPF 801 Tower LLC, and One North Wacker Drive LLC.

1.58   "**Partnership Agreement**" means that Second Amended and Restated Partnership Agreement for Sedgwick LLP, and all amendments thereto.

1.59   **"Person"** shall have the meaning used under the Bankruptcy Code.

1.60   "**Petition Date**" shall mean October 2, 2018, which is the date when the Debtor filed its voluntary petition pursuant to chapter 11 of the Bankruptcy Code.

1.61   "**Plan**" shall mean this joint chapter 11 plan of liquidation and any exhibits and schedules hereto and any documents incorporated herein by reference, as the same may from time to time be amended or modified as and to the extent permitted herein or by the Bankruptcy Code.

1.62   "**Plan Expenses**" shall mean all actual and necessary costs and expenses incurred after the Effective Date in connection with the administration of the Plan, including, but not limited to, (i) costs, expenses and legal fees incurred related to filing and prosecuting objections to Claims, (ii) the costs, expenses and legal fees incurred to investigate, litigate, estimate and settle the Retained Claims and Defenses (which shall include the Avoidance Actions), including, but not limited to, attorneys' fees, accounting fees, expert witness fees, consultants' fees, and all costs relating to obtaining and distributing such recoveries, incurred by the Liquidating Trust, (iii) the costs and expenses of administration of the Liquidating Trust, including without limitation the fees and costs of the Liquidating Trustee; (iv) amounts necessary to compensate members of the Dissolution Committee and the Debtor's Professionals after Confirmation for services rendered at the request of the Liquidating Trustee prior to the Effective Date regarding, *inter alia*, the Debtor's dissolution or the Bankruptcy Case; (v) all costs to manage, store, transport, transfer and destroy client and administrative records, and (vi) all fees payable pursuant to section 1930 of Title 28 of the United States Code.

1.63   "**Plan of Dissolution**" shall mean that certain Plan of Dissolution of Sedgwick, LLP that was approved by the Debtor and effective as of December 31, 2017.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 17 of 139

**1.64** "**Post-Confirmation Motion and Opportunity for Hearing**" shall mean the procedures to be utilized after the Effective Date by any party seeking approval from the Court respecting matters requiring approval under this Plan which procedures are more fully described in Section 6.32 herein.

**1.65** "**Post-Confirmation Service List**" shall mean a service list comprised of names and email addresses for all members of the Committee as of the Effective Date, the Office of the United States Trustee, and any other creditor or party in interest that files a request for post confirmation notice after the Effective Date with the Court and serves it on the Post Confirmation Service List.

**1.66** "**Priority Tax Claim**" shall mean that portion of a tax Claim, if any, entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**1.67** "**Professional Fees**" shall mean all amounts allowed and awarded by the Bankruptcy Court for compensation for services rendered and reimbursement of expenses incurred by Professionals from and after the Petition Date through and including the Effective Date of the Plan pursuant to sections 330(a) and 503(b) of the Bankruptcy Code.

**1.68** "**Professionals**" shall mean those attorneys, accountants and other financial advisors employed by the Debtor (pursuant to section 327 of the Bankruptcy Code) or the Committee (pursuant to section 1103 of Bankruptcy Code) in the Chapter 11 Case and to be compensated for services rendered and reimbursed for expenses incurred pursuant to sections 330(a) and 503(b) of the Bankruptcy Code.

**1.69** "**Proponents**" shall mean the Debtor and Committee.

**1.70** "**Pro Rata**" or "**Pro Rata Share**" shall mean, with respect to distributions on account of Allowed Claims, in the same ratio of an Allowed Claim in a particular Class to the aggregate of all Allowed Claims in that Class.

**1.71** "**Rejected Contract(s)**" shall mean those Executory Contracts which are rejected by the Debtor pursuant to section 365 or 1123(b)(2) of the Bankruptcy Code.

**1.72** "**Rejection Claim**" shall mean any Allowed Claim under Bankruptcy Code section 502(g) that arises under Bankruptcy Code section 365(g)(1) in favor of the non-debtor party to any

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 18 of 139

Executory Contract that is rejected by the Debtor pursuant to Bankruptcy Code sections 365(a) or 1123(b)(2).

1.73    "**Rejection Claim Bar Date**" shall mean the last date established by the Bankruptcy Court by which entities asserting a Rejection Claim against the Debtor must have filed a proof of Claim with respect to such Rejection Claim or be forever barred from asserting such Claim and/or sharing in any distribution hereunder in respect of such Claim. For contracts or leases for which no rejection claim bar date was previously established, or for contracts and leases rejected pursuant to the Plan, the Rejection Claims Bar Date shall be twenty-eight (28) days following the date upon which the Confirmation Order is entered.

1.74    "**Reserved Claims**" shall mean the amounts necessary, or reserved, to pay (i) allowed chapter 11 administrative expenses, (ii) priority tax claims, (iii) allowed Claims in Class 2, or (iv) Plan Expenses.

1.75    "**Reserved Claims Pool**" shall mean the amounts that shall be funded on or after the Effective Date pursuant to Section 6.9 of this Plan for the purpose of holding as reserves the amounts of Administrative Claims (including amounts due for Professional Fees) that have not become Allowed Claims.

1.76    "**Reserved Claims Pool Account**" shall mean the bank account established by the Liquidating Trust into which the Liquidating Trustee shall deposit the amounts that constitute the Reserved Claims Pool.

1.77    "**Retained Claims and Defenses**" shall mean all claims, rights, interests, causes of action, defenses, counterclaims, cross-claims, third-party claims, or rights of offset, recoupment, subrogation or subordination held by the Debtor or its Estate against any party whether or not pending on the Effective Date, not otherwise released or settled before the Effective Date, including but not limited to those specifically set forth in Article V of the Disclosure Statement.

1.78    "**Schedules**" shall mean the schedules of assets and liabilities [Docket Nos. 107 and 119] and the statement of financial affairs [Docket No. 108] filed by the Debtor with the Bankruptcy Court pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as amended from time to time.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 19 of 139

**1.79** "**Secured Claim**" shall mean a Claim secured by a Lien on property of the Debtor, or the Estate, or secured by an amount subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of such Lien or right of setoff as determined under sections 506(a) or 1129(b) of the Bankruptcy Code, as applicable.

**1.80** "**Sedgwick Released Claims**" means all claims for relief, causes of action, defenses or counterclaims that the Debtor or the Estate (or any entity acting on behalf of the Debtor or the Estate) could have asserted against the Settling Former Partners.

**1.81** "**Settling Former Partners**" means those Former Partners who are parties to the Former Partner Settlement, who are listed on **Exhibit C** hereto, or who are added to **Exhibit C** in a plan supplement filed jointly by the Debtor and Committee at least 14 days prior to the Confirmation Hearing.

**1.82** "**U.K. LLP**" means Sedgwick Detert Moran & Arnold LLP, as organized under the laws of England.

**1.83** "**U.K. LLP Equity**" means the equity in the U.K. LLP that is owned by the Debtor.

**1.84** "**Unliquidated Claim**" shall mean any Claim for which a proof of Claim has been filed with the Bankruptcy Court but was not filed in a sum certain, and which Claim has not been estimated, fixed or liquidated by the Bankruptcy Court at a sum certain as of the Effective Date.

**1.85** "**Unsecured Claim**" shall mean any Claim that is neither secured nor entitled to priority or administrative status under sections 507 or 503, respectively, of the Bankruptcy Code.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.1** **Criterion of Class.** The following is a designation of Classes of Claims under the Plan. Administrative Claims and Priority Tax Claims have not been classified and are excluded from the following Classes in accordance with section 1123(a)(1) of the Bankruptcy Code. A Claim is classified in a particular Class only to the extent that (i) the Claim qualifies within the description of that Class, and is classified in a different Class to the extent that the remainder of the Claim qualifies within the description of that different Class, and (ii) the Claim, or any portion or Allowed amount of such Claim, is an Allowed Claim in that Class and has not been paid, released or

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 20 of 139

otherwise satisfied prior to the Effective Date.  In the event of a controversy as to whether (a) any Class of Claims is impaired, or (b) any Class of Claims is properly designated, the Bankruptcy Court shall, after notice and a hearing, determine such controversy pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rule 3013.

**2.2** **Classes of Claims and Interests.**  All Claims and Interests are divided into the following Classes, which Classes shall be mutually exclusive:

### 2.2.1   Class 1 Claims.

Class 1 shall consist of Insured Malpractice Claims.

### 2.2.2   Class 2 Claims.

Class 2 shall consist of General Unsecured Claims.

### 2.2.3   Class 3 Interests.

Class 3 shall consist of the Interests held by the Interest Holders.

## ARTICLE III

## <u>TREATMENT OF UNCLASSIFIED CLAIMS</u>

**3.1** **Administrative Claims.**  Each Allowed Administrative Claim, unless the holder of such Claim has agreed to a different treatment, shall be paid in full by the Liquidating Trust from Available Cash or the Reserved Claims Pool Account (as applicable) on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the fourteenth day after such Claim is Allowed, or as soon thereafter as practicable; and (d) such date as the holder of such Claim and the Liquidating Trust may agree.

**3.2** **Administrative Claim Bar Date.**  All requests for payment of Administrative Claims, other than Claims for Professional Fees, must be filed by the Administrative Claim Bar Date or the holders thereof shall be forever barred from asserting such Administrative Claims against the Debtor or the Liquidating Trust or from sharing in any distribution under the Plan.  Holders of Administrative Claims based on liabilities incurred in the ordinary course of the Debtor's business following the Petition Date shall not be required to comply with the Administrative Claim Bar Date, *provided that*, (i) such holders have otherwise submitted an invoice, billing statement or other

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 21 of 139

evidence of indebtedness to the Debtor in the ordinary course of business, and (ii) such Claims are not past due according to their terms.

**3.3     Claims for Professional Fees.**  Each party seeking an award by the Bankruptcy Court of Professional Fees: (a) must file its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date on or before the Administrative Claims Bar Date; and (b) if the Bankruptcy Court grants such an award, each such party will be paid in full in Cash by the Liquidating Trust in such amounts as are allowed by the Bankruptcy Court as soon thereafter as practicable.  All final applications for allowance and disbursement of Professional Fees must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and the Bankruptcy Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.

**3.4     Priority Tax Claims.**  Each Allowed Priority Tax Claim, unless the holder of such Claim has agreed to a different treatment, shall receive deferred cash payments to the extent permitted by section 1129(a)(9) of the Bankruptcy Code with interest on the unpaid portion of such Claim at the rate established by applicable non-bankruptcy law as of the calendar month in which the Plan is confirmed, or at such other rate as may be agreed upon between the Liquidating Trust and the appropriate governmental unit, *provided that* the Liquidating Trust may prepay any or all such Claims at any time, without premium or penalty.

**ARTICLE IV**

**TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS**

**4.1     Class 1 Claims (Insured Malpractice Claims).**  Class 1 shall consist of Insured Malpractice Claims.  Class 1 Claims are impaired and holders of Class 1 claims are entitled to vote. Each holder of an Insured Malpractice Claim shall receive the following treatment:  (a) the automatic stay under Section 362 of the Bankruptcy Code shall be deemed modified to permit the holder of a Class 1 Claim to prosecute its claim to judgment in any applicable court of competent jurisdiction; (b) the holder shall be deemed to waive its Class 1 Claim against the Debtor and the Estate and shall not be entitled to any distribution under the Plan, (c) the holder shall limit its recourse on account of its Class 1 Claim solely to the proceeds payable by any insurer under any

applicable Malpractice Policy; and (d) any recovery obtained by the holder on account of its Class 1 Claim shall (i) in the event of a judgment, be deemed reduced by the amount of any Insurance Deductible applicable to such Claim under any applicable Malpractice Policy, or (ii) in the event of a settlement, be deemed to satisfy the amount of any Insurance Deductible applicable to such Claim under any applicable Malpractice Policy.  In the alternative, at the election (as defined below) of the holder of a Class 1 Claim, such holder shall instead receive the treatment provided by the Plan for the holders of Allowed Unsecured Claims under Class 2 of the Plan.  For purposes of this Section 4.1 of the Plan, an election shall mean the written acceptance submitted by the holder of a Class 1 Claim accepting the Plan on the Ballot in connection with solicitation of votes under the Plan.

**4.2** **Class 2 (General Unsecured Claims).**  Class 2 shall consist of Unsecured Claims. Class 2 Claims are impaired and holders of Class 2 Claims are entitled to vote.  Each holder of an Allowed Class 2 Claim shall receive, a Pro Rata Share of Net Available Cash after deductions for the payment (or appropriate reserve for) the Allowed Claims of senior classes of Claims and reserves for Disputed Claims, Professional Fees and/or Plan Expenses.  To the extent that all Allowed Class 2 Claims have been paid in full, including post-petition interest, any remaining funds in the Claims Reserve Account shall be used by the Liquidating Trust to fund distributions to the holders of Allowed Interests in Class 3.

**4.3** **Class 3 (Interests).**  Class 3 consists of the Interests held by the Interest Holders.  On the Effective Date, the Interest Holders shall have no ability to direct or control the affairs of the Debtor or the Liquidating Trust, but shall retain an interest in the Liquidating Trust to the extent the Allowed Claims of Class 2 is paid in full, including postpetition interest, at which point all Net Available Cash, net of amounts reserved for Disputed Claims, Professional Fees and/or Plan Expenses, shall be paid to the Interests Holders consistent with the extent of their Interests. Unless and until the forgoing has been satisfied, Interest Holders shall receive nothing under the Plan.

Case: 18-31087     Doc# 295     Filed: 11/07/19     Entered: 11/07/19 12:16:46     Page 23 of 139

**4.4    Nonconsensual Confirmation.**

      **4.4.1    Classes 1 and 2 Cramdown.**

The Debtor hereby requests confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code on the basis that the Plan is fair and equitable and does not discriminate unfairly as to the holders of Claims in Classes 1 and 2.

      **4.4.2    Class 3 Cramdown.**

The Debtor hereby requests confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code on the basis that the Plan is fair and equitable and does not discriminate unfairly as to the holders of Interests in Class 3.

**ARTICLE V**

**<u>SETTLEMENT WITH SETTLING FORMER PARTNERS</u>**

Pursuant to Bankruptcy Rule 9019 and Section 877.6 of the California Code of Civil Procedure, the Debtor and the Estate, the Committee, and the Settling Former Partners have agreed to the Former Partner Settlement as set forth herein and **<u>Exhibit G</u>** hereto relating to (a) the constructive fraudulent transfer claims arising from the Debtor's ordinary course cash distributions to the Settling Former Partners as either compensation, draws, or return of capital, (b) any claims arising from the Settling Former Partners' alleged breach of fiduciary duty to the Debtor, (c) any other claims the Debtor and the Estate and the Settling Former Partners have against the other, and (d) the mutual release of any claims among the Settling Former Partners.

The complete terms of the Former Partner Settlement are set forth in the Former Partner Settlement Agreement attached as **<u>Exhibit G</u>**.  The terms of such Settlement include:

(1)    The Settling Former Partners, identified on **<u>Exhibit C</u>** and in the Former Partner Settlement Agreement, will pay a total of $1,921,000.00 to the Estate, which is conditioned upon the implementation of Section 9.4 of the Plan and Section 877.6 of the California Code of Civil Procedure, and counsel to the Debtor will reduce its allowed fees on its final fee application by $10,500, so that the net economic benefit to the Estate from the settlement is $1,931,500.00. The Settling Former Partners shall each pay their respective share of the settlement amount on or before 14 days after the Effective Date.

(2)     Pursuant to Section 877.6 of the California Code of Civil Procedure, the Settling Former Partners are entering into this settlement with the Debtor in good-faith.

(3)     The Committee will be in charge of all claims against Non-Settling Former Partners and there will not be any other settlements with Non-Settling Former Partners without the Committee's consent.

