Lorna Walker    #154724
The Law Offices of
  SWEET & WALKER, P.C.
2380 Junipero Serra Boulevard, Suite B
Daly City, California 94015
Phone (415) 334-1600  Fax (415) 334-0855
Email:  mail@sweetwalker.com

Attorney for
TROY D. MCMAHAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In Re:

SEDGWICK, LLP,

           Debtor.

NO. 18-31087 (HLB)

OBJECTION TO JOINT PLAN OF LIQUIDATIONS OF SEDGWICK, LLP

HON. HANNAH L. BLUMENSTIEL, JUDGE
DATE: January 30, 2020
TIME: 10:00 a.m.
DEPT: 19

Objection to Joint Plan of Liquidation Of Sedgwick, LLP
Case No. 18-31087 (HLB)

**TABLE OF CONTENTS**

I. INTRODUCTION.................................................... 1

II. ARGUMENT ...................................................... 2

   A. CCP SECTION 877.6 IS INAPPLICABLE TO THE POTENTIAL CLAIMS.... 2

   B. EVEN ASSUMING, *ARGUENDO*, THAT CCP SECTION 877.6 IS APPLICABLE, DEBTOR FAILS TO SHOW THE PROPOSED SETTLEMENT MEETS THE GOOD FAITH REQUIREMENTS OF CCP 877.6 OR RULE 9019................. 3

   C. THE DEBTOR HAS FAILED TO COMPLY WITH CCP 877.6 REQUIREMENTS.. 4

   D. THE DEBTOR FAILED TO SHOW THE PLAN TREATS CLASS 3 MEMBERS FAIRLY AND EQUITABLY......................................... 5

   E. THE DEBTOR FAILED TO INVESTIGATE ALL CLAIMS.................. 6

   F. THE DEBTOR FAILED TO SUPPORT ITS LIQUIDATION ANALYSIS ....... 6

III. CONCLUSION.................................................... 8

PLEASE TAKE NOTICE that Troy D. McMahan ("MCMAHAN"), who has been classified as a Class 3 Interest Holder claim[1] and Non-Settling Partner by the Debtor, hereby objects to the Joint Plan of Liquidation of Sedgwick, LLP (the "Plan") on the following grounds:

## I.

## INTRODUCTION

Sedgwick, LLP's (the "Debtor") proposed Plan seeks to bar Non-Settling Former Partners from "commencing any and all past, present, or future Claims or causes of actions and from asserting any and all allegations of liability or damages, of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, whether or not based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), against a Settling Former Partner in any way, based on, relating to, or arising from, their prior relationship and duties and responsibilities under the Partnership Agreement." (*See* Plan, pp. 44:23-28 – 45:1-2.) Debtor alleges that such Plan provision is authorized under Bankruptcy Rule ("Rule") 9019 and California Code of Civil Procedure ("CCP") Section 877.6. However, CCP Section 877.6 is not applicable to the facts of this case. Moreover, even assuming, *arguendo,* that it is applicable, Debtor fails to show that

---

[1] As a Class 3 claim, MCMAHAN is deemed to reject the Plan. (*See* Disclosure Statement in Support of Joint Plan of Liquidation of Sedgwick LLP (Doc. No. 296).)

Objection to Joint Plan of Liquidation Of Sedgwick, LLP
Case No. 18-31087 (HLB)                                                                 1

this proposed settlement meets the good faith requirements mandated under this section and Rule 9019 and fails to comply with the procedural requirements of CCP 877.6.

MCMAHAN further objects to the proposed Plan on the grounds that Debtor's Liquidation Analysis is unsupported by any facts and the Plan fails to meet the statutory fairness requirements of Section 1129 of the Bankruptcy Code.

## II.

## ARGUMENT

**A. CCP SECTION 877.6 IS INAPPLICABLE TO THE POTENTIAL CLAIMS.**

CCP Section 877.6 provides that:

(a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, upon giving notice in the manner provided in subdivision (b) of Section 1005. . . .
(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor *for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.*
(emphasis added)

Here, there is no allegation that any Settling Former Partner is a <u>joint</u> tortfeasor or <u>co-obligor</u> on a contract debt with any other Former Settling Partner, let alone the Non-Settling Former Partners. Rather, all former partners are separately liable for their individual obligations, and only to the extent of their interest in the limited partnership. Moreover, CCP Section 877.6(c)

specifically limits the preclusion of claims to indemnification or contribution among the <u>joint</u> obligors based on comparative fault or comparative negligence. Despite this restriction, Debtor seeks to extinguish *any and all* claims against the Settling Former Partners, even claims of gross negligence, fraud, and breach of fiduciary duty. The Debtor's effort to expand the protections provided under CCP Section 877.6 should not be condoned since it contrary to the specific language of the statute and lacks legal authority.

