

John W. Lucas (CA Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone:    415.263.7000
Facsimile:    415.263.7010
Email:        jlucas@pszjlaw.com

Attorneys for Sedgwick, LLP

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Alan M. Feld, Cal. Bar No. 155345
Michael M. Lauter, Cal. Bar No. 246048
Shadi Farzan, Cal. Bar No. 301610
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        afeld@sheppardmullin.com
              mlauter@sheppardmullin.com
              sfarzan@sheppardmullin.com

Attorneys for the Official Committee
of Unsecured Creditors

Signed and Filed: February 7, 2020

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**SEDGWICK, LLP**,<br><br>              Debtor. | Case No.: 18-31087 (HLB)<br><br>Chapter 11<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER PURSUANT TO SECTION 1129(A) AND (B) OF THE BANKRUPTCY CODE CONFIRMING THE AMENDED JOINT PLAN OF LIQUIDATION OF SEDGWICK, LLP**<br><br>**Confirmation Hearing**<br>Date: January 30, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: U.S. Bankruptcy Court<br>        450 Golden Gate Avenue, Courtroom 19<br>        San Francisco, CA<br>Judge: Hon. Hannah L. Blumenstiel |

Sedgwick LLP, the above-referenced debtor and debtor in possession, together with the Official Committee of Unsecured Creditors (the "**Committee**"), filed the *Disclosure Statement in Support of Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 314] (the "**Disclosure Statement**") in support of the *Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 313] ("**Original Plan**"); and on December 13, 2019, the Court entered the *Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of the Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes on Plan, (IV) Scheduling Hearing on Confirmation of Plan, and (V) Approving Related Matters* [Docket No. 310] (the "**Solicitation Procedures Order**") approving the Disclosure Statement and approving the procedures regarding the solicitation of the Original Plan and notice of the confirmation hearing and the certificates of service therefor [Docket Nos. 317, 318, 319, and 320]; and upon the *Declaration of Gregory C. Read in Support of Confirmation of Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 337] (the "**Read Declaration**"); and upon the *Declaration of Kyle Everett in Support of Confirmation of Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 338] (the "**Everett Declaration**"); and upon the *Declaration of Patricia Jeffries Certifying Voting on Joint Plan of Liquidation of Sedgwick, LLP* [Docket No. 334] (the "**Jeffries Declaration**" or the "**Ballot Tabulation**"); and upon the *Memorandum of Points and Authorities in Support of Confirmation of the Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 336] (the "**Confirmation Brief**"); and upon the *Stipulation Regarding Amendment to Joint Chapter 11 Plan in Resolution of Objection Thereto* [Docket No. 327] (the "**Stipulation**"); and upon the *Declaration of John W. Lucas in Support of Stipulation Regarding Amendment to Joint Chapter 11 Plan in Resolution of Objection Thereto* [Docket No. 330] (the "**Lucas Declaration**"); and upon the *Order Approving the Stipulation Regarding Amendment to Joint Chapter 11 Plan in Resolution of Objection Thereto* [Docket No. 332]; upon the *Objection to Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 328] (the "**McMahan Objection**"); and upon the *Amended Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 344] (the "**Plan**"), which reflects the changes agreed to in the Stipulation; and upon arguments of counsel at the January 30, 2020 hearing on confirmation of the Plan (the "**Confirmation Hearing**"); and the Court having made certain findings of fact and conclusions of

law, and such findings and conclusions will be deemed to be incorporated herein in their entirety; and

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

A.  <u>Findings of Fact and Conclusions of Law</u>.  The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  <u>Venue and Jurisdiction</u>.  The Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. The Debtor was, and is, qualified to be a debtor under section 109 of the Bankruptcy Code. Pursuant to section 1408 of Title 28 of the United States Code, venue of this chapter 11 case in the United States District Court for the Northern District of California was proper as of the Petition Date and remains proper.