(4)     As the Former Partner Settlement Agreement is a settlement, nothing in the settlement is construed as making a determination on the date the Debtor became insolvent or any other issue *vis a vis* any other claim or action against any Non-Settling Former Partner.

(5)     On or before fourteen (14) days after the Effective Date of the Plan, U.K. LLP will pay the sums separately owed to the Debtor from the liquidation of the U.K. LLP.

(6)     Each Settling Former Partner, and any Non-Settling Former Partner who enters into a settlement before or after the Effective Date, will receive the benefit of Section 9.4 of the Plan and exchange general releases with the existing Settling Former Partners that are consistent with the releases set forth in the Former Partner Settlement Agreement provided that such Settling Former Partner has paid his or her allocable share under the Former Partner Settlement Agreement or the agreement reached with the Plan Proponents or the Liquidating Trustee, as applicable.

## ARTICLE VI

## **MEANS FOR IMPLEMENTATION OF THE PLAN**

The Plan shall be implemented on the Effective Date.  In addition to the provisions set forth elsewhere in this Plan regarding means of execution, the following shall constitute the principal means for implementation of the Plan.

### 6.1     **Effective Date Transactions.**

Without limiting the generality of the foregoing, and without altering or amending the terms of the Plan in any manner, on (or, where appropriate, after) the Effective Date, the following actions shall occur:

(i)     The transactions contemplated under the Plan shall be consummated;

(ii)    The Liquidating Trust shall be capitalized with the Former Partner Settlement Payments;

Case: 18-31087     Doc# 295     Filed: 11/07/19     Entered: 11/07/19 12:16:46     Page 25 of 139

(iii)    The Liquidating Trust shall fund the Reserved Claims Pool Account with the funds necessary to establish the Reserved Claims Pool;

(iv)    The Liquidating Trust shall reserve such funds as are necessary to fund all anticipated Plan Expenses, including without limitation any anticipated litigation costs, prior to making any distributions pursuant to this Plan; and

(v)    Sections 9.3 and 9.4 of the Plan shall automatically issue without any further action or order of the Court.

**6.2    Settling Former Partner Compromise and Release.**

With respect to the Former Partner Settlement, this Plan constitutes a request for Bankruptcy Court approval of such Former Partner Settlement, including a finding from the Bankruptcy Court that such Former Partner Settlement and the Plan constitute a good faith compromise, pursuant to Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 877.6 of the California Code of Civil Procedure, and settlement of all Claims and controversies resolved pursuant to such Former Partner Settlement, including, without limitation, Claims and controversies resolved pursuant to the Plan, and that such settlement is in the best interests of the Liquidating Trust, the Debtor, the Estate, creditors, and other parties in interest, and is fair, equitable, and within the range of reasonableness. The Settling Former Partners under such Former Partner Settlement shall receive the benefits of the Section 9.4 of the Plan.

**6.3    Dissolution of the Debtor.**

On the Effective Date, the Debtor shall be deemed dissolved and shall not be required to take any further steps with respect to such dissolution. The Liquidating Trustee shall be authorized to wind up the Debtor's affairs and prepare appropriate partnership dissolution and de-registration filings, and file all appropriate tax returns.

**6.4    Resignation of Dissolution Committee.**

Upon the Effective Date, the members of the Debtor's management and the officers of the Debtor shall be deemed to have resigned, without further action, including all three members of the Debtor's Dissolution Committee.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 26 of 139

**6.5**      **Formation of the Liquidating Trust.**

The Liquidating Trust shall be established and shall become effective on the Effective Date. As of the Effective Date, the Debtor shall be deemed to have automatically transferred all of the Liquidating Trust Assets to the Liquidating Trust. All of the Debtor's right, title and interest in and to the Liquidating Trust Assets shall be automatically vested in the Liquidating Trust on the Effective Date, free and clear of liens, claims, encumbrances and other interests, and such transfer is on behalf of the Holders of Allowed Class 2 Claims, as and to the extent provided for hereunder (the "***Beneficiaries***" under the Liquidating Trust Agreement).

### 6.5.1   Execution of Liquidating Trust Agreement

After the Confirmation Date and prior to the Effective Date, the Liquidating Trust Agreement shall be executed, and all other necessary or desirable steps shall be taken to establish the Liquidating Trust and the beneficial interests therein.

### 6.5.2   Purpose of Liquidating Trust

The Liquidating Trust shall be established for the purpose of liquidating and distributing its assets and for prosecuting the Estate causes of action, in accordance with 26 C.F.R. § 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

### 6.5.3   Liquidating Trust Assets

The Liquidating Trust shall consist of the Liquidating Trust Assets, which shall be automatically vested in the Liquidating Trust on the Effective Date. All bank accounts held by the Debtor as of the Effective Date shall be held by the Liquidating Trustee in the name of the Liquidating Trust, subject to the provisions of the Plan. The Debtor shall transfer and deliver to the Liquidating Trustee all books, records, insurance policies, contracts, and other documents, including computer files and other electronic media, necessary or desirable for the Liquidating Trustee's administration of the Liquidating Trust. To the full extent permitted by law, on the Effective Date, the Debtor will be deemed to transfer to the Liquidating Trustee, all rights of the Debtor and the Estate to exercise or waive any attorney-client privilege, work-product privilege or other privilege or immunity. All such privileges shall automatically vest in the Liquidating Trust and its representatives, to the full extent permitted by law; provided, however, that the Debtor and the

JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 27 of 139

Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges.

### 6.5.4    Duration of Liquidating Trust

The Liquidating Trust shall have an initial term of five (5) years; provided, however, that the term may be extended for a finite term by either: (x) agreement of both the Liquidating Trustee and the Oversight Committee; or (y) a motion by the Liquidating Trustee or the Oversight Committee, subject to the approval of the Bankruptcy Court with jurisdiction over the Bankruptcy Case, upon a finding that an extension of the term of the Liquidating Trust is necessary to accomplish the liquidating purpose of the Liquidating Trust.

The Liquidating Trust may be terminated earlier than its initial term or other scheduled termination if (a) the Bankruptcy Court has entered a Final Order closing the Bankruptcy Case pursuant to section 350 of the Bankruptcy Code and (b) the Liquidating Trustee has administered all of the Liquidating Trust Assets and performed all other duties required by the Plan and the Liquidating Trust Agreement.

As soon as practicable after substantial consummation, and subject to approval of the Oversight Committee as provided under Section 6.13 of the Plan, the Liquidating Trustee shall seek entry of a Final Order closing the Bankruptcy Case pursuant to section 350 of the Bankruptcy Code. If at any time the Liquidating Trustee determines, in reliance upon such professionals as the Liquidating Trustee may retain, that the expense of administering the Liquidating Trust so as to make a final distribution to its Beneficiaries is likely to exceed the value of the remaining Liquidating Trust Assets, the Liquidating Trustee, subject to the approval of the Oversight Committee as provided under Section 6.13 of the Plan, shall apply to the Bankruptcy Court for entry of a Final Order closing the Bankruptcy Case and terminating the Liquidating Trust. Upon entry of such Final Order, the Liquidating Trustee shall be authorized, without further order or any approval, to disburse any funds remaining in the Liquidating Trust in accordance with the priority scheme of the Bankruptcy Code.

Case No. 18-31087
JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP
Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 28 of 139

**6.6     Management of Liquidating Trust by Liquidating Trustee.**

**6.6.1     Appointment, Resignation and Removal**

The appointment of the Liquidating Trustee shall be effective as of the Effective Date. On the Effective Date, James Gansman shall be appointed as the Liquidating Trustee. Any successor Liquidating Trustee shall be appointed by the Oversight Committee.

The Liquidating Trustee shall be deemed to have been appointed as the sole and exclusive representative of the Estate of the Debtor by the Bankruptcy Court pursuant to section 1123(b)(3)(B) of the Bankruptcy Code as of the Effective Date. On the Effective Date, the Liquidating Trustee shall be the sole authorized representative and signatory of the Liquidating Trust. The Liquidating Trustee shall have authority to render any and all services necessary or desirable to effectuate the terms of the Plan, as provided for herein and subject to the oversight of the Oversight Committee as provided for herein. The powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

The Liquidating Trustee may resign upon not less than thirty (30) calendar days' prior written notice to the Oversight Committee, provided that no such resignation shall be effective until the earlier of (i) the expiration of the thirty (30) calendar day notice period of the resignation, or (ii) the date the Liquidating Trustee receives the Oversight Committee's written acknowledgment of the resignation.

Any person serving as Liquidating Trustee may be removed by the Oversight Committee in its sole and absolute discretion for any or no reason, which removal shall become effective upon the delivery to the removed Liquidating Trustee of a written notice of removal by the Oversight Committee.

**6.6.2     Term**

Unless the Liquidating Trustee resigns, is removed, or otherwise is unable to continue, the Liquidating Trustee's term shall expire upon termination of the Liquidating Trust pursuant to the Plan and Liquidating Trust Agreement.

Case: 18-31087     Doc# 295     Filed: 11/07/19     Entered: 11/07/19 12:16:46     Page 29 of
139

### 6.6.3  Powers and Duties

The Liquidating Trustee shall have the rights and powers set forth in the Liquidating Trust Agreement including, but not limited to, the powers and duties of a trustee or debtor in possession under Bankruptcy Code sections 1106(a), 1107 and/or 1108. Pursuant to Bankruptcy Code section 1123, the Liquidating Trustee shall be the successor to and representative of the Debtor, the debtor in possession and the Estate for all purposes consistent with the Plan and Liquidating Trust Agreement. The Liquidating Trustee shall administer the Liquidating Trust, and the Liquidating Trust Assets, and make distributions from the proceeds of the Liquidating Trust in accordance with the Plan and Liquidating Trust Agreement, subject to the oversight of the Oversight Committee where specifically provided for herein. In addition, the Liquidating Trustee shall take all actions necessary and appropriate to wind down the affairs of the Debtor consistent with the Plan and any applicable non-bankruptcy law, subject to the oversight of the Oversight Committee where specifically provided for herein. Without limitation, to the extent applicable, the Liquidating Trustee shall file final federal, state, foreign and local tax returns for the Debtor. Subject to the terms of the Liquidating Trust Agreement, and subject to oversight by the Oversight Committee as to certain material transactions and other matters where specified herein, including matters described under Section 6.13, the Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary or desirable to comply with the Plan and fulfill the duties and obligations arising hereunder including, without limitation, to:

(a)     Object to the allowance of Claims;

(b)     Open, maintain and administer bank accounts;

(c)     Engage employees and professional persons as necessary or desirable to assist in carrying out the provisions of and purposes underlying the Plan and Liquidating Trust Agreement;

(d)     Incur and pay reasonable fees, costs, and expenses in connection with administering the Liquidating Trust and implementing the terms of the Plan and Liquidating Trust Agreement, including the reasonable fees, costs and expenses of retained professionals and including the reasonable expenses of the members of the Oversight

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 30 of 139

Committee, in accordance with the provisions of the Plan and the Liquidating Trust Agreement;

(e) Expend the Liquidating Trust Assets as necessary to maintain the value of the assets of the Liquidating Trust during liquidation;

(f) Pay the reasonable and necessary expenses incurred by the Oversight Committee, in accordance with the provisions of the Plan and the Liquidating Trust Agreement;

(g) Investigate, analyze, commence, prosecute, litigate, compromise and otherwise administer the Estate causes of action, and take all other necessary and appropriate steps to collect, recover, settle, liquidate or otherwise reduce the Liquidating Trust Assets to Cash;

(h) Approve compromises of Estate causes of action and all Claims, and execute all necessary and appropriate documents to effectuate such settlements, without notice to any party and without further order of the Bankruptcy Court;

(i) Administer, sell, liquidate, or otherwise dispose of the Liquidating Trust Assets in accordance with the terms of the Plan and the Liquidating Trust Agreement;

(j) Represent the Liquidating Trust before the Bankruptcy Court and other courts of competent jurisdiction, if necessary, with respect to matters regarding the administration of the Liquidating Trust;

(k) Comply with any applicable orders of the Bankruptcy Court and any other court of competent jurisdiction, and all applicable laws and regulations, concerning the matters set forth herein;

(l) Hold legal title to any and all rights of the Debtor, the Estate and the Beneficiaries under the Liquidating Trust Agreement in or arising from the Liquidating Trust Assets;

(m) In reliance upon the Schedules and the claims register maintained in the Bankruptcy Case, maintain on the Liquidating Trustee's books and records a register evidencing the beneficial interest held by each Beneficiary under the Liquidating Trust Agreement;

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 31 of 139

(n)     Make all distributions to the holders of Allowed Claims provided for, or contemplated by, the Plan and Liquidating Trust Agreement;

(o)     Establish and maintain the reserves required by the Plan;

(p)     Make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Liquidating Trust and file tax returns for the Liquidating Trust as a grantor trust in accordance with 26 C.F.R. § 1.671-4(a);

(q)     Pay any taxes imposed on the Liquidating Trust;

(r)     As soon as reasonably practicable after the Effective Date, make a good faith valuation of the Liquidating Trust Assets which shall be made available from time to time, to the extent relevant, and used consistently by all parties for all income tax purposes;

(s)     Carry insurance coverage if the Liquidating Trustee deems such insurance necessary and appropriate in his sole and absolute discretion;

(t)     Exercise such other powers as may be vested in the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement, the Confirmation Order, or other Final Orders of the Bankruptcy Court;

(u)     Execute any documents, instruments, contracts or agreements necessary or desirable to carry out the powers and duties of the Liquidating Trustee;

(v)     Provide to the Oversight Committee such reports on the progress of the Plan, as required under the Plan, as may be reasonably requested by the Oversight Committee; and

(w)     Stand in the shoes of the Debtor, the debtor in possession and the Estate for all purposes consistent with the Plan and Liquidating Trust Agreement.

### 6.6.4   Fees and Expenses

Subject to and in accordance with the provisions of the Plan, the Confirmation Order, the Liquidating Trust Agreement and any other Final Order of the Bankruptcy Court, the Liquidating Trustee shall be entitled to receive reasonable compensation for services rendered on behalf of the Liquidating Trust and reimbursement of reasonable and necessary expenses. The compensation of

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 32 of 139

the Liquidating Trustee shall be set forth in the Liquidating Trust Agreement or otherwise disclosed in a filing with the Bankruptcy Court. Compensation of the Liquidating Trustee and other costs and expenses of administration of the Liquidating Trust, including, without limitation, the fees and expenses of retained counsel, accountants or other professionals, shall be paid out of the Liquidating Trust Assets, from Available Cash or any reserve created for administrative expenses, as applicable.

The Liquidating Trustee shall not be required to file a fee application or otherwise seek approval of the Bankruptcy Court to receive compensation, including compensation for counsel for the Liquidating Trustee and other retained professionals, but such compensation shall be subject to the oversight of the Oversight Committee as follows: The fees, costs and expenses of the Liquidating Trustee, counsel for the Liquidating Trustee and any other retained professionals, may be paid out of the Liquidating Trust Assets not earlier than (a) ten (10) calendar days after written notice of the proposed action and service of the relevant invoices and/or other relevant documentation on the Oversight Committee and a majority of the Oversight Committee has not objected to such action in writing, or (b) in the event of objection by a majority of the Oversight Committee received by the Liquidating Trustee within such ten (10) day period, the date of approval by Final Order of the Bankruptcy Court.

### 6.6.5 Retention of Professionals

On or after the Effective Date, subject to Section 6.13, the Liquidating Trustee may retain such professionals (including, without limitation, attorneys and accountants) as may be deemed necessary or desirable by the Liquidating Trustee to assist in carrying out the provisions of and purposes underlying the Plan and Liquidating Trust Agreement. The Liquidating Trustee may retain Professionals who represented parties in interest the Bankruptcy Case.