**B. EVEN ASSUMING, *ARGUENDO,* THAT CCP SECTION 877.6 IS APPLICABLE, DEBTOR FAILS TO SHOW THE PROPOSED SETTLEMENT MEETS THE GOOD FAITH REQUIREMENTS OF CCP 877.6 OR RULE 9019.**

Debtor alleges in its Plan that the proposed settlement with a number of former partners is "reasonable." However, the Debtor fails to set forth each Settling Former Partner's potential liability or contribution to the settlement and has refused to provide such information to MCMAHAN. As set forth above, and as admitted by the Debtor, each Settling Former Partner's liability must be calculated separately and apart from any other Settling Former Partner based upon their ownership interest during the relevant time period. Although the Debtor claims to have calculated each Settling Former Partner's potential liability and contribution, it fails to disclose this information in the Plan or the Disclosure Statement. Without a full disclosure of each Settling Former Partner's individual contribution and potential risk of all claims, plus an allocation to those claims, neither MCMAHAN nor this Court can properly evaluate whether the proposed settlement is reasonable

under either CCP 877.6 or Rule 9019. (*See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.* (1985) 38 Cal. 3d 488, 499 (factors that a court should consider in ruling whether there is a good faith settlement is the plaintiff's potential recovery, the settling party's potential liability, and the amount paid in settlement); *see also A&C Properties* (9th Cir. 1986) 784 F.2d 1377, 1381 (setting forth four factors a court should consider in determining whether a settlement is fair and equitable.)

The Debtor further alleges that it has investigated all potential claims against the Settling Former Partners, including potential breach of fiduciary duty claims, but does not believe any such claims exist. However, it fails to explain what steps were taken to investigate these potential claims or why it believes these claims do not exist. Moreover, it does not even address the potential liability that the Settling Former Partners have to the Non-Settling Former Partners. Until the Debtor discloses all facts to show the proposed settlement is reasonable under the circumstances, confirmation of any Plan is unwarranted.

**C. THE DEBTOR HAS FAILED TO COMPLY WITH CCP 877.6 REQUIREMENTS.**

CCP Section 877.6(a)(2) provides that, in lieu of a noticed motion, a party may apply for determination of good faith settlement after providing notice. Here, Debtor originally filed a motion seeking an order approving the proposed settlement agreement and releasing all claims of the Settling Former Partners; however, it withdrew this motion after receiving an opposition from another Non-

Settling Former Partner. (*See* Opposition to Debtor's Motion for Order Approving the Compromise of a Controversy Among the Debtor and Certain Former Equity Partners of the Debtor (Document No. 276); Notice of Withdrawal, Without Prejudice, of Motion For Order Approving the Compromise of a Controversy Among the Debtor and Certain Former Equity Partners of the Debtor (Document No. 280).) It now seeks to obtain the CCP Section 877.6 release through its application for confirmation of the Plan, rather than by noticed motion. However, the Debtor failed to indicate "the basis, terms, and amount of the settlement" for each Settling Former Partner in either the Plan or the Disclosure Statement, which is required under CCP Section 877.6(a)(2). Accordingly, the Plan should not be confirmed until the Debtor complies with the statutory requirements of CCP Section 877.6 and provides all information regarding the basis, terms, and amount each Settling Former Partner is paying.