C.  <u>Objection to the Plan</u>.  The Court concludes that the McMahan Objection is moot, in part, as a result of the Stipulation and the corresponding changes to the Plan and that the balance of the McMahan Objection should be overruled for the reasons the Bankruptcy Court articulated on the record at the Confirmation Hearing.

D.  <u>Transmittal and Mailing of Solicitation Materials; Notice</u>.  As reflected on the Court's docket [Docket Nos. 317, 318, 319, and 320] and in the Confirmation Brief, adequate and sufficient notice of the Confirmation Hearing and all other related dates and deadlines has been given and no other or further notice is, or shall be, required.

E.  <u>Approval of Plan Modifications</u>.  The modifications to the Plan as a result of the Stipulation and as reflected Plan and in the *Notice of Blackline of the Joint Plan of Liquidation of Sedgwick LLP* [Docket No. 335], the modifications reflected in the foregoing cause no material or adverse effect or change to the treatment of any Claim against, or Interest in, the Debtor and such changes were the result of consent among the affected parties.  Pursuant to section 1127(b) of the

1 Bankruptcy Code and Bankruptcy Rule 3019, there is no basis to require additional disclosure of such modifications to the Plan. Accordingly, the Plan (as modified and restated) is properly before the Court.

F. <u>Good Faith Negotiation, Implementation and Consummation</u>. The Debtor and the Committee (and, as applicable, each of their respective representatives), and the Debtor, Committee, and the Settling Former Partners insofar as the Former Partner Settlement Agreement, participated in good faith in negotiating at arms' length regarding the Plan and related documents. In making this determination, the Court has examined, among other items, the totality of circumstances surrounding the filing of this chapter 11 case, the record of the chapter 11 case, the negotiation among the Debtor, Committee, and Settling Former Partners, and all related pleadings, exhibits, statements, and comments regarding Confirmation.

G. <u>Good Faith and Section 1125(e) of the Bankruptcy Code</u>. The Plan Proponents and their representatives have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Solicitation Procedures Order with respect to the transmittal of all materials relating to the Original Plan and Plan. As such, the Plan Proponents and their representatives are both entitled to the benefits and protections of section 1125(e) of the Bankruptcy Code.

H. <u>Compliance with the Requirements of Section 1129 of the Bankruptcy Code</u>. The Plan Proponents have the burden of proving the elements of Section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. Based upon the Read Declaration, Everett Declaration, Ballot Tabulation, Stipulation, Lucas Declaration, Confirmation Brief, and any evidence submitted at the Confirmation Hearing along with any arguments in support, the Plan Proponents have met such burden.

I. <u>Section 1129(d) of the Bankruptcy Code - Purpose of Plan</u>. The principal purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act, and there has been no request filed by any governmental unit to the contrary.

J.  **Satisfaction of Conditions to Confirmation**.  Each of the conditions precedent to the confirmation of the Plan under Section 8.1 of the Plan have been satisfied or duly waived in accordance with the terms of the Plan.

K.  **Former Partner Settlement Agreement**.  For the reasons set forth in the Confirmation Brief and on the record of the Confirmation Hearing, the Former Partner Settlement Agreement satisfies the necessary requirements under *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

**GENERAL PROVISIONS REGARDING CONFIRMATION
OF THE PLAN AND APPROVAL OF PLAN-RELATED DOCUMENTS**

1.  **Approval of Plan Modifications**.  Pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, the modifications to the Plan as a result of the Stipulation cause no material or adverse effect or change to the treatment of any Claim against, or Interest in, the Debtor. Pursuant to section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019, there is no basis to require additional disclosure of the modifications to the Plan. Accordingly, the Plan (as modified and restated) is properly before the Court.

2.  **Confirmation of the Plan**.  Pursuant to Section 1129 of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan, the Former Partner Settlement Agreement, and any exhibits thereto and all documents included as part of the Plan, including any exhibits to such documents (whether or not specifically referenced herein), are APPROVED in each and every respect.  The Plan's terms are incorporated herein by reference, are non-severable and are an integral part of this Confirmation Order.