### 6.6.6 Investment

Subject to the oversight of the Oversight Committee, the powers of the Liquidating Trustee to invest any Cash that is an asset of the Liquidating Trust, other than those powers reasonably necessary to maintain the value of the Liquidating Trust Assets and to further the liquidating purpose of the Liquidating Trust, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary liquid

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 33 of 139

investments, such as treasury bills. The Liquidating Trustee is prohibited from continuing or engaging in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the Plan. Other than as provided in the Plan, the Liquidating Trust Agreement, the Confirmation Order or other Final Order of the Bankruptcy Court, the Liquidating Trustee is not empowered to incur indebtedness.

### 6.6.7 No Recourse to Estate Representatives

Notwithstanding that the Allowed amount of any particular Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is Allowed in an amount for which there is insufficient Cash in the relevant fund or reserve to provide a recovery equal to that received by other holders of Allowed Claims in the relevant Class, no Claim holder shall have recourse to the Debtor, the Estate, the Liquidating Trust, the Oversight Committee or the Liquidating Trustee, or any of their respective professionals, or their agents (including employees, officers and the like), successors or assigns, or the holder of any other Claim, or any of their respective property. However, nothing in the Plan shall modify any right of a holder of a Claim under section 502(c) of the Bankruptcy Code. Thus, the Bankruptcy Court's entry of an estimation order under Bankruptcy Code section 502(c) may limit the distribution to be made on Disputed Claims, regardless of the amount finally Allowed on account of such Disputed Claims.

### 6.6.8 Reporting Requirements

Following the Effective Date, the Liquidating Trustee shall report to the Oversight Committee on the progress of the implementation of the Plan, including such matters as the amount distributed to Holders of Allowed Claims, the status of the prosecution of the Causes of Action, and amounts reserved for the Administrative Reserve and Disputed Claims Reserve.

### 6.7 Retained Claims and Defenses.

Except as otherwise limited by Section 6.13, on and after the Effective Date, pursuant to section 1123(b)(3) of the Bankruptcy Code, the Liquidating Trust, acting through the Liquidating Trustee, shall retain and may enforce the Retained Claims and Defenses with all powers and authority of a debtor in possession or trustee under the Bankruptcy Code.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 34 of
139

### 6.7.1  Bankruptcy Rule 2004.

In the course of any ongoing investigations, the Liquidating Trustee shall have the right post-confirmation to utilize Bankruptcy Rule 2004 examinations, to be enforced pursuant to Bankruptcy Rule 2005.

### 6.7.2  Standing.

To the extent any Retained Claims and Defenses are already pending on the Effective Date, the Liquidating Trustee as successor to the Debtor may continue the prosecution of such Retained Claims and Defenses.  Without limiting the foregoing, the Liquidating Trustee, acting on behalf of the Liquidating Trust, shall accede to and become the holder of all rights in and to any confidentiality agreements, joint defense agreements, and privilege agreements, as well as rights pursuant to attorney-client privilege, attorney work product and any other or similar doctrine, of the Debtor and the Committee.  Any proceeds received from or on account of the Retained Claims and Defenses shall constitute Liquidating Trust Assets and shall vest entirely in the Liquidating Trust.

### 6.8    Avoidance Actions.

On and after the Effective Date, the Liquidating Trust, acting through the Liquidating Trustee, shall retain and may enforce the Avoidance Actions with all powers and authority of a debtor in possession or trustee under the Bankruptcy Code.  The Liquidating Trustee may investigate Avoidance Actions and may assert, settle or enforce any such claims or defenses. To the extent any Avoidance Actions are already pending on the Effective Date, the Liquidating Trustee as successor to the Debtor may continue the prosecution of such Avoidance Actions.  Any proceeds received from or on account of the Avoidance Actions shall constitute Liquidating Trust Assets and shall vest entirely in the Liquidating Trust.

### 6.9    Claims Reserve Account.

On or as soon as practical following the Effective Date, the Claims Reserve Account shall be opened by the Liquidating Trustee and held by the Liquidating Trust and funded by all Cash not deposited in the Reserved Claims Pool Account, which funds (minus Plan Expenses) shall be held for the benefit of holders of Claims in Classes 1 and 2.  Unless otherwise provided in the Confirmation Order, the Claims Reserve Account shall be invested by the Liquidating Trustee in a

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 35 of 139

manner consistent with the objectives of section 345(a) of the Bankruptcy Code. All duties and obligations associated with the maintenance of the Claims Reserve Account, including but not limited to, any fees, taxes, tax reporting or filings with any governmental authority, shall be the sole responsibility of the Liquidating Trustee.

**6.10    Liquidating Trust Liquidation Budget.**

Upon the Effective Date, the Liquidating Trustee shall exercise his business judgment and reserve the estimated amount of two (2) years' U.S. Trustee fees and may reserve additional funds post confirmation based on information available at the time in the exercise of his or her business judgment.

**6.11    Limitation of Liability of Liquidating Trustee and the Oversight Committee.**

The Liquidating Trustee, the Oversight Committee (including its members individually) and their attorneys, accountants, consultants, employees, agents and assignees, heirs, successors, and assigns, shall have no liability for any error of judgment made in good faith other than as a result of gross negligence or willful misconduct. The Liquidating Trustee and the Oversight Committee (including its members individually) shall not be liable for any action taken or omitted in good faith and believed by them to be authorized within the discretion or rights or powers conferred upon them by this Plan or the New Plan Documents. In performing his duties hereunder, the Liquidating Trustee may consult with counsel selected by him, at the expense of the Liquidating Trust. No provisions of this Plan shall require any employee, officer or director of the Liquidating Trustee or the Oversight Committee (including its members individually) to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of duties under this Plan or in the exercise of any of the Liquidating Trustee's rights and powers. The Liquidating Trust shall indemnify and hold the Liquidating Trustee and the Oversight Committee (including its members individually) harmless, from and against any damages, costs, claims and other liabilities incurred in connection with their respective duties and responsibilities hereunder, other than those damages, costs, claims and other liabilities that result from such party's gross negligence or willful misconduct. Notwithstanding the above, nothing in this paragraph shall shield a Professional

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 36 of 139

employed by the Liquidating Trustee and/or the Oversight Committee from injuries caused by his or her negligence in the performance of his or her duties.

### 6.12    Dissolution of Committee.

Upon the Effective Date, the members of the Committee shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from and in connection with the Chapter 11 Case, and the Committee shall be dissolved, and the retention or employment of the Committee's respective attorneys, accountants and other agents shall terminate. Following the Effective Date, the Committee's Professionals are entitled to seek payment for the reasonable and documented fees and expenses related to their services provided on or before the Effective Date as well as any reasonable fees and expenses incurred in preparing final fee applications for services rendered prior to the Effective Date.  The Committee elected representative to the Oversight Committee shall remain in full force and effect and shall survive the Committee's dissolution.

### 6.13    Powers of the Oversight Committee.

From and after the Effective Date, the Oversight Committee shall replace the Committee for as long as the Oversight Committee has at least one active member. Any member may resign from the Oversight Committee by serving written notice to all members of the Oversight Committee and to the Liquidating Trustee.  Such written notice may specify the date of resignation.  The Plan shall amend the existing Committee bylaws to provide: (a) in the event that there is a tie vote on a motion presented to the Oversight Committee, the motion shall be decided based on the aggregate claim amounts of the voting members, and (b) to make the minimum number of Oversight Committee members one (1).  The Oversight Committee may utilize the Professionals of the Liquidating Trust or retain their own Professionals in the Oversight Committee's discretion.  The Liquidating Trustee shall send the Oversight Committee members monthly status reports regarding the status of the Retained Claims and Defenses and quarterly reports on the status of the Liquidating Trust's progress administering Liquidating Trust Assets. The Liquidating Trustee shall work with the Chair of the Oversight Committee to schedule Oversight Committee meetings as needed.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 37 of 139

The Liquidating Trustee shall advise the Oversight Committee on the progress of the liquidation and seek its advice on major issues in the liquidation process. With respect to the matters listed below, the Liquidating Trustee must obtain either (x) the approval of the Oversight Committee, which approval shall be deemed to be granted if the Liquidating Trustee gives written notice (by email or otherwise) to the Oversight Committee of a proposed action and the Oversight Committee fails to object in ten (10) calendar days; or (y) an order of the Bankruptcy Court authorizing the proposed action. The matters on which such approval must be obtained are:

(a)     The settlement of an Estate cause of action or a Claim against the Estate involving an amount in controversy in excess of $100,000;

(b)     The sale, abandonment, or other disposition of an Estate Asset with a fair market value in excess of $100,000; and

(c)     The retention of professionals for the Liquidating Trust and/or Liquidating Trustee.

**6.14    Material Default Under the Plan.**

Failure to make any payment required to be made under the Plan by the Liquidating Trust shall be considered a default under the Plan. If any default is not cured within 35 days after service of written notice of such default to the Liquidating Trust, the U.S. Trustee, any affected Creditor, or any affected party in interest asserting such default may seek to enforce its rights under the Plan.

**6.15    Payment of Plan Expenses.**

All Plan Expenses may be paid by the Liquidating Trust.

**6.16    Distribution Procedures.**

Distributions to holders of Allowed Claims in Classes 1 through 3 shall be made as soon as practicable as determined by the business judgment of the Liquidating Trustee based upon the amount of funds to be distributed relative to the administrative costs of making a distribution. Because both the timing and the amount of distributions to Unsecured Creditors are dependent on the proceeds from the prosecution of the Retained Claims and Defenses and Avoidance Actions, it would be imprudent to provide an estimate as to when distributions will be made under the Plan. To the extent not accomplished previously, the Liquidating Trustee shall promptly move to file objections to Claims with the goal being that all objections be filed and served not later than 270

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 38 of 139

days following the Effective Date, provided that such date shall not bar later objections.

Notwithstanding the preceding sentence, no distributions shall be made on account of Class 1 Claims until all objections to Claims have been filed. No payments or distributions shall be made by the Liquidating Trust on account of Disputed Claims unless and to the extent such Claims become Allowed Claims.  The funds allocated to Disputed Claims will not be distributed, but will be held in the Claims Reserve Account by the Liquidating Trust in accordance with this Plan pending resolution of such Disputed Claims.  Except as otherwise agreed by the holder of a particular Claim, or as provided in this Plan, all amounts to be paid by the Liquidating Trust under the Plan shall be distributed in such amounts and at such times as is reasonably prudent, in the form of interim and/or final distributions, with sufficient reserves established to satisfy the reserve requirements for Disputed Unsecured Claims, Professional Fees and anticipated Plan Expenses.  Unless otherwise provided in this Plan, all distributions to Creditors shall be: (i) in U.S. dollars by check, draft or warrant, drawn on a domestic bank, or by wire transfer from a domestic bank, and (ii) by first-class mail (or by other equivalent or superior means as appropriate).

**6.17    Resolution of Disputed Claims.**

Liquidating Trustee shall promptly move to file objections to Claims that have not been previously objected to with the goal being that all objections be filed and served not later than 270 days following the Effective Date, provided that such date shall not bar later objections.  Except as otherwise provided in the Confirmation Order, the Liquidating Trust shall be authorized to settle, or withdraw any objections to, any Disputed Claim (including Malpractice Claims) following the Confirmation Date in accordance with the terms of the Plan, as applicable, and the Bankruptcy Court shall retain jurisdiction to hear and adjudicate the allowance or disallowance of Claims, as provided for in Article X of this Plan.  Settled Claims shall be deemed to be Allowed Claims in the amount compromised for purposes of this Plan.  Under no circumstances will any distributions be made on account of Disallowed Claims.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 39 of 139

**6.18    Reserve Provisions for Disputed Claims.**

The Liquidating Trust shall implement the following procedures with respect to the allocation and distribution of Cash held in reserve for the benefit of holders of Disputed Claims that may become Allowed Claims:

(i)    Cash respecting Disputed Claims shall not be distributed, but shall be withheld by the Liquidating Trust, in an amount equal to the amount of the distributions that would otherwise be made to the holders of such Claims if such Claims had been Allowed Claims;

(ii)    All holders of Allowed Claims shall be entitled to receive, if available, interim distributions under the Plan.  No distributions may be made to the holders of Allowed Claims unless adequate reserves are established for the payment of Disputed Claims and sufficient funds are also reserved for expected Professional Fees and Plan Expenses;

(iii)    For the purposes of effectuating the provisions of this Article VI, the Bankruptcy Court may estimate the amount of any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, which provides, "There shall be estimated for the purpose of allowance under this section—(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or (2) any right to payment arising from a right to an equitable remedy for breach of performance."  The amounts so fixed or liquidated by the Bankruptcy Court shall be deemed to be Allowed Claims for purposes of distribution under this Plan, or alternatively, until such time as the Claim becomes Allowed, the amount so fixed by the Bankruptcy Court shall serve as the basis to calculate the appropriate Disputed Claim reserve;

(iv)    When a Disputed Claim becomes an Allowed Claim, there shall be distributed to the holder of such Allowed Claim, in accordance with the provisions of this Plan, Cash equal to the holder's Pro Rata Share of the Distributions that have previously been made on account of the Claims in the same class.  In no event shall such holder be paid more than the amount that would otherwise have been paid to such holder if the Disputed Claim (or the Allowed portion of the Disputed Claim) had not been a Disputed Claim;

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 40 of 139

(v)     Interim distributions may be made from time to time to the holders of Allowed Claims prior to the resolution by Final Order or otherwise of all Disputed Claims, provided that, such distributions are otherwise consistent with the terms of this Plan and the aggregate amount of Cash to be distributed at such time is practicable in comparison to the anticipated costs of such interim distributions;

(vi)    No holder of a Disputed Claim shall have any Claim against the Cash reserved with respect to such Claim until such Disputed Claim shall become an Allowed Claim.  In no event shall any holder of any Disputed Claim be entitled to receive (under the Plan or otherwise) any payment (x) which is greater than the amount reserved for such Claim pursuant to this Article VI (unless the Claim is otherwise allowed in a greater amount by the Bankruptcy Court) or (y) except as otherwise permitted under this Plan, of interest or other compensation for delays in distribution.  In no event shall the Liquidating Trustee have any responsibility or liability for any loss to or of any amount reserved under these provisions of this Plan unless the loss is caused by the Liquidating Trustee's gross negligence or willful misconduct;

(vii)   To the extent a Disputed Claim ultimately becomes an Allowed Claim in an amount less than the Disputed Claims Amount reserved for such Disputed Claim, then the resulting surplus of cash shall be made available for redistribution to other holders of Allowed Claims of like class until such time as each holder of an Allowed Claim has been paid the Allowed amount of its Claim.

**6.19    Allocation of Distributions.**

Distributions to any holder of an Allowed Claim shall be allocated first to the principal amount of any such Allowed Claim, as determined for federal income tax purposes, and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

**6.20    Rounding.**

Whenever any payment of a fraction of a cent would otherwise be called for the actual distribution shall reflect a rounding of such fraction down to the nearest cent.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 41 of 139

**6.21    De Minimis Distributions.**

Notwithstanding any other provision of this Plan, distributions of less than $250 need not be made by the Liquidating Trust on account of any Allowed Claim, provided that, distributions that would otherwise be made but for this provision shall carry over until the next date of a distribution until the cumulative amount to which any holder of an Allowed Claim is entitled is equal to or more than $250, at which time the cumulative amount of such distributions shall be paid to such holder. Distributions that will not be made as of the date of a final distribution shall be treated as unclaimed distributions as provided in Article VI of this Plan.

Notwithstanding any other provision of this Plan, at the point when the remaining funds in the Claims Reserve Account consist of an amount impracticable to distribute, the Liquidating Trust may donate (or authorize the Liquidating Trustee to donate) such Cash to a nonprofit organization or organizations in this judicial district that are exempt pursuant to section 501(c) of the Internal Revenue Code (Title 26 of the United States Code).

**6.22    Disputed Payments.**

In the event of any dispute between and among Creditors as to the right of any entity to receive or retain any payment or distribution to be made to such entity under the Plan, the Liquidating Trust may, in lieu of making such payment or distribution to such entity, instead hold such payment or distribution until the disposition thereof shall be determined by the Bankruptcy Court.