### D. THE DEBTOR FAILED TO SHOW THE PLAN TREATS CLASS 3 MEMBERS FAIRLY AND EQUITABLY.

Debtor has failed to show that "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired." (11 U.S.C. § 1129.) MCMAHAN has been informed, and believes, that at least two of the Settling Former Partners, who were "under-capitalized" at the time of the dissolution (a class that Debtor alleges MCMAHAN falls within), are receiving a discount/reduction of the asserted under-capitalized claims by as much as 70%; however, the Debtor has failed to set

Objection to Joint Plan of Liquidation Of Sedgwick, LLP
Case No. 18-31087 (HLB) 5

forth any reason why those Settling Former Partners are receiving this significant discount or why those funds (which are believed to be approximately $200,000.00) are not being contributed to the estate. Moreover, the Debtor has not offered a similar reduction of its "under-capitalized" claim against other similarly classified partners, such as MCMAHAN, or explained why it is treating similarly classified members differently. Given these facts, the Debtor's proposal is tantamount to disparate treatment, which is inequitable and unreasonable, and appears to place the interests of the Settling Former Partners over the best interest of the estate, especially since the Settling Former Partners include the Debtor's responsible individuals.[2] Given that the Debtor has failed to show the proposed settlement is fair, equitable, or reasonable, the Plan should not be confirmed.

### E. THE DEBTOR FAILED TO INVESTIGATE ALL CLAIMS.

The Debtor claims in its moving papers that it "does not believe" that the firm has additional claims against the Settling Former Partners, including breaches of fiduciary duty claims. Yet, even though it has not investigated such claims, the Debtor is attempting to release <u>all</u> claims against the Settling Former Partners, including the prior executive committee members and the dissolution committee members who had, and continue to have, a

---

[2] Releasing the responsible individuals appears to be a direct conflict of interest since these individuals presumably approved the proposed settlement. MCMAHAN also questions why the Debtor's counsel appears to be representing the Settling Former Partners in this matter.

Objection to Joint Plan of Liquidation Of Sedgwick, LLP
Case No. 18-31087 (HLB)

6

fiduciary responsibility to the Debtor. The Debtor should not be allowed to release such claims without conducting a full investigation into the viability of, and potential recovery from, these claims since they could result in more money to the estate. The Debtor should only be allowed to release those claims for which payment is made, *i.e.*, the clawback claims.

**F. THE DEBTOR FAILS TO SUPPORT ITS LIQUIDATION ANALYSIS.**

In its liquidation analysis, the Debtor claims that it would incur additional costs should the case be converted to a Chapter 7, and that its potential recovery will decrease. For example, the Debtor alleges its litigation expenses will increase to $800,000 should the case be converted and that it would only recover $2,000,000 in clawbacks, rather than $2,604,000. However, the Debtor fails to explain the basis for these allegations. There is no evidence that the Settling Former Partners would not agree to pay the settlement amount to a Chapter 7 Trustee, which would negate the $350,000 litigation costs, or any explanation why the contingent counsel fees would rise to 40% of the amount recovered, rather than remain at the 35% rate under the Chapter 11. The Debtor also fails to explain the basis for the $350,000 "Trustee Professionals – Chapter 7," fails to set forth the rates that will be charged by the Liquidating Trustee, and fails to explain the basis for alleging the Liquidating Trustee's costs and fees will be $550,000.

Given these facts, along with the disparate treatment of the member class and the possible conflict of interest of some Settling

Objection to Joint Plan of Liquidation Of Sedgwick, LLP
Case No. 18-31087 (HLB)                                                                                      7

Former Partners, MCMAHAN believes that an independent Chapter 7 Trustee would be in the best position to evaluate each Settling Former Partners' settlement contribution and determine whether it is a reasonable amount in comparison to their individual potential liability. MCMAHAN further believes that a Chapter 7 Trustee could liquidate the assets for a lessor fee than a Liquidating Trustee.

Thus, unless Debtor provides support for its allegations, it appears a Chapter 7 conversion may be a better option.

## III.

## CONCLUSION

The Debtor fails to provide any legal authority to support the Plan's provision to bar the Non-Settling Former Partners' potential claims against the non-bankrupt Settling Former Partners and provide them with a full release of all claims, despite the fact they are only settling clawback claims. The Debtor further fails to show that the proposed settlement agreement is fair or reasonable given the disparate treatment of similarly classified members. Last, the Debtor fails to factually support its Liquidation Analysis or show that it would not be more beneficial to convert the case to a Chapter 7. For these reasons, MCMAHAN respectfully requests that this Court sustain his objections and not confirm the Plan.

Dated: January 16, 2020         Respectfully submitted,

                                          SWEET & WALKER PC

                                          */s/ Lorna Walker*
                                          Lorna Walker
                                          Attorney for TROY D. McMAHAN