3.  **Effects of Confirmation**.  In accordance with Section 1141(a) of the Bankruptcy Code and immediately upon the entry of this Confirmation Order and occurrence of the Effective Date, the terms of the Plan and this Confirmation Order will be binding upon all entities and, to the extent applicable, their respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, including, without limitation, (i) the Debtors and holders of Claims or Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests are deemed

to have accepted or rejected the Plan or will receive a distribution under the Plan); (ii) non-Debtor parties to Executory Contracts or Unexpired Leases with the Debtor; and (iii) entities that are parties to, or are subject to, any settlements, compromises, releases, waivers, and injunctions described in this Confirmation Order or the Plan.

4. <u>Implementation of Former Partner Settlement Agreement</u>. In recognition of the material economic contribution made by the Former Partner Settlement Payments made by each of the Settling Former Partners in substantially funding this Plan and the Liquidating Trust, upon the Effective Date, all Non-Settling Partners are barred from commencing or continuing any and all past, present or future Claims or causes of action and from asserting any and all allegations of liability or damages, of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, whether or not based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), against a Settling Former Partner in any way based on, relating to, or arising from, their prior relationship and duties and responsibilities under the Partnership Agreement. For the avoidance of doubt, the benefits under this Paragraph 4, and under Section 9.4 of the Plan, for each Settling Former Partner shall be contingent upon each such Settling Partner tendering his or her share of the Former Partner Settlement Payment.

5. <u>Corporate Action</u>.  Pursuant to section 1142 of the Bankruptcy Code, the entry of the Confirmation Order shall constitute authorization for the Plan Proponents to take or cause to be taken all corporate actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on and after the Effective Date.

**APPROVAL OF EXECUTORY CONTRACT
PROVISIONS AND RELATED PROCEDURES**

6. The executory contract provisions of Article VII of the Plan is APPROVED.  This Confirmation Order will constitute an order of the Bankruptcy Court under sections 365 and 1123(b) of the Bankruptcy Code approving the rejection of all such executory contracts of the Debtor that were not previously rejected, assumed, or assumed and assigned and the notices therefor, each as of

the Effective Date.  Unless otherwise indicated, all rejections of executory contracts and unexpired leases in the Plan will be effective as of the Effective Date.

**OBJECTIONS TO CONFIRMATION**

7. <u>Objections to Confirmation Overruled</u>.  The McMahan Objection is OVERRULED for the reasons set forth on the record at the Confirmation Hearing and this Confirmation Order.

**OTHER PLAN RELATED MATTERS**

8. <u>Rights in Subsequent Proceedings</u>.  Subject to the exculpations in Section 9.5 of the Plan, the releases set forth in the Former Partner Settlement Agreement, and the Exculpated Parties but only to the extent of their Exculpation under the Plan, confirmation of the Plan, the Retained Claims and Defenses, and/or settlement pursuant to the Plan are without prejudice to the Liquidating Trustee's right to bring any other Claim of any type in a second proceeding against the creditor or party in interest impacted by the Plan in any way, including but not limited to the right to bring a subsequent lawsuit, claim objection or adversary action for affirmative or injunctive relief in law or in equity.

9. <u>Retention of Jurisdiction by the Bankruptcy Court</u>.  Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, pursuant to Article X of the Plan, the Court retains exclusive jurisdiction over the chapter 11 case and any matter related to the chapter 11 cases after the Effective Date as is legally permissible.

10. <u>Conflict Between Plan and Confirmation Order</u>.  If there is any direct conflict between the terms of the Plan and the Confirmation Order, the terms of the Plan shall control.

11. <u>Service of Notice of the Confirmation Order</u>.  Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtor is directed to serve, within three (3) business days after the occurrence of the Effective Date, a notice of the entry of this Confirmation Order, which shall include notice of the bar dates established by the Plan and this Confirmation Order and notice of the Effective Date.

**\*\* END OF ORDER \*\***

**COURT SERVCE LIST**