**6.23    Unclaimed Property.**

Creditors have the obligation to file change of address forms with the Court and to serve such changes of address on the Liquidating Trustee and his counsel.  If a Claimant fails for the second consecutive time to claim any Cash within 90 days from the date upon which a distribution is made, such Claimant shall be subject to having its claim excluded from future distributions.  The Liquidating Trustee shall file an omnibus Post Confirmation Motion and Opportunity for Hearing seeking to exclude such Claimants from future distributions and shall serve such Claimants at the address on Claimants' proof of claim, if any, on the address scheduled by the Debtor for such Claimants, on any addresses supplied by Claimants in any and all change of address filings filed

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 42 of 139

with the Court, and if available on any agents for service of process addresses that are available from the California Secretary of State and any other states in which the Debtor did business (but only to the extent that such agents for service of process are available from the Secretary of State's web sites without charge). Upon Court approval of the subject Claimants' forfeiture, such Cash (including interest thereon) shall be made available for re-distribution to other holders of Allowed Claims of like Class. Entities which fail to claim Cash shall forfeit their rights thereto and shall have no claim whatsoever against the Liquidating Trust or the Liquidating Trustee, as applicable, or any holder of an Allowed Claim to whom distributions are made under this Plan, provided, however, that the Liquidating Trustee may but is not required to undertake reasonable efforts, in his business judgment, to locate creditors whose distributions are returned.

### 6.24 Malpractice Policies Remain In Force.

Except as provided in this Section 6.24, nothing in the Plan, the Confirmation Order, any other documents related thereto or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases): (i) shall alter the terms and conditions of any of the Malpractice Policies or the coverage provided pursuant thereto; and (ii) shall alter the obligations of the insurers or anyone acting on their behalf under such Malpractice Policies, which shall continue following the Effective Date in accordance with the term and conditions under such Malpractice Policies and applicable law; *provided*, *however*, Aspen Specialty Insurance Company and Peleus Insurance Company may use the $250,000 Insurance Deductible being held under the Malpractice Policies described in **Exhibit D** towards the satisfaction of Insurance Deductible in connection with any single claim or multiple claims covered under such policies. In the event an insurer under a Malpractice Policy retains an Insurance Deductible after all claims under such Malpractice Policies have been resolved or the Malpractice Policies' limits are exhausted, the excess cash for such Insurance Deductible shall be returned to the Liquidating Trustee for the benefit of the Liquidating Trust. For the avoidance of doubt, all rights and obligations under the Malpractice Policies shall be determined under the applicable Malpractice Policies and applicable non-bankruptcy law.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 43 of 139

### 6.25 Other Insurance Policies Remain in Force.

Notwithstanding anything to the contrary in the Plan, the Confirmation Order, any other documents related thereto or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases): (i) nothing in this Plan shall alter the terms and conditions of any of the Other Insurance Policies or the coverage provided pursuant thereto; (ii) the obligations of the insurers or anyone acting on their behalf under such Other Insurance Policies shall continue following the Effective Date in accordance with the term and conditions under such Other Insurance Policies and applicable law; and (iii) the automatic stay under section 362(a) of the Bankruptcy Code and any other prohibition set forth in this Plan, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to permit: (a) claimants with workers' compensation claims or with direct action claims against an insurer or anyone acting on their behalf under applicable non-bankruptcy law to proceed with their claims; (b) insurers and third party administrators to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court (1) workers' compensation claims, (2) claims where a claimant asserts a direct claim against any insurer or third party administrator under applicable non-bankruptcy law, or an order has been entered by this Bankruptcy Court granting a claimant relief from the automatic stay or any other prohibition under this Plan to proceed with its claim, and (3) all costs in relation to each of the foregoing; (c) the insurers and anyone acting on their behalf to cancel any Other Insurance Policies if permitted by law, (d) insured parties to seek coverage in accordance with the terms and conditions under the applicable Other Insurance Policies, and (e) and take other actions relating thereto, each only to the extent permissible under applicable non-bankruptcy law and in accordance with the terms of the Other Insurance Policies. For the avoidance of doubt, all rights and obligations under the Other Insurance Policies shall be determined under the applicable Other Insurance Policies and applicable non-bankruptcy law.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 44 of 139

**6.26   Setoffs.**

Nothing contained in this Plan shall constitute a waiver or release by the Debtor of any right of setoff or recoupment that the Debtor or the Liquidating Trust may have against any Creditor or Interest Holder.

**6.27   No Distributions on Late-Filed Claims.**

Except as otherwise provided in a Final Order of the Bankruptcy Court, any Claim as to which a proof of Claim was first filed after the Bar Date shall be a Disallowed Claim, and no distribution shall be made to a holder of such a Claim, provided that, to the extent such Claim was listed in the Schedules (other than as contingent, disputed, or unliquidated), such Claim shall be treated as an Allowed Claim in the amount in which it was so listed.

**6.28   Withholding Taxes.**

Pursuant to section 346(f) of the Bankruptcy Code, the Liquidating Trust shall be entitled to deduct any federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate.  The Liquidating Trust shall comply with all reporting obligations imposed on it by any governmental unit.

**6.29   Post-Effective Date Reports.**

Following the Effective Date, the Liquidating Trustee shall prepare and submit to the Bankruptcy Court and the Office of the United States Trustee, post-confirmation reports in the form suggested by the Office of the United States Trustee for Region 17.  The first post-confirmation report shall be due within thirty (30) days following the end of the first calendar quarter from the Effective Date and shall be filed on a quarterly basis thereafter within thirty (30) days after the end of each quarter, unless otherwise agreed by the Liquidating Trustee and the Office of the United States Trustee.  Twice yearly, the Liquidating Trustee shall also provide oral reports to Claimants to be held at a convenient location in San Francisco (the "Liquidating Trustee Meetings with Claimants"), or by conference call.  Claimants can participate in the Liquidating Trustee Meetings with Claimants by executing a disclosure of potential conflicts form, and a confidentiality and common interest agreement and returning it to the Liquidating Trustee or his Counsel at or prior to the commencement of any meeting.  The Liquidating Trustee in the exercise of his business

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 45 of 139

judgment may exclude any Claimant who presents a conflict that makes participation in such meeting inappropriate from any relevant portion of such meeting. The Liquidating Trustee shall serve on all members of the Post Confirmation Service List a notice of each meeting at least thirty days prior to each Liquidating Trustee Meetings with Claimants. Claimants that elect to participate in these meetings, shall have no fiduciary duty to any other Claimant to act on or respond to any information provided by the Liquidating Trustee at the meetings, and shall have no liability to any Claimant or party for any opinions expressed by a Claimant at any Liquidating Trustee Meetings with Claimants.

### 6.30    Post-Effective Date Employment and Compensation of Professionals.

After the Effective Date, the Liquidating Trustee may retain any existing Professionals of the Committee or the Debtor without further employment agreements or orders. Additionally, after the Effective Date, the Liquidating Trustee may hire other professionals without the requirement that such professionals file employment applications for Bankruptcy Court approval of their employment, whether on an hourly, contingency fee or other basis, and without requirement that such professionals file applications for payment of post-Effective Date fees and expenses on an interim basis.

### 6.31    Final Decree.

Upon substantial consummation of the Plan, the Liquidating Trustee shall be authorized to file a motion for the entry of a final decree closing the Chapter 11 case pursuant to section 350 of the Bankruptcy Code. Concurrently with the motion for entry of final decree, the Liquidating Trustee shall also file a report with the Court and the Office of the United States Trustee that sets forth the distributions made by the Liquidating Trust pursuant to the Plan.

### 6.32    Procedures for Post-Confirmation Motion and Opportunity for Hearing.

A Post-Confirmation Motion and Opportunity for Hearing shall be served on the Post-Confirmation Service List and shall: (i) detail the requested relief; (ii) provide evidentiary support; and (iii) give any and all parties in interest fourteen (14) calendar days to file written opposition with the Court and to request a hearing. If no opposition is filed, the Court may act on the Post Confirmation Motion and Opportunity for Hearing without hearing.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 46 of 139

# ARTICLE VII

## EXECUTORY CONTRACTS

### 7.1 Executory Contracts.

#### 7.1.1 Assumption.

Upon the Effective Date, the Debtor will reject each and all of its Executory Contracts except for any Assumed Contracts identified on **Exhibit A**, which shall be assumed. The Proponents jointly reserve the right to make additions to **Exhibit A** up to 14 days prior to the date on which objections must be filed to the Plan with respect to the Confirmation Hearing. The Liquidating Trust shall be responsible for all Cure Obligations with respect to the Assumed Contracts as set forth in **Exhibit A** or as determined by the Bankruptcy Court.

#### 7.1.2 Rejection.

Nothing contained herein shall constitute a waiver by the Debtor or the Liquidating Trust of the right to contend that some or all of a Rejected Contract is not executory, or that it was not terminated earlier by agreement or operation of law. Any Rejection Claim arising from the rejection of an Executory Contract pursuant to the Plan shall be filed within thirty-five (35) days of entry of the Confirmation Order, provided that such deadline is not applicable to any Executory Contract rejected prior to the Effective Date and for which a different Rejection Claim Bar Date was previously fixed by the Bankruptcy Court pursuant to Bankruptcy Rule 3002(c)(4). The notice of entry of the Confirmation Order shall provide the Rejection Claim Bar Date for agreements rejected pursuant to the Plan. Any Rejection Claim not filed by the applicable Rejection Claims Bar Date shall be a Disallowed Claim and shall be forever barred as a Claim against the Debtor, the Liquidating Trust, or any property of the Debtor and from sharing in any distribution under this Plan.

### 7.2 Satisfaction of Cure Obligations.

The Liquidating Trust shall satisfy any Cure Obligations for the Assumed Contracts by making a Cash payment equal to the lesser of the amount: (a) set forth on Exhibit A hereto, (b) set forth in any other notice, motion or supplement to the Plan filed and served in connection with the Confirmation Hearing or as may be determined in an Assumption and Cure Order, or (c) agreed to in writing between the Liquidating Trust and the non-debtor parties to such contracts or leases. The

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 47 of 139

Debtor has attached a schedule of proposed Cure Obligations to the Disclosure Statement approved by the Court pursuant to section 1125 of the Bankruptcy Code. Objections, if any, to the Cure Obligations must be filed fourteen (14) days prior to the Confirmation Hearing. The Liquidating Trust shall satisfy the Cure Obligations within fourteen (14) days from the date from which an Assumed Contract is assumed pursuant to section 365(b) of the Bankruptcy Code.

### 7.3    Post-Petition Executory Contracts and Unexpired Leases.

Except as may be provided otherwise by the Confirmation Order, all agreements and stipulations entered into by the Debtor on or after the Petition Date, and all Executory Contracts previously assumed by the Debtor on or after the Petition Date, shall remain in full force and effect following Confirmation to the extent and in the manner set forth in such agreements, stipulations and Assumed Contracts or leases, in each case as approved and authorized by the Bankruptcy Court, and as the same may have been amended, modified or transferred.

### 7.4    Order Authorizing Assumption or Rejection.

The Confirmation Order (or if set forth in a separate order from the Confirmation Order, the Assumption and Cure Order applicable to such Assumed Contract) shall constitute an order of the Bankruptcy Court approving (effective only upon the occurrence of the Effective Date) the assumption or rejection, as the case may be, pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code of all Executory Contracts under this Article of the Plan. The contracts and leases under this Article VI will be assumed or rejected, respectively, only to the extent that any such contracts or leases constitute Executory Contracts.

## ARTICLE VIII

## CONDITIONS PRECEDENT

### 8.1    Conditions to Confirmation.

Confirmation of this Plan is conditioned upon the entry of an order confirming the Plan which shall, among other things, (1) decree that the Plan and the Confirmation Order shall supersede any Bankruptcy Court orders issued prior to the Effective Date that are inconsistent therewith; (2) authorize the implementation of the Plan in accordance with its terms; (3) contain findings supported by evidence adduced at the Confirmation Hearing that upon the occurrence of

-42-

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 48 of 139

the Effective Date, that the Plan is proposed in good faith, that all actions contemplated by the Plan necessary to implement the restructuring contemplated by the Plan are authorized by all corporate action; (4) implement Sections 9.3 and 9.4 of the Plan, effective as of the Effective Date; (5) decree that on the Effective Date, the transfer of the Liquidating Trust Assets to the Liquidating Trust contemplated by the Plan is or will be legal, valid and effective, and such transfer to the Liquidating Trust of good and marketable title to such property free and clear of all Liens, Claims, and Interests except as provided in the Plan; and (6) confirm the Plan and authorize implementation in accordance with its terms. If any of the foregoing terms and conditions is not met, the Proponents may, at their option, withdraw this Plan and, if withdrawn, this Plan shall be of no further force or effect.

### 8.2 Conditions to Effective Date.

Any time after fourteen (14) days after the Confirmation Order is entered (and provided no stay is then in effect) and the conditions to confirmation set forth in Section 8.1 of the Plan have been satisfied, the Proponents shall have the power and authority to cause the Plan to become effective, and the Effective Date shall occur upon the closing of the transactions contemplated herein. The Proponents shall file a notice with the Bankruptcy Court on the Effective Date.

### ARTICLE IX

### EFFECTS OF CONFIRMATION

### 9.1 Binding Effect of Plan.

The provisions of the confirmed Plan shall bind the Debtor, the Liquidating Trust, the Committee, and any Creditor or Interest Holder, whether or not such Creditor or Interest Holder has filed a proof of Claim or Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Interest of such Interest Holder is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan. All Claims and Debts shall be as fixed and adjusted pursuant to this Plan.

### 9.2 Transfer of Liquidating Trust Assets to Liquidating Trust.

Upon the Effective Date, title to all Liquidating Trust Assets shall automatically be transferred to and vest in the Liquidating Trust free and clear of liens, claims, interests and other

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 49 of 139

encumbrances as set forth in Section 6.5 above. All Unsecured Claims against the Debtor or the Estate shall be of no further force or effect except with respect to the rights of holders of Allowed Claims to receive payments or distributions as set forth herein. Following the Effective Date, the Liquidating Trust may use, acquire or dispose of any such property free of any restrictions imposed by the Bankruptcy Court, the Bankruptcy Code or the Bankruptcy Rules and without further approval of the Bankruptcy Court or notice to Creditors, except as may otherwise be required under the Plan or the Confirmation Order. Except as otherwise expressly provided in the Plan or Confirmation Order, all rights or causes of action are hereby preserved and retained for enforcement solely and exclusively by and at the discretion of the Liquidating Trust.

**9.3    Implementation of Plan Provisions.**

Upon the Effective Date, and except as otherwise provided by the Plan, all persons or entities who have held, hold or may hold Claims against or Interests in the Debtor or the Debtor's Estate that arose prior to the Effective Date are required to seek relief on account of such Claims and Interest in accordance with the terms of this Plan as the Plan provides for the sole means of recoveries on account of Claims against and Interest in the Debtor, the Estate, and the Liquidating Trust. Notwithstanding the foregoing, nothing in this Section shall prohibit any holder of a Claim against or Interest in the Debtor, the Estate, or Liquidating Trust from enforcing the terms of this Plan or the Confirmation Order in the Bankruptcy Court or from seeking relief from this provision from the Bankruptcy Court for cause shown.

**9.4    Implementation of Former Partner Settlement Agreement.**

In recognition of the material economic contribution made by the Former Partner Settlement Payments made by each of the Settling Former Partners in substantially funding this Plan and the Liquidating Trust, upon the Effective Date, all Non-Settling Partners are barred from commencing or continuing any and all past, present or future Claims or causes of action and from asserting any and all allegations of liability or damages, of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, whether or not based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), against a Settling Former Partner in

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 50 of 139

any way based on, relating to, or arising from, their prior relationship and duties and responsibilities under the Partnership Agreement. For the avoidance of doubt, the benefits under this Section 9.4 of the Plan for each Settling Former Partner shall be contingent upon each such Settling Partner tendering his or her share of the Former Partner Settlement Payment.

### 9.5    Limitation of Liability.

The Debtor, the Liquidating Trust, the Dissolution Committee and each of its members, and the Committee and each of its members, and their respective officers, directors, managers, employees, agents, Professionals (including attorneys, advisors, and accountants) and other representatives (collectively, the "**Exculpated Parties**"), will neither have nor incur any liability to any Entity for any action in good faith taken or omitted to be taken in connection with or related to the Chapter 11 Case, the investigations of potential claims or the formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan or incident to the Chapter 11 Case, _provided that_, this limitation will not affect or modify the rights of any holder of an Allowed Claim to enforce its rights under the Plan, nor shall the foregoing exonerate any of the Exculpated Parties from any liability that results from an act or omission to the extent such act or omission is determined by Final Order to have constituted gross negligence or willful misconduct. In addition, notwithstanding any other provision of this Plan, no holder of a Claim or Interest, no other party in interest, none of their respective agents, employees, representatives, financial advisors, attorneys or affiliates, and no successors or assigns of the foregoing, shall have any right of action against any Exculpated Party for any act or omission from and after the Petition Date in connection with, relating to or arising out of the Chapter 11 Case or the consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Disclosure Statement, or any transaction or document created or entered into, or any other act taken or omitted to be taken, in connection therewith, except for:  (a) the liability of any entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan, or (b) the liability of any entity that would otherwise result from any such act or

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 51 of 139

omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct.

## ARTICLE X

## **RETENTION OF JURISDICTION**

From and after the Confirmation Date, the Bankruptcy Court shall retain such jurisdiction as is legally permissible, including, but not limited to, for the following purposes:

(i) To hear and determine any and all objections to the allowance of a Claim, actions to equitably subordinate a Claim, or any controversy as to the classification of a Claim in a particular Class under the Plan;

(ii) To administer or enforce the Plan;

(iii) To liquidate any Disputed Claims;

(iv) To hear and determine any and all adversary proceedings, contested matters or applications pending on the Effective Date;

(v) To hear and determine any and all motions for the rejection of Executory Contracts and to fix and allow any Claims arising therefrom;

(vi) To hear and determine any and all applications by Professionals for an award of pre-Effective Date Professional Fees.

(vii) To interpret and/or enforce the provisions of the Plan and to determine any and all disputes arising under or regarding interpretation of the Plan, or any other agreement, document or instrument contemplated by the Plan, including, without limitation, and claims asserted against the Liquidating Trustee or against any professionals engaged by him or claims asserted against the Committee, the Dissolution Committee and either of their members and/or professionals;

(viii) To enter and implement such orders as may be appropriate in the event Confirmation is for any reason stayed, reversed, revoked, modified or vacated;

(ix) To modify any provision of the Plan to the extent permitted by the Bankruptcy Code and to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 52 of 139

(x)     To approve applications for Bankruptcy Rule 2004 Examinations and any enforcement orders necessary, including but not limited to pursuant to Bankruptcy Rule 2005;

(xi)     To approve any compromise and settlements and/or abandonments of claims against third parties, and/or the abandonment of any Asset of the Estate, which either the Liquidating Trustee in his sole discretion believes should be noticed to creditors, or which is the subject of an objection by the Committee;

(xii)     To approve any sales of assets or claims pursuant to section 363 of the Bankruptcy Code, which the Liquidating Trustee in his sole discretion believes should be noticed to creditors;

(xiii)     To approve interim and/or final distributions to creditors, including the approval of any publication notices, which the Liquidating Trustee in his sole discretion believes should be noticed to creditors;

(xiv)     To issue an injunction or injunctions post-confirmation pursuant to Bankruptcy Code section 105 upon a proper showing; and

(xv)     To close the Chapter 11 Case when administration of the case has been completed.

**ARTICLE XI**

**MISCELLANEOUS**

**11.1     Severability of Plan Provisions.**

In the event that, prior to the Confirmation Date, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 53 of 139

judicial determination and shall provide that each term and provision hereof, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**11.2    Governing Law.**

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

**11.3    Headings.**

The headings contained in this Plan are for convenience of reference only and shall not limit or otherwise affect in any way the meaning or interpretation of this Plan.

**11.4    Language Interpretation.**

In the interpretation of this Plan, unless the context otherwise requires, references in this Plan to the singular shall be construed to include references to the plural and vice versa; words importing the singular shall be deemed to import the plural and vice versa; words denoting gender shall include all genders; references to sections, schedules, and exhibits shall mean sections, schedules, and exhibits of and to this Plan; references to part includes the whole, except where the context clearly requires otherwise "or" has the inclusive meaning represented by the phrase "and/or," and the words "hereof," "herein," "hereunder," and similar terms in this Plan refer to this Plan as a whole and not to any particular provision of this Plan.

**11.5    Exhibits.**

All exhibits attached to this Plan or the Disclosure Statement are, by this reference, hereby incorporated into the Plan.  The final version of all exhibits to the Plan and the Disclosure Statement will be substantially in the forms attached hereto or thereto.  The Proponents reserve the right to make non-substantive changes and corrections to such exhibits in advance of the Confirmation Hearing.  If any exhibits are changed or corrected, the replacement exhibits will be filed with the Bankruptcy Court prior to the commencement of the Confirmation Hearing.

**11.6    Exemption from Transfer Taxes:**

The Debtor and the Liquidating Trust shall have all the rights and benefits granted pursuant to Bankruptcy Code section 1146(a) under this Plan.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 54 of 139

**11.7 Notices.**

All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by nationally recognized overnight or next-day courier service, first class mail or via facsimile with electronic confirmation of receipt as follows:

If to the Debtor:

Sedgwick LLP (in dissolution)
2646 Dupont Drive, Suite 60 #503
Irvine, CA 92612
Attn: Curtis D. Parvin

With a copy to:

Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Attention: John W. Lucas

If to the Committee:

Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Attn: Michael Lauter
If to Liquidating Trustee:

If to the Liquidating Trustee:

TBD

If to the Oversight Committee:

TBD

**11.8 Computation of Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in the Bankruptcy Court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 55 of 139

**11.9    Defects, Omissions and Amendments.**

The Proponents, with the approval of the Bankruptcy Court and without notice to all holders of Claims or Interests, insofar as it does not materially and adversely affect holders of Claims, may correct any defect, omission or inconsistency in the Plan in such manner and to such extent as may be necessary or desirable to expedite the execution of the Plan.  The Plan may be altered or amended before or after Confirmation as provided in section 1127 of the Bankruptcy Code.

**11.10    Filing of Additional Documents.**

The Proponents shall file with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**11.11    Successors and Assigns.**

The rights, benefits and obligations of any entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors and/or assigns of such entity.

**11.12    Implementation.**

Upon Confirmation, the Debtor and the Committee shall be authorized to take all steps and execute all documents necessary to effectuate the provisions contained in the Plan.

**11.13    Certain Actions.**

By reason of entry of the Confirmation Order, prior to, on or after the Effective Date (as appropriate), all matters provided for under the Plan that would otherwise require approval of the partners, owners, stockholders, shareholders, members, directors, managers, or officers of the Debtor under the Plan, including, without limitation, (i) the distribution of Cash pursuant to the Plan, (ii) the adoption, execution, delivery, and implementation of all contracts, leases, instruments, releases, and other agreements or documents related to the Plan, and (iii) the adoption, execution, and implementation of other matters provided for under the Plan involving the partnership or organizational structure of the Debtor, shall be deemed to have occurred and shall be in effect prior to, on or after the Effective Date (as appropriate), pursuant to the applicable general corporation,

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 56 of 139

limited liability, or partnership law of the state in which the Debtor or the Liquidating Trust is chartered, organized or incorporated, without any requirement of further action by the partners, owners, stockholders, shareholders, members, directors, managers, or officers of the Debtor.

Dated:  November 7, 2019                     PACHULSKI STANG ZIEHL & JONES LLP


                                            By: _/s/ John W. Lucas_____
                                                JOHN W. LUCAS
                                                Attorneys for Sedgwick, LLP


Dated:  November 7, 2019                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                            By: _/s/ Michael M. Lauter_____
                                                MICHAEL M. LAUTER
                                                Attorneys for the Official Committee of
                                                Unsecured Creditors

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 57 of 139

**<u>Exhibit A</u>**

**(Assumed Contracts)**

**None.**

JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 58 of 139

## **Exhibit B**

### **Interest Holders (Former Partners Who Were Equity Partners)**

| | |
|---|---|
| Abadin, Ramon A. | Kum, Robert |
| Anscombe, Anthony J. | Marks, Christopher S. |
| Barnes, Craig S. | Mason, Wayne B. |
| Bernstein, Michael H. | McCall, George |
| Blancett, John W. | McMahan, Troy D. |
| Boos, Nicholas | Mesher, Barry N. |
| Brown, James S. | Mikacich, Amee A. |
| Brown, Jr., Eugene | Mroz, Scott D. |
| Campillo, Ralph A. | O'Leary, Martin J. |
| Cauley, E. Paul Jr. | Parvin, Curtis D. |
| Celebrezze, Bruce D. | Pipkin, Mike F. |
| Cook, Kimberly A. | Port, Andrew I. |
| Cosgrove, Phillip R. | Potente, Alexander E. |
| Davisson, Michael R. | Rambin, W. Neil |
| Di Saia, Steven D. | Riehle, Paul J. |
| Diwik, James P. | Robertson, Thomas D. |
| Eassa, Robert | Roland, Steven D. |
| Elsbree, Eugene V. | Scheiner, Eric C. |
| Fox, Michael L. | Sheridan, Stephanie A. |
| Glen, Alan M. | Shimko, Anna C. |
| Gough, Gayle L. | Smerdon, Edward G. |
| Guirgis, Ralph A. | Smick, Joseph M. |
| Healy, Michael F. | Smith, Fred A. |
| Helfing, Robert F. | Stenfeldt, Lillian G. |
| Hermann, II, Richard P. | Stephens, John F. |
| Holmes, James J. | Sugayan, Catalina J. |
| Humiston, David M. | Sullivan, Susan K. |
| Imre, Christina | Tanenbaum, Michael A. |
| Karos, Maria K. | Towey, Robert D. |
| Keale, James, II | Vickery, Alan R. |
| Kendall, Mark A. | Wallace, Richard E. |
| Klein, Lawrence | Wasserman, Steven D. |
| Klinger, Marilyn S. | Woodward, Karen E. |

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 59 of 139

**Exhibit C**

**(Settling Former Partners)**

| | |
|---|---|
| Ramon A. Abadin | Lawrence Klein |
| Anthony J. Anscombe | Marilyn S. Klinger |
| Craig S. Barnes | Robert Kum |
| Michael H. Bernstein | Barry N. Mesher |
| John W. Blancett | Amee A. Mikacich |
| James S. Brown, | Scott D. Mroz |
| Eugene Brown, Jr. | Martin J. O'Leary |
| Ralph A. Campillo, | Curtis D. Parvin |
| Bruce D. Celebrezze | Andrew I. Port |
| Kimberly A. Cook | Alexander E. Potente |
| Phillip R. Cosgrove | Paul J. Riehle |
| Michael R. Davisson | Steven D. Roland |
| Steven D. Di Saia | Eric C. Scheiner |
| James P. Diwik | Stephanie A. Sheridan |
| Eugene V. Elsbree | Anna C. Shimko |
| Michael L. Fox | Edward G. Smerdon |
| Alan M. Glen | Lillian G. Stenfeldt |
| Gayle L. Gough | Catalina J. Sugayan |
| Ralph A. Guirgis | Susan K. Sullivan |
| Michael F. Healy | Robert D. Towey |
| Richard P. Hermann, II | Richard E. Wallace |
| James J. Holmes | Steven D. Wasserman |
| Maria K. Karos | Karen E. Woodward |
| Mark A. Kendall | |

# Exhibit D

## (Malpractice Policies)

| |
|---|
| **Aspen Specialty Insurance Company-** <br><br> **Policy No. LR007HT18** |
| **Peleus Insurance Company –** <br><br> **Policy No. LPL409546-0** |
| **Certain Underwriters at Lloyd's, London severally subscribing to policy** <br><br> **Primary** <br> **London Markets:  B0391IM0701756** <br> **CNA:  198278430** <br> **Nautilus:  PLP1000563P1** <br><br> **1st Excess** <br> **London Markets:  B0391IM1701757** <br> **Berkshire Hathaway:  42-EPP-303645-01** <br> **Endurance:  LPX10011127100** <br> **Nautilus:  PLX1000180P9** <br><br> **2nd Excess** <br> **Aspen:  LXAA5XJ17** <br> **Markel:  MKLV7PL0002683** <br> **Endurance:  LPX10004918703** <br> **Crum & Forster:  LOL-10201** |
| **Intergro Insurance Brokers Limited –** <br><br> **Policy No. IM1701014** |

[

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 61 of 139

**Exhibit E**

**Non-Settling Former Equity Partners**

Boos, Nicholas
Eassa, Robert
Helfing, Robert F.
Humiston, David M.
Imre, Christina
Marks, Christopher S.
McMahan, Troy D.
Pipkin, Mike F.
Smick, Joseph M.
Smith, Fred A.
Stephens, John F.
Cauley, E. Paul Jr.
Keale, James, II
Mason, Wayne B.
McCall, George
Rambin, W. Neil
Robertson, Thomas D.
Tanenbaum, Michael A.
Vickery, Alan R.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 62 of 139

**<u>Exhibit F</u>**

**Liquidating Trustee Curriculum Vitae**

**To be attached.**

1

**EXHIBIT G**

2

**(Former Partner Settlement Agreement)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCS_SF:101282.7 77998/002

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement"), dated _____, 2019, is made and entered into by and between Sedgwick LLP (the "Debtor") and the former equity partners of the Debtor identified on **Exhibit 1** hereto (the "Settling Partners" and the Debtor and the Settling Partners together will hereafter collectively be referred to as the "Parties").

### RECITALS

#### A.     **The Bankruptcy Case**

1.     On October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition (the "Bankruptcy Case") for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

2.     On October 14, 2018, the Office of the United States Trustee appointed the following unsecured creditors to be members of the official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code: (a) BMO Harris Bank, (b) CPF 801 Tower LLC, and (c) One North Wacker Drive LLC.

#### B.     **The Transfers to the Settling Partners**

3.     On December 31, 2017, the Debtor ceased providing legal services and commenced the formal dissolution process of winding down the firm. During 2017, before the wind down began, the Debtor made various ordinary course distributions of cash to current and former equity partners as compensation, draws, or return of capital.

1

DOCS_LA:325722

C.    **The Dispute**

4.      The distributions of cash to the Settling Partners after the date the Debtor became insolvent are potentially subject to recovery by the Debtor as constructive fraudulent conveyances. There has not been agreement among the parties regarding the date the Debtor became insolvent nor has the bankruptcy court presiding over the Debtor's chapter 11 case adjudicated such date. Establishing such date provides the gross amount of recoverable claims but such amount is subject to defenses of the Settling Partners, including, but not limited to reasonably equivalent value, based upon the reasonably equivalent value provided by each of the Settling Partners.

5.      In order to avoid the time, expense, and delay of adjudicating the insolvency date of the Debtor and analyzing the defenses of the Settling Partners, the Debtor and the Settling Partners are settling the potential claims arising from such transfers and any other claims the Debtor might have against such Settling Partners, including, but not limited to breach of fiduciary duty, and are entering into a general and mutual release of any and all claims among the parties pursuant to the terms of this Settlement Agreement.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, including the mutual promises and covenants contained herein, it is agreed as follows:

1.      Effective Date.  This Settlement Agreement shall become effective upon the conclusion of all of the following:  (a) the Bankruptcy Court's approval of Joint Plan of Liquidation of Sedgwick, LLP (the "Plan") (which provides for the approval of the settlement contained in this Settlement Agreement) that has not been stayed or subject to an appeal, (b) the implementation of Section 9.4 of the Plan, (c) a good-faith finding by the Bankruptcy Court pursuant to Section 877.6 of California Code of Civil Procedure, (d) the execution of this Settlement Agreement by each of

the undersigned Settling Partners, and (e) payment of the Settlement Payments (as defined below) by each of the undersigned parties (the "Effective Date").

2.    Funding of Settlement Payment.  Each of the Settling Partners shall pay his or her allocable share of $1,921,000 (the "Settlement Payment") to the Debtor on or before fourteen (14) days after the effective date of the Plan.

3.    Expungement of Proof of Claim.  On the Effective Date, the entry of an order by the Court approving this Settlement Agreement and the Plan shall serve to expunge any claim filed by a Settling Partner.

4.    Debtor/Settling Partner Mutual Release.  Upon the Effective Date, the Parties, on behalf of themselves, and to the extent applicable, each of their estates, affiliates, predecessors, successors, assigns, partners, officers, directors, employees, shareholders, lenders, agents, and attorneys, past, present, and future, release each other and each other's estates, affiliates, predecessors, successors, assigns, partners, officers, directors, employees, shareholders, lenders, agents, and attorneys, past, present and future, from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative), promises, obligations, losses, demands, damages, expenses, fees, attorney's fees or costs and any and all liabilities that the Parties have, had, or may have in the future against any and all other Parties, that arise from or relate in any way to the agreements between and among the Debtor and Settling Partners, except that such releases shall not release any party from any Party's obligations under this Settlement Agreement or the Debtor's obligation to indemnify the Settling Partners under the partnership agreement.

5.    Settling Partner Mutual Release.  Upon the Effective Date, the Settling Partners, on behalf of themselves, each of their estates, affiliates, predecessors, successors, assigns, partners

3

officers, directors, employees, shareholders, lenders, agents, and attorneys, past, present, and future, release each other and each other's estates, affiliates, predecessors, successors, assigns, partners, officers, directors, employees, shareholders, lenders, agents, and attorneys, past, present and future, from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative), promises, obligations, losses, demands, damages, expenses, fees, attorney's fees or costs and any and all liabilities that the Settling Partners have, had, or may have in the future against any other Settling Partner, that arise from or relate in any way to the agreements among the Settling Partners, except that such releases shall not release any party from any Party's obligations under this Settlement Agreement.

6.      Waiver of Section 1542.  The Parties recognize, acknowledge, and waive the provisions of California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.**

In waiving the provisions of Section 1542 of the California Civil Code, each Party acknowledges that he, she, or it may discover facts in addition to or different than those which he, she, or it now believes to be true with respect to the matters released in this Settlement Agreement, but agree that he, she, or it has taken that possibility into account in reaching this settlement, and the releases given in this Settlement Agreement shall remain in effect as a full and complete release notwithstanding the discovery or existence of such additional or different facts, as to which each Party expressly assumes the risk.

7.      Attorneys' Fees.  Each Party shall be responsible for his, her, or its respective costs and expenses (including, without limitation, attorneys' fees) incurred by his, her, or its in

4

negotiating, drafting and executing this Settlement Agreement and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

8.  **Successors and Assigns**. This Settlement Agreement shall be binding upon (a) the Debtor and any trustee or examiner that may be appointed in its chapter 11 case, or their respective successors and assigns; (b) the Settling Partners and their successors and assigns; (c) the trustee in the event that this case is converted to one under chapter 7 of the Bankruptcy Code; (d) the Committee, all creditors, and other parties in interest in the Debtor's chapter 11 case and (e) any former equity partner of the Debtor who is not a party to this Settlement Agreement.

9.  **Authorizations**. Each Party represents and warrants to each other Party that he, she, or it is authorized to execute this Settlement Agreement, that he, she, or it has full power and authority to enter into this Settlement Agreement and effectuate the matters provided hereunder and that this Settlement Agreement is duly executed and delivered by he, she, or it and constitutes its valid, binding Settlement Agreement in accordance with its terms. Each Settling Partner further represents that he, she, or it has not transferred any claim (or any portion thereof) that is the subject of this Settlement Agreement.

10. **Entire Agreement**. This Settlement Agreement and Plan contains the entire agreement among the Parties relating to the subject matter hereof and can be amended or otherwise modified only by a signed writing executed by the Parties.

11. **Counterparts**. This Settlement Agreement may be executed in multiple counterparts, any of which may be transmitted by electronic (e-mail) transmission, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy signed by the Parties hereto to be charged.

Case: 15-31087  Doc# 295  Filed: 11/07/19  Entered: 11/07/19 12:16:46  Page 69 of 139

12. <u>Governing Law</u>.  This Settlement Agreement shall be governed by the laws of the State of California and the Bankruptcy Code.

13. <u>Jurisdiction</u>.  The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Settlement Agreement.

*[Remainder of page intentionally left blank]*

6

DOCS_LA:325522

**ACCEPTED AND AGREED TO BY:**

                                  **SEDGWICK LLP**

                                  By: _____
                                  Name:    Gregory C. Read
                                  Title:     Member of Dissolution Committee

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Ramon A. Abadin

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:     Anthony J. Anscombe

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Craig S. Barnes

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Michael H. Bernstein

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**


By:    _____
Name:    John W. Blancett

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    James S. Brown

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Eugene Brown, Jr.

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Ralph A. Campillo

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Bruce D. Celebrezze

**ACCEPTED AND AGREED TO BY:**

By:    _____

Name:    Kimberly A. Cook

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Phillip R. Cosgrove

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Michael R. Davisson

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Steven D. Di Saia

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    James P. Diwik

**ACCEPTED AND AGREED TO BY:**



By:     _____
Name:     Eugene V. Elsbree

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Michael L. Fox

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Alan M. Glen

[Signature Page to Settlement Agreement]

DOCS_LA:301252.2

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:     Gayle L. Gough

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Ralph A. Guirgis

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:     Michael F. Healy

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Richard P. Hermann, II

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    James J. Holmes

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Maria K. Karos

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Mark A. Kendall

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Lawrence Klein

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Marilyn S. Klinger

**ACCEPTED AND AGREED TO BY:**


By: _____
Name:    Robert Kum

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Barry N. Mesher

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Amee A. Mikacich

**ACCEPTED AND AGREED TO BY:**


By: _____
Name:    Scott D. Mroz

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Martin J. O'Leary

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Curtis D. Parvin

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:   Andrew E. Port

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Alexander E. Potente

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:     Paul J. Riehle

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Steven D. Roland

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Eric C. Scheiner

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Stephanie A. Sheridan

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:   Anna C. Shimko

**ACCEPTED AND AGREED TO BY:**



By: _____

Name:    Edward G. Smerdon

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Lillian G. Stenfeldt

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Catalina J. Sugayan

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Susan K. Sullivan

**ACCEPTED AND AGREED TO BY:**

By:   _____
Name:   Robert D. Towey

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:     Richard E. Wallace

[Signature Page to Settlement Agreement]

**ACCEPTED AND AGREED TO BY:**

By: _____
Name:    Steven D. Wasserman

**ACCEPTED AND AGREED TO BY:**

By: _____

Name:    Karen E. Woodward

[Signature Page to Settlement Agreement]

# EXHIBIT 1

## (List of Settling Partners)

Ramon A. Abadin

Anthony J. Anscombe

Craig S. Barnes

Michael H. Bernstein

John W. Blancett

James S. Brown,

Eugene Brown, Jr.

Ralph A. Campillo,

Bruce D. Celebrezze

Kimberly A. Cook

Phillip R. Cosgrove

Michael R. Davisson

Steven D. Di Saia

James P. Diwik

Eugene V. Elsbree

Michael L. Fox

Alan M. Glen

Gayle L. Gough

Ralph A. Guirgis

Michael F. Healy

Richard P. Hermann, II

James J. Holmes

Maria K. Karos

Mark A. Kendall

Lawrence Klein

Marilyn S. Klinger

Robert Kum,

Barry N. Mesher

Amee A. Mikacich

Scott D. Mroz

Martin J. O'Leary

Curtis D. Parvin

Andrew I. Port

Alexander E. Potente

Paul J. Riehle

Steven D. Roland

Eric C. Scheiner

Stephanie A. Sheridan

Anna C. Shimko

Edward G. Smerdon

Lillian G. Stenfeldt

Catalina J. Sugayan

Susan K. Sullivan

Robert D. Towey

Richard E. Wallace

Steven D. Wasserman

Karen E. Woodward

**EXHIBIT H**

**(Liquidating Trust Agreement)**

# LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (the "Agreement"), is made and entered into, as of the Effective Date,[1] by and among the debtor and debtor in possession, Sedgwick LLP (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtor's chapter 11 bankruptcy case, Case No. 18-31087 (HLB) (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), the Oversight Committee, and _____ (such person and each successor trustee, the "Liquidating Trustee"), solely in his capacity as the Liquidating Trustee of the liquidating trust (the "Liquidating Trust"), created pursuant to the *Joint Plan of Liquidation of Sedgwick, LLP*, dated _____, 2019 (as the same may have been amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan").

## W I T N E S S E T H

A.      WHEREAS, on October 2, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), commencing the Bankruptcy Case under Case No. 18-31087;

B.      WHEREAS, on _____, 2019, the Bankruptcy Court entered the Confirmation Order, confirming the Plan;

C.      WHEREAS, the Plan provides for the creation of the  Liquidating Trust, which is established on behalf of, and for the sole benefit of, the Beneficiaries (as defined in Article 1.2 herein) pursuant to the Plan;

D.      WHEREAS, the Liquidating Trust is established for the purpose of collecting, and, as appropriate, administering, investigating, holding, prosecuting, settling, selling, disposing, distributing and liquidating the Liquidating Trust Assets, for the benefit of the Beneficiaries, in accordance with Treasury Regulations Section 301.7701-4(d) and the terms of this Agreement and the Plan, with no objective or authority to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with the liquidating purpose of the Liquidating Trust, and it being expressly recognized, that certain of the remaining assets of the Estate are of an unliquidated, contingent and disputed nature;

E.      WHEREAS, pursuant to the Plan, the Debtor, the Liquidating Trustee, the Liquidating Trust, and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trust as a transfer of the Liquidating Trust Assets by the Debtor to the Beneficiaries in satisfaction of their Allowed Claims, followed by a transfer of the Liquidating Trust Assets by the Beneficiaries to the Liquidating Trust in exchange for the beneficial interest herein, and to treat the Beneficiaries as the grantors and owners of the Liquidating Trust in accordance with Treasury Regulations Section 301.7701-4;

---

[1] Except with respect to the terms defined herein, all capitalized terms contained herein shall have the meanings ascribed to them in the Plan.

F.      WHEREAS, pursuant to the Plan, the Liquidating Trust is intended to be treated as a grantor trust for federal income tax purposes within the meaning of Sections 671-677 of the Internal Revenue Code (as amended from time to time, the "IRC");

G.      WHEREAS, this Liquidating Trust is established under and pursuant to the Plan which provides for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of the Beneficiaries, and to provide administrative services relating to the implementation of the Plan; and

H.      WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement;

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Debtor, the Committee, the Liquidating Trustee and the Oversight Committee hereby agree as follows:

## DECLARATION OF TRUST

The Debtor hereby absolutely assigns to the Liquidating Trust, and to its successors in trust and its successors and assigns, all right, title, and interest of the Debtor in and to the Liquidating Trust Assets;

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Beneficiaries, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with Article 7 hereof, this Agreement shall cease, terminate, and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidating Trust Assets are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions of the Plan and herein set forth.

## ARTICLE 1
## ESTABLISHMENT OF THE LIQUIDATING TRUST

1.1     Name of Trust.  The trust created by this Agreement shall be known as the "Sedgwick Liquidating Trust" or herein, and as referred to in the Plan, as the "Liquidating Trust."

1.2     Establishment of Liquidating Trust.  Pursuant to the Plan, the Debtor, the Committee, the Liquidating Trustee and the Oversight Committee hereby establish the Liquidating Trust on behalf of, and for the sole benefit of, the Holders, from time to time, of Allowed Class 2 General Unsecured Claims (such Holders collectively, the "Beneficiaries"), on

the terms and subject to the conditions set forth herein and in the Plan. The parties to this Agreement and the Beneficiaries intend for the Liquidating Trust to be treated as a grantor trust under IRC Section 671. The Liquidating Trust is structured to comply with the requirements of Rev. Proc. 94-45, 1994-2 C.B. 684, and this Agreement shall be construed to comply with such requirements.

       1.3    <u>Purpose of the Liquidating Trust</u>. The Liquidating Trust shall be established for the purpose of receiving the Liquidating Trust Assets, liquidating and distributing its assets, and for prosecuting the Retained Claims and Defenses, in accordance with 26 C.F.R. § 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. The Liquidating Trust shall not be deemed a successor-in-interest of the Debtor for any purpose other than as specifically set forth herein or in the Plan and the Confirmation Order.

       1.4    <u>Transfer of Trust Assets</u>. As of the Effective Date of the Plan, and in accordance with the Confirmation Order, the Estate of the Debtor hereby transfers, assigns, and delivers to the Liquidating Trust, any and all of its right, title, and interest in all Liquidating Trust Assets. The Liquidating Trustee agrees to accept and hold the Liquidating Trust Assets in trust for the benefit of the Beneficiaries, subject to the terms of this Agreement and the Plan, and to liquidate and distribute such Liquidating Trust Assets to the Beneficiaries as agreed upon in the Plan. At any time and from time to time after the Effective Date, the Debtor and any successors in interest shall, at the request of the Liquidating Trustee, execute and deliver any instruments or documents, and take, or cause to be taken, all such further action as the Liquidating Trustee may reasonably request in order to evidence or effectuate the transfer of the Liquidating Trust Assets to the Liquidating Trust and consummation of the transactions contemplated hereby and by the Plan and to otherwise carry out the intent of the parties hereunder and under the Plan. Except to the extent the Holders of Class 2 General Unsecured Claims are paid in full, the Debtor, for itself and its predecessors and successors, disclaims any right to any reversionary interest in any of the Liquidating Trust Assets, but nothing herein will limit the right and power of the Liquidating Trustee to abandon any Liquidating Trust Assets to the Debtor in the event that the Liquidating Trustee determines it is in the best interests of the Liquidating Trust and its Beneficiaries.

       1.5    <u>Title to Liquidating Trust Assets</u>.

       (a)    The Plan and Confirmation Order provides for, causes and orders, upon the Effective Date and the full execution of the Agreement, the transfer, assignment and delivery from the Estate to the Liquidating Trust, for the benefit of the Beneficiaries, of all of the Estate's right, title, and interest in the Liquidating Trust Assets, as provided for in the Plan and this Agreement. In this regard, the Liquidating Trust Assets will be treated for tax purposes as being transferred by the Estate to the Beneficiaries, and then by such Beneficiaries to the Liquidating Trust in exchange for their beneficial interests therein in accordance with the Plan. Upon the transfer of the Liquidating Trust Assets, the Liquidating Trustee shall succeed to all of the Estate's right, title and interest in such assets, and the Estate shall have no further interest in or with respect to the Liquidating Trust Assets or this Liquidating Trust. Each of the Liquidating Trust and the Liquidating Trustee shall be considered for all purposes in respect of the disposition of the Liquidating Trust Assets as separate and distinct from, and independent of, the Debtor and the Estate.

(b)     The Liquidating Trust shall be treated as a "liquidating trust" within the meaning of Treasury Regulations Section 301.7701-4(d).  For all federal and state income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall be treated as a transfer to the Beneficiaries of the Liquidating Trust for all purposes of the IRC (e.g., sections 61(a)(12), 483, 1001, 1012 and 1274) followed by a deemed transfer by such Beneficiaries to the Liquidating Trust.  The Liquidating Trust shall be considered a "grantor" trust, and the Beneficiaries shall be treated as the grantors and deemed owners of the Liquidating Trust.  To the extent valuation of the Liquidating Trust Assets to the Liquidating Trust is required under applicable law, the Liquidating Trustee shall value the transferred property and notify in writing the Beneficiaries of such valuations.  The assets transferred to the Liquidating Trust shall be valued consistently by the Liquidating Trustee and the Beneficiaries, and these valuations will be used for all federal income tax purposes.

1.6     <u>Administration of the Liquidating Trust and Appointment of the Liquidating Trustee</u>.  The Liquidating Trust shall be administered by the Liquidating Trustee in accordance with the provisions of Article 3 of this Agreement and the Plan.

1.7     <u>Funding of the Liquidating Trust</u>.

(a)     On the Effective Date, as provided herein and under the Plan, the Liquidating Trust shall automatically be vested with all of the Estate's right, title, and interest in the Liquidating Trust Assets, free and clear of liens, claims, encumbrances and other interests. Such Liquidating Trust Assets as defined by the Plan, including without limitation, all Cash on hand as of the Effective Date, all Former Partner Settlement Payments, and all tangible and intangible assets of every kind and nature, including the Retained Claims and Defenses and any other causes of action held by the Estate, and all proceeds thereof, existing as of the Effective Date.

(b)     The Cash distributions to be made pursuant to the Plan and the funding of all reserves required by the Plan will be derived from (i) Cash held by the Debtor as of the Effective Date, (ii) the Former Partner Settlement Payments, and (iii) any Cash to be received by the Liquidating Trust from the further liquidating of assets and the prosecution and enforcement of causes of action held by the Estate, and other funds available after the Effective Date.

(c)     The Liquidating Trustee shall not be obligated to physically segregate and maintain separate accounts for reserves or for funding distributions.  Separate reserves and funds may be merely bookkeeping entries or accounting methodologies, which may be revised from time to time, to enable the Liquidating Trustee to determine the amount of Cash available, reserves and amounts to be paid to parties in interest.

(d)     The Liquidating Trustee may from time to time utilize Liquidating Trust Assets reduced to Cash in amounts and at times that the Liquidating Trustee, in its discretion, deems necessary or appropriate to fund any and all Plan Expenses, including the costs and expenses that the Liquidating Trustee and the Liquidating Trust incur subsequent to the Effective Date in accordance with this Agreement and the Plan, <u>provided</u> that the payment of any fees and expenses of any professional retained by the Liquidating Trustee shall be subject to the approval of the Oversight Committee as provided herein and under the Plan. Notwithstanding the

Case: 18-31087     Doc# 295     Filed: 11/07/19     Entered: 11/07/19 12:16:46     Page 124 of 139

foregoing, Professional Fees incurred prior to the Effective Date or in preparation of final fee applications after the Effective Date shall be subject to the approval of the Bankruptcy Court, not the Oversight Committee.

(e)     The Liquidating Trustee shall reserve the Cash necessary to administer the Plan and wind up the Debtor's affairs as provided for under the Plan, including but not limited to, funds for the payment of Administrative Claims, making the distributions required by the Plan and paying the Plan Expenses, including, but not limited to, the costs of holding and liquidating Estate property, objecting to Claims, prosecuting Causes of Action in accordance with the Plan, paying taxes, filing tax returns, paying fees of professionals retained by the Liquidating Trustee and/or Oversight Committee, providing for the purchase of insurance in the Liquidating Trustee's discretion, and/or other forms of indemnification for the Liquidating Trustee, and other necessary and usual business expenses.

1.8     Creation of Reserves.

(a)     Upon receipt of the Liquidating Trust Assets transferred to the Liquidating Trust pursuant to the Plan, the Liquidating Trustee shall establish and use the Liquidating Trust Assets to fund any reserves provided for by the Plan.

(b)     To the extent that the Liquidating Trustee determines that funds allocated to the reserves required by the Plan are insufficient, the Liquidating Trustee may, from time to time, allocate additional funds subject to oversight by the Oversight Committee as provided for by the Plan.

(c)     After all costs associated with the reserves required by the Plan and/or the Plan Expenses have been paid or reserved for, and/or upon the reasonable determination of the Liquidating Trustee (subject to oversight by the Oversight Committee as provided for by the Plan) that the funds in reserve exceed the amounts necessary to pay the expenses or Claims for which such fund is established, the remaining or excess funds, as applicable, shall be distributed pursuant to the terms of the Plan.

1.9     Retained Claims and Defenses and Causes of Action.  All Claims, rights, defenses, offsets, recoupments, causes of action, actions in equity or otherwise, whether arising under the Bankruptcy Code or federal, state or common law, which constitute property of the Estate within the meaning of section 541 of the Bankruptcy Code (including, without limitation, the Estate causes of action), as well as all Claims, rights, defenses, offsets, recoupments and causes of action arising under chapter 5 of the Bankruptcy Code with respect to the Debtor or the Estate, are part of the assets transferred and assigned to the Liquidating Trust as of the Effective Date in accordance with section 1123(b) of the Bankruptcy Code.  Prosecution and settlement of such Claims, rights, defenses, and causes of action shall be the responsibility of the Liquidating Trustee, and the Liquidating Trustee shall pursue those Claims, rights, defenses and causes of action, as appropriate, in accordance with the Liquidating Trustee's judgment of what is in the best interests, and for the benefit of, the Beneficiaries of the Liquidating Trust, subject only to the oversight of the Oversight Committee as provided in the Plan.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 125 of 139

# ARTICLE 2
# LIQUIDATING TRUST INTERESTS

2.1     Identification of holders of Liquidating Trust Interests.  The names of the record holders of beneficial interests in the Liquidating Trust ("Liquidating Trust Interests"), and the amount of Liquidating Trust Interests held by such record holders, shall be recorded and set forth in a register maintained by the Liquidating Trustee (or its designee) expressly for such purpose. The Liquidating Trustee hereby establishes the Confirmation Date as the record date for purposes of establishing the official registry of holders of the Liquidating Trust Interests.  The distribution of Liquidating Trust Interests to the Beneficiaries shall be accomplished as set forth in the Plan and in this Agreement.  No certificates, securities or receipts or documentation in any other form or manner whatsoever evidencing the Liquidating Trust Interests will be issued to any record or beneficial holder of such interests.

2.2     Transferability of Liquidating Trust Interests.  The Beneficiaries shall have beneficial interest in the Liquidating Trust assets as provided in the Plan.  Any Beneficiary's Liquidating Trust Interest shall be transferable, subject, as applicable, to Bankruptcy Rule 3001(e) and any other provision of law, but shall not be binding on the Liquidating Trustee unless and until the transfer has been accepted by the Liquidating Trustee. The Liquidating Trustee shall be entitled to recognize and deal for all purposes only with those holders of Liquidating Trust Interests identified on the claims register or any other transfer register as of the Confirmation Date.

2.3     Interests Beneficial Only.  The ownership of a beneficial interest hereunder shall not entitle any Beneficiary to any title in or to the Liquidating Trust assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of the Liquidating Trust assets or to require an accounting.

# ARTICLE 3
# THE LIQUIDATING TRUSTEE

3.1     Appointment of Liquidating Trustee.  The Liquidating Trustee shall be James Gansman. The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Agreement and the Plan.

3.2     Compensation and Expenses of the Liquidating Trustee.

(a)     As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee shall be compensated as follows: _____.  Receipt of such compensation by the Liquidating Trustee shall be subject to the oversight of the Oversight Committee as provided for in Section 6.6.4 of the Plan.  Any change in the Liquidating Trustee's compensation terms must be approved by the Oversight Committee.

(b)     In addition, the Liquidating Trustee shall be indemnified by and receive reimbursement from the Liquidating Trust Assets in accordance with Section 6.11 of the Plan.

(c)     The Liquidating Trustee is hereby authorized to obtain all reasonable insurance coverage for itself, its agents, representatives, employees or independent contractors,

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 126 of 139

including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and its agents, representatives, employees or independent contractors under the Plan and this Agreement.

For clarity, the compensation, expense reimbursement and indemnity obligations provided for in this Section 3.2 shall be limited to the Liquidating Trust Assets and no recovery on account thereof shall be available against the Beneficiaries.

3.3     <u>Powers</u>.  The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity for all holders of Liquidating Trust Interests and consistent with, and in furtherance of, the purposes of this Liquidating Trust, and not to the Oversight Committee.  Unless otherwise specified herein, the approval of the Liquidating Trustee shall constitute the act of the Liquidating Trust.  Subject to the terms and conditions of this Agreement, the Liquidating Trustee may delegate responsibility for discrete duties, issues or decisions to such other persons or committees in its sole discretion.

3.4     <u>Power and Authority of Liquidating Trustee</u>.  The Liquidating Trustee shall be the exclusive trustee of the Liquidating Trust for the purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. The Liquidating Trustee shall administer the Liquidating Trust, and the Liquidating Trust Assets, and make distributions from the proceeds of the Liquidating Trust in accordance with the Plan and this Agreement. In addition, the Liquidating Trustee shall take all actions necessary and appropriate to wind down the affairs of the Debtor consistent with the Plan and any applicable non-bankruptcy law. Without limitation, to the extent applicable, the Liquidating Trustee shall file final federal, state, foreign and local tax returns for the Debtor.  Subject to the terms of this Agreement, and subject to terms of the Plan providing for oversight by the Oversight Committee as to certain material transactions and other matters, the Liquidating Trustee shall be authorized, empowered and directed to take all actions necessary or desirable to comply with the Plan and fulfill the duties and obligations arising thereunder including, without limitation, to:

(a)     Object to the allowance of Claims;

(b)     Open, maintain and administer bank accounts;

(c)     Engage employees and professional persons as necessary or desirable to assist in carrying out the provisions of and purposes underlying the Plan and Liquidating Trust Agreement;

(d)     Incur and pay reasonable fees, costs, and expenses in connection with administering the Liquidating Trust and implementing the terms of the Plan and Liquidating Trust Agreement, including the reasonable fees, costs and expenses of retained professionals and including the reasonable expenses of the members of the Oversight Committee, in accordance with the provisions of the Plan and the Liquidating Trust Agreement;

(e)     Expend the Liquidating Trust Assets as necessary to maintain the value of the assets of the Liquidating Trust during liquidation;

(f)     Pay the reasonable and necessary expenses incurred by the Oversight Committee, in accordance with the provisions of the Plan and the Liquidating Trust Agreement;

(g)     Investigate, analyze, commence, prosecute, litigate, compromise and otherwise administer the Estate causes of action, and take all other necessary and appropriate steps to collect, recover, settle, liquidate or otherwise reduce the Liquidating Trust Assets to Cash;

(h)     Approve compromises of Estate causes of action and all Claims, and execute all necessary and appropriate documents to effectuate such settlements, without notice to any party and without further order of the Bankruptcy Court;

(i)     Administer, sell, liquidate, or otherwise dispose of the Liquidating Trust Assets in accordance with the terms of the Plan and the Liquidating Trust Agreement;

(j)     Represent the Liquidating Trust before the Bankruptcy Court and other courts of competent jurisdiction, if necessary, with respect to matters regarding the administration of the Liquidating Trust;

(k)     Comply with any applicable orders of the Bankruptcy Court and any other court of competent jurisdiction, and all applicable laws and regulations, concerning the matters set forth herein;

(l)     Hold legal title to any and all rights of the Debtor, the Estate and the Beneficiaries under the Liquidating Trust Agreement in or arising from the Liquidating Trust Assets;

(m)     In reliance upon the Schedules and the claims register maintained in the Bankruptcy Case, maintain on the Liquidating Trustee's books and records a register evidencing the beneficial interest held by each Beneficiary under the Liquidating Trust Agreement;

(n)     Make all distributions to the holders of Allowed Claims provided for, or contemplated by, the Plan and Liquidating Trust Agreement;

(o)     Establish and maintain the reserves required by the Plan;

(p)     Make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Liquidating Trust and file tax returns for the Liquidating Trust as a grantor trust in accordance with 26 C.F.R. § 1.671-4(a);

(q)     Pay any taxes imposed on the Liquidating Trust;

(r)     As soon as reasonably practicable after the Effective Date, make a good faith valuation of the Liquidating Trust Assets which shall be made available from time to time, to the extent relevant, and used consistently by all parties for all income tax purposes;

(s)     Carry insurance coverage if the Liquidating Trustee deems such insurance necessary and appropriate in his sole and absolute discretion;

Case: 18-31087   Doc# 295   Filed: 11/07/19   Entered: 11/07/19 12:16:46   Page 128 of 139

(t)     Exercise such other powers as may be vested in the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement, the Confirmation Order, or other Final Orders of the Bankruptcy Court;

(u)     Execute any documents, instruments, contracts or agreements necessary or desirable to carry out the powers and duties of the Liquidating Trustee;

(v)     Provide to the Oversight Committee such reports on the progress of the Plan, as required under the Plan, as may be reasonably requested by the Oversight Committee; and

(w)     Stand in the shoes of the Debtor, the debtor in possession and the Estate for all purposes consistent with the Plan and Liquidating Trust Agreement.

3.5     <u>Limitations on the Liquidating Trust and on the Liquidating Trustee's Authority</u>.

(a)     Notwithstanding anything herein to the contrary, the Liquidating Trustee shall not be authorized to engage in any trade or business, except to the extent reasonably necessary to the orderly administration of the Liquidating Trust's assets and distributions to holders of Liquidating Trust Interests.  Notwithstanding any other authority granted in Sections 3.3 and 3.4 herein, the Liquidating Trustee is not authorized to engage in any investments or activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) or inconsistent with the requirements set forth in Rev. Proc. 94-45.

(b)     The Liquidating Trust shall not hold 50% or more of the stock (in either voting power or value) of any entity that is treated as a corporation for federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an entity that is treated as a partnership for federal income tax purposes, unless such stock, membership interest, or partnership interest consists of the Liquidating Trust Assets, was obtained pursuant to rights under the Liquidating Trust Assets or was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the Liquidating Trust Assets.

(c)     The Liquidating Trust shall not receive from the Debtor or the Estate any listed stocks or securities or other readily marketable assets.

(d)     The Liquidating Trust shall not receive or retain Cash or Cash equivalents in excess of a reasonable amount to meet claims and contingent liabilities (including Disputed Claims) or to maintain the value of the Liquidating Trust Assets during liquidation.

(e)     The Liquidating Trustee shall be required to obtain the approval of the Oversight Committee before taking certain actions or determining not to act, as the case may be, as provided by Section 6.13 of the Plan.

(f)     The Liquidating Trustee shall not be empowered to seek review by the Bankruptcy Court or any other court of competent jurisdiction of the business judgment of the Oversight Committee exercised in discharging its oversight duties as set forth under the Plan and Liquidating Trust Agreement; provided, however, the Liquidating Trustee shall be empowered,

DOCS_SF:102088.2 77998/002                                                        Liquidating Trust Agreement

in his sole and absolute discretion, to seek review by the Bankruptcy Court or other court of competent jurisdiction of any act taken or omitted by the Oversight Committee, its members in their capacity as such, its agents and professionals arising out of willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty or *ultra vires* acts.

(g)     Notwithstanding any provision herein to the contrary, the Liquidating Trustee and his agents and professionals shall not be liable for actions taken or omitted in his capacity as, or on behalf of, the Liquidating Trustee at the request of the Oversight Committee and with which the Liquidating Trustee disagrees.

3.6     Books and Records.  The Liquidating Trustee shall maintain books and records relating to the Liquidating Trust Assets and income of the Liquidating Trust, if any, and the payment of expenses of, and liabilities of Claims against or assumed by, the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained in accordance with such accounting principles as may be applicable to an entity such as the Liquidating Trust so as to facilitate compliance with the tax reporting requirements of the Liquidating Trust.  Except as otherwise may be expressly provided in this Agreement, nothing in this Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for managing any payment or distribution of funds to the holders of Liquidating Trust Interests.

3.7     Distributions.

(a)     Distributions, Disputed Claims, Reserves.  The Liquidating Trustee shall make distributions to holders of Allowed Claims in Classes 2 and 3 pursuant to the procedures set forth in Article VI of the Plan.  The provisions regarding Disputed Claims and the creation and maintenance of reserves set forth in Article VI of the Plan will be followed by the Liquidating Trust.

(b)     Unclaimed Distributions.  The provisions of Section 6.23 of the Plan apply to any unclaimed distributions.

(c)     Identity of Holder. If any dispute arises as to the identity of a holder of a Liquidating Trust Interest who is to receive any distribution, the Liquidating Trustee may, in lieu of making such distribution to such holder, make such distribution into an escrow account until the disposition thereof shall be determined by Bankruptcy Court order or by written agreement among the interested parties to such dispute.

(d)     Withholding. Pursuant to Section 6.28 of the Plan, all foreign, federal, state or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from any distributions hereunder. All distributions pursuant the Plan and this Agreement shall be net of the actual and reasonable costs of making such distributions and of any allocable fees or other charges relating thereto. All such amounts withheld, and paid to the appropriate taxing authority, shall be treated as amounts distributed to Beneficiaries for all purposes of this Agreement.

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 130 of 139

(e)    Tax Identification Numbers. The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service, and the Liquidating Trustee may condition any distribution to any Beneficiary upon receipt of such identification number. If such information is not received within ninety (90) calendar days after the relevant distribution date, the unclaimed distribution provisions of the Plan and this Agreement shall apply.

3.8    Compliance with Laws. Any and all distributions, and proceeds of borrowings, if any, shall be in compliance with applicable laws. The rights of the Beneficiaries under this Agreement are not, and are not intended to be, securities subject to any federal, state or local securities law.

3.9    Liability of Liquidating Trustee; Indemnification. The Liquidating Trustee and his agents and professionals have the benefit of the limitation of liability and indemnification provisions set forth in Section 6.11 of the Plan.

3.10    Investment and Safekeeping of Trust Assets. All Cash held by the Liquidating Trustee shall be invested as deemed appropriate by the Liquidating Trustee, subject to oversight by the Oversight Committee and subject to the provisions of Section 6.6.6 of the Plan, and need not be invested in accordance with section 345 of the Bankruptcy Code, provided however that the right and power of the Liquidating Trustee to invest Liquidating Trust Assets, the proceeds thereof, and any income earned by the Liquidating Trust, subject to the terms of Section 3.5 hereof, shall be limited to the right and power that a liquidating trust, within the meaning of Treasury Regulations Section 301.7701-4(d), is permitted to hold, pursuant to the Treasury Regulations, Rev. Proc. 94-45, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise. For the avoidance of doubt, the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and to further the liquidating purpose of the Liquidating Trust, is limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investment, such as Treasury bills.

3.11    Expense Reimbursement and Compensation. The costs and expenses of the Liquidating Trust, including the fees and expenses (including, without limitation, reasonable out-of-pocket expenses) and any loss, liability, expense or damage that the Liquidating Trustee or any successor Liquidating Trustee may sustain without willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty, or *ultra vires* acts in the exercise and performance of any of the powers and duties of the Liquidating Trustee under this Agreement, any taxes imposed on or incurred by the Liquidating Trust or the Liquidating Trust Assets, the fees and expenses of any professionals retained by the Liquidating Trustee under this Agreement and the Plan and the compensation to be paid to the Liquidating Trustee, shall be paid out of the Liquidating Trust Assets. Plan Expenses, including fees and expenses incurred from and after the Effective Date of the Plan in connection with the investigation, prosecution, compromise, settlement, liquidating, distribution or other disposition of the Liquidating Trust Assets, shall, without limitation, be considered costs and expenses of the Liquidating Trust. Allowed Administrative Claims of the Bankruptcy Case which are not paid by the Estate prior to the Effective Date shall be considered costs and expenses of the Liquidating Trust and shall be paid out of reserves

created under the Plan and/or Available Cash, as applicable. The Liquidating Trustee and its retained professionals shall be entitled to receive reasonable compensation, subject to Oversight Committee supervision as provided by the applicable provisions of the Plan. No other trustee, except any successor Liquidating Trustee, shall be entitled to receive compensation (other than reasonable out-of-pocket expenses that may be reimbursed in accordance with this Section 3.11) for services as trustee, paid out of the Liquidating Trust.

3.12 <u>No Bond</u>. The Liquidating Trustee may serve without bond.

3.13 <u>Confidentiality</u>. The Liquidating Trustee shall, during the period that he serves in such capacity under this Agreement and following either the termination of this Agreement or the Liquidating Trustee's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidating Trust Assets relates or of which he has become aware in his capacity as Liquidating Trustee, except as otherwise required by law, order, regulation or legal process.

## ARTICLE 4
## OVERSIGHT COMMITTEE

4.1 <u>Appointment of the Oversight Committee Members</u>. On the Effective Date, an Oversight Committee shall be established for the purpose of overseeing the Liquidating Trustee's implementation of the Plan, administration of the Liquidating Trust Assets, and distributions on account of Allowed Claims under the Plan, as specifically provided for pursuant to the terms of the Plan. The powers and duties of the Oversight Committee are as set forth in Section 6.13 of the Plan.

4.2 <u>Compensation and Expenses</u>. Subject to and in accordance with the provisions of the Plan, the Confirmation Order and any other Final Order of the Bankruptcy Court, each member of the Oversight Committee shall be entitled to reimbursement of reasonable and necessary expenses incurred in carrying out their duties as members of the Oversight Committee, which shall be paid out of the Liquidating Trust Assets, from the Administrative Reserve or Available Cash (as applicable), without the need to file an application with the Bankruptcy Court.

4.3 <u>Removal of Oversight Committee Member</u>. A member of the Oversight Committee may be removed at any time by the written consent of a majority of the Oversight Committee consisting of all its members. Any removal shall be effective on the date specified in such consent or approval pursuant to this Section 4.3.

4.4 <u>Resignation of Oversight Committee Member</u>. As provided in Section 6.13 of the Plan member of the Oversight Committee may resign by giving not less than thirty (30) calendar days prior written notice thereof to the other members of the Oversight Committee. Such resignation shall become effective on the later to occur of; (i) the day specified in such notice; or (ii) the appointment of a successor Oversight Committee Member by the other members of the Oversight Committee and the acceptance by such successor Oversight Committee member of such appointment.

4.5    Conflict of Interest. With respect to any Estate cause of action, Claim, transaction or other matter directly or indirectly involving any member of the Oversight Committee, such member(s) shall recuse himself or herself from any decision affecting such litigation, transaction or other matter. The Liquidating Trustee may seek recusal of any member of the Oversight Committee by agreement with a majority of the remaining members of the Oversight Committee.

4.6    Appointment of Successor Oversight Committee Member upon Removal, Resignation, or Incapacity.  If an Oversight Committee member is removed pursuant to Section 4.3 hereof, resigns pursuant to Section 4.4 hereof, is recused pursuant to Section 4.5 hereof or otherwise is incapable of serving as an Oversight Committee Member, a successor Oversight Committee member shall be appointed by the other members of the Oversight Committee in accord with the provisions of Section 4.4.

4.7    Acceptance of Appointment by Successor Steering Committee Member.  Any successor Oversight Committee member appointed hereunder shall execute an instrument accepting such appointment hereunder and shall deliver such acceptance to the Liquidating Trustee.  Thereupon, such successor Oversight Committee member shall, without any further act, become vested with all the rights, powers, duties and obligations of its predecessor in the Oversight Committee with like effect as if originally named herein.

# ARTICLE 5
## SUCCESSOR LIQUIDATING TRUSTEE

5.1    Appointment, Resignation, and Removal of Liquidating Trustee; Appointment of Successor Liquidating Trustee.  The provisions of Section 6.6.1 of the Plan shall govern the appointment, resignation, and removal of the Liquidating Trustee, as well as the appointment of a successor Liquidating Trustee.  If a successor Liquidating Trustee is not appointed or does not accept his or her appointment within thirty (30) calendar days following delivery of a notice of resignation of the Liquidating Trustee, the Oversight Committee may petition the Bankruptcy Court or any court of competent jurisdiction for the appointment of a successor Liquidating Trustee.  No successor Liquidating Trustee shall in any event have any liability or responsibility for the acts or omissions of any of his or her predecessors. Any successor Liquidating Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so.

5.2    Acceptance of Appointment by Successor Liquidating Trustee.  Every successor Liquidating Trustee shall execute, acknowledge and file with the Bankruptcy Court or other court of competent jurisdiction an instrument in writing accepting such appointment hereunder, and thereupon such successor Liquidating Trustee, without any further act, shall become fully vested with all of the rights, powers, duties and obligations of his or her predecessor with like effect as if originally named herein; provided, however, that a removed, incapacitated, or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the rights, powers, duties and obligations of the Liquidating Trustee.

## ARTICLE 6
## REPORTS TO HOLDERS OF LIQUIDATING TRUST INTERESTS

6.1     Securities Laws.  Under section 1145 of the Bankruptcy Code, the issuance of Liquidating Trust Interests under the Plan shall be exempt from registration under the Securities Act of 1933 and applicable state and local laws requiring registration of securities.  If the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with such reporting requirements and file periodic reports with the Securities and Exchange Commission.

## ARTICLE 7
## TERMINATION OF LIQUIDATING TRUST

7.1     Termination of Liquidating Trust.  The Liquidating Trustee shall be discharged of its duties, and the Liquidating Trust and shall be dissolved and terminated on the date on which both if (a) the Bankruptcy Court has entered a Final Order closing the Bankruptcy Case pursuant to section 350 of the Bankruptcy Code and (b) the Liquidating Trustee has administered all of the Liquidating Trust Assets and performed all other duties required by the Plan and this Agreement.

7.2     Initial Term. If, after five (5) years from the Effective Date of the Plan, the dissolution and termination of the Liquidating Trust has not occurred pursuant to Section 7.1 of the Agreement, and the Liquidating Trustee determines that the facts and circumstances necessitate an extension of the duration of the Liquidating Trust in order to effectuate its purpose, the Liquidating Trust may be extended for a finite term pursuant to the applicable terms of Section 6.5.4 of the Plan.

7.3     Limitation on Duration.  The Liquidating Trustee shall not unduly prolong the duration of the Liquidating Trust and shall endeavor in good faith to resolve, settle or otherwise dispose of the Liquidating Trust Assets and to effect the distribution of the Liquidating Trust Assets to the holders of Liquidating Trust Interests in accordance with the terms hereof and terminate the Liquidating Trust as soon as reasonably practicable.  Prior to and upon dissolution and termination of the Liquidating Trust, the Liquidating Trust Assets shall be distributed to the holders of Liquidating Trust Interests.

## ARTICLE 8
## AMENDMENT AND WAIVER

8.1     Amendment and Waiver.  Any substantive provision of this Agreement may be amended or waived by the Liquidating Trustee with the majority approval of the Oversight Committee or the approval of the Bankruptcy Court.  Technical amendments to this Agreement may be made, as necessary to clarify this Agreement or enable the Liquidating Trustee to effectuate the terms of this Agreement, by the Liquidating Trustee, upon prior written notice to the Oversight Committee.  Notwithstanding this Section 8.1, any amendments to this Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in a

Case: 18-31087     Doc# 295     Filed: 11/07/19     Entered: 11/07/19 12:16:46     Page 134 of 139

reasonable and orderly manner the Liquidating Trust Assets in accordance with Treasury Regulations Section 301.7701-4(d) and the Plan.

# ARTICLE 9
## MISCELLANEOUS PROVISIONS

9.1     <u>Intention of Parties to Establish Liquidating Trust</u>.  This Agreement is intended to create a liquidating trust that shall be treated as a grantor trust with respect to the interests held by the Beneficiaries for federal and state income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust, and any ambiguity herein shall be construed consistent herewith and, if necessary, this Agreement may be amended to comply with such federal and/or state income tax laws, which amendments may be made to apply retroactively.

9.2     <u>Preservation of Privilege and Defenses</u>.  In connection with the assets, rights, Claims, and Estate causes of action that constitute the Liquidating Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) relating to the same shall vest exclusively in the Liquidating Trustee and its representatives, and the Liquidating Trustee is authorized to take all necessary actions to effectuate the transfer of such privileges and available defenses.

9.3     <u>Cooperation</u>.  The Debtor shall provide the Liquidating Trustee with copies of any books and records pertaining to the Liquidating Trust Assets as the Liquidating Trustee shall reasonably require for the purpose of performing its duties and exercising its powers hereunder.

9.4     <u>Laws as to Construction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to rules governing the conflict of laws.

9.5     <u>Jurisdiction</u>.  The Bankruptcy Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Agreement.

9.6     <u>Severability</u>.  If any provision of this Agreement or the application thereof to any Person or Entity or circumstance shall be finally determined by the Bankruptcy Court or other court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons or Entities or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

9.7     <u>Notices</u>.  Any notice or other communication hereunder or pursuant to the Plan shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if in compliance with Section 11.7 of the Plan, addressed as follows (provided, however, that only one notice or other communication hereunder need be sent to holders sharing the same address):

> If to the holders of Liquidating Trust Interests, to their names and respective addresses set forth on the register or records maintained by the Liquidating Trustee.

If to the Liquidating Trustee or the Liquidating Trust, to:

Sedgwick Liquidating Trust
c/o _____
_____
_____
_____

*with a copy to*:
_____
_____
_____
_____

If to the Debtor, to:

Sedgwick LLP (in dissolution)
2646 Dupont Drive, Suite 60 #503
Irvine, CA 92612
Attn: Curtis D. Parvin

*with a copy to*:

Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Attention: John W. Lucas

If to the Oversight Committee, to:
_____
_____
_____
_____

*with a copy to*:
_____
_____
_____
_____

If to the Committee, to:

Official Committee of Unsecured Creditors
Attn : _____
_____
_____
_____

Case: 18-31087    Doc# 295    Filed: 11/07/19    Entered: 11/07/19 12:16:46    Page 136
of 139

> *with a copy to*:
> Sheppard, Mullin, Richter & Hampton, LLP
> Attn : Michael M. Lauter, Esq.
> 4 Embarcadero Center, 17th Floor
> San Francisco, CA 94111
> Fax: (415) 403-6071
> mlauter@sheppardmullin.com

9.8    <u>Interpretation</u>.  The "Rules of Interpretation" set forth in Section II.B of the Plan shall apply to this Agreement.

9.9    <u>Savings Clause</u>.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court or other court of competent jurisdiction, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

9.10    <u>Successors</u>.  This Agreement shall bind an inure to the benefit of the parties hereto and their respective successors and assigns.

9.11    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

9.12    <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

9.13    <u>Entire Agreement</u>.  This Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter. Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person or Entity other than the parties hereto, the Oversight Committee, and the Beneficiaries any rights or remedies under or by reason of this Agreement.

9.14    <u>Relationship to the Plan</u>.  The principal purpose of this Agreement is to aid in the implementation of the Plan, and therefore the Plan is hereby incorporated into this Agreement. To that end, the Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan and this Agreement.  If any provisions of this Agreement are found to be inconsistent with the provisions of the Plan, the provisions of the Plan shall control. The Plan and Confirmation Order are each hereby incorporated into this Agreement and made part hereof by this reference.

9.15    <u>Effective Date</u>.  This Agreement shall become effective as of the Effective Date of the Plan.

-17-

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers, all as of the Effective Date.

SEDGWICK LLP


By:_____
Name: Curtis D. Parvin
Title:  Dissolution Committee Chair

LIQUIDATING TRUSTEE


By:_____
Name:
Title:

OFFICIAL COMMITTEE OF UNSECURED CREDITORS


By:_____
Name:
Title:

DOCS_SF:102088.2 77998/002

Liquidating Trust Agreement

**<u>EXHIBIT A</u>**

INITIAL MEMBERS OF THE OVERSIGHT COMMITTEE

DOCS_SF:102088.2 77998